eFiled
4/6/2026 6:07:51 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Larin Connor**<br>4455 Connecticut Ave NW #933<br>Washington DC 20008<br><br>    Plaintiff<br><br>v.<br><br>**James Neher**<br>**Nancy Neher**<br>Individually and as Trustees of the<br>James & Nancy Neher Living Trust<br>1806 Merrifields Dr<br>Silver Spring, MD 20906<br><br>**James & Nancy Neher Living Trust**<br>1806 Merrifields Dr<br>Silver Springs, MD 20906<br><br>    Defendants. | Case No.: 2026-CAB-002111<br><br>Action Involving Real Property<br><br>Next Event: 07/24/2026 at 9:30 am<br>Remote Initial Scheduling Conference<br><br><br>Judge Veronica M. Sanchez |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Larin Connor ("Mr. Connor"), by and through his attorney, Lucrecia P. Johnson, Esq., and LPJ Legal, PLLC, respectfully moves this Court, pursuant to Super. Ct. Civ. R. 65 for a Preliminary Injunction Enjoining the Defendants from selling, transferring, encumbering, or otherwise disposing of any interest in the Real property located at 2315 Green Street SE, Washington, DC (the "property") pending the final resolution of this Action.  In support, Plaintiff states as follows:

**STATEMENT OF FACTS**

On or about July 3, 2025, Plaintiff and Defendants executed a written sales contract for the purchase and sale of the Property located at 2315 Green Street SE, Washington, DC 20020. *See Exhibit A*.  The Property is an income-producing four-unit building. At the time of contracting,

three of the four units were occupied by tenants generating approximately $4,000 per month in rent. The agreed purchase price was $660,000. Plaintiff paid the required earnest-money deposit of $2,000 and agreed to make a 25% down payment at closing. The contract called for settlement on August 29, 2025. It also contains a District of Columbia jurisdictional addendum, a prevailing-party fee provision, and a clause stating that the agreement is governed by the law of the jurisdiction where the Property is located.

A Seller Financing Addendum was executed as part of the parties' agreement. The addendum provided that only the paragraphs that were checked and initialed will be made part of the sales contract. The only checked and initialed paragraph in the Seller Financing Addendum is Paragraph 1, which states that the Seller will take back a deferred purchase money loan in the amount of $495,000, which shall bear interest at the rate of five (5) % per annum and be payable no later than five (5) years. The loan was to be evidenced and secured by a standard Fannie Mae and Freddie Mac (hereinafter "FNMA/FHLMC") note and a deed of trust encumbering the property, which shall provide for a 5% late charge of any monthly installment not received within 15 days after the same is due, and a 50% commission payable to the trustees in the event of foreclosure. The monthly installments will be $2,062.50.

After executing the contract and addendum, Defendants provided Plaintiff with a promissory note (the "Note") in August 2025. The promissory note materially departed from the financing terms the parties agreed to in writing. The Note was not a standard FNMA/FHLMC note, as standard FNMA/FHLMC notes do not include confessed judgment provisions. The Note also imposed a 10% late charge after 5 days, in direct contradiction to the written financial addendum's 5% charge after 15 days. Lastly, the note included a Maryland choice-of-law provision, which was inconsistent with the parties' jurisdiction addendum for D.C.

2

Plaintiff promptly objected to the Note and asked Defendants to revise the Note so it conformed to the contract and applicable District of Columbia law. Defendants refused. Settlement therefore did not occur as scheduled, not because Plaintiff was unwilling to close, but because Defendants refused to perform on the financing terms they had agreed to provide.

Plaintiff remains ready, willing, and able to perform. He has the required down payment set aside, he has paid the deposit, and he is prepared to proceed to closing upon delivery of lawful and conforming financing documents.

## LEGAL STANDARD

Pursuant to Super. Ct. Civ. R. 65 covers the issuance of Preliminary Injunctions. 65(a) states that the Court may issue a preliminary injunction upon notice to the opposing party. The decision to grant a preliminary injunction is at the discretion of the trial court. *Stamenich v. Markovic*, 462 A.2d 452, 456 (D.C. 1983)

> "A proper exercise of discretion requires the trial court to consider whether the moving party has clearly demonstrated (1) that there is a substantial likelihood he [or she] will prevail on the merits; (2) that he [or she] is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him [or her] from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order."

*In re Estate of Reilly*, 933 A.2d 830, 834 (D.C. 2007).

## ARGUMENT

### 1)  Plaintiff Is Substantially Likely To Prevail On The Merits

Plaintiff filed a complaint seeking specific performance by Defendants, among other requested relief, for their breach of contract, and other improper actions taken against Plaintiff. Defendants have violated both their promises to Plaintiff and the District of Columbia law in several ways. First, the complaint alleges that Defendants breached a valid and enforceable

contract that was supported by consideration. The Contract is attached to the complaint, identifies the parties, the property, the purchase price, the terms, and the consideration. The Seller Financing Addendum expressly states that checked and initialed provisions become part of the sales contract and supersede inconsistent provisions. The only checked and initialed paragraph sets out the operative financing terms in detail.

Defendants materially breached the contract by refusing to honor the seller financing addendum as written and by conditioning performance upon Plaintiff's acceptance of a promissory note containing materially different and predatory terms.

Plaintiff performed according to the Contract and remains ready, willing, and able to perform. Plaintiff has paid the deposit and has the required down payment ready for closing once the Defendants provide documents that comply with the sales agreement.   Due to the nature and subject of the contract, money damages will be inadequate or impracticable because land is the subject matter of the agreement. *Flack v. Laster*, 417 A.2d 393, 40 (D.C. 1980). The court in *Flack* affirmed specific performance of a land sales contract where the purchaser was ready, willing, and able to perform and the seller sought to avoid the agreed sale. Flack v. Laster, 417 A. 2d 393, 400-01 (D.C. 1980).   Here, Plaintiff has shown a substantial case on the merits for a breach of contract and specific performance.

Plaintiff has also shown a substantial case on the merits for the claim of promissory estoppel. Under District of Columbia law, to hold a party liable under promissory estoppel, there must be a promise which reasonably induces reliance to the promise's detriment, and injustice is avoidable only by enforcement. *Howard Univ. v. Good Food Servs., Inc.*, 608 A.2d 116, 121 (D.C. 1992). Here, Plaintiff has alleged that, if the court finds that the sales contract was not valid, then alternatively Defendants promised to sell the property to Plaintiff. Plaintiff reasonably relied on

this promise and refrained from purchasing other property and submitted a deposit. Plaintiff suffered a detriment on the reliance, and injustice can only be avoided by enforcing the Defendant's promise to sell the property to Plaintiff.  Plaintiff has substantially also pleaded violations of the D.C. Consumer Protection Act in a manner that is likely to prevail on the merits.

**2) Plaintiff Is In Danger Of Suffering Irreparable Harm During The Pendency Of The Action And Have No Adequate Remedy At Law**

"An injunction should not be issued unless the threat of injury is imminent and well-founded, and unless the injury itself would be incapable of being redressed after a final hearing on the merits." *Wieck v. Sterenbuch*, 350 A.2d 384, 388 (D.C. 1976). Here, if Defendants are not enjoined from selling, transferring, encumbering, or otherwise disposing of any interest in the property pending final resolution, Plaintiff will suffer irreparable harm because Plaintiff's right to specific performance will be rendered moot or nearly impossible at the conclusion of the trial. This is the exact type of harm that an injunction is intended to prevent.

**3) More Harm Will Result to the Plaintiff From The Denial Of The Injunction Than Will Result To The Defendant From Its Grant**

"Before granting a preliminary injunction, the trial court must determine that *more* harm will result to the movant from the denial of the injunction than will result to the nonmoving party from its grant." *In re Estate of Reilly*, 933 A.2d 830, 840 (D.C. 2007). Here, the balance of harm weighs strongly in favor of Plaintiff. If the injunction is not granted, Plaintiff risks losing the property altogether and rendering his requested specific performance moot or nearly impossible. By contrast, the requested injunction merely imposes a limited and temporary restraint on Defendants.  It will merely preserve the status quo so that the court is able to fully decide this case on its merits.

**4) The Public Interest Will Not Be Disserved By The Issuance Of The Requested Order**

Granting Plaintiff's requested relief would not be adverse to the public interest because the public is interested in ensuring that valid contractual obligations are enforced and that predatory contractual obligations are not enforced. This is the reason why breach of contract claims are permitted to proceed when there is a valid contract and predatory contractual clauses are rendered unenforceable. Granting the requested injunction will also promote the public interest by ensuring the Court can render a meaningful relief if Plaintiff prevails by preserving the property while the parties litigate the merits of the case.

### 5) Plaintiff Requests that the Court Waive the Security Bond

Super. Ct. R. 65(c) states that "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, *L 'Enfant Plaza Props., Inc.* clarifies that while the security requirement is phased as mandatory, the exact amount of "security" is at the trial court's discretion.  While the security requirement is phrased in mandatory terms, the exact amount of security is left to the trial court's discretion. *L 'Enfant Plaza Props., Inc. v. Fitness Sys., Inc.*, 354 A.2d 233, 237 (D.C. 1976). Plaintiff respectfully requests that the Court waive the security bond requirement. Defendants will suffer no financial prejudice while the injunction is in effect; they will continue to collect $4,000 in monthly rental income and will otherwise face no significant restraint on their operations. Moreover, the Court may look to Plaintiff's earnest money deposit, which remains in escrow, as sufficient security. In the alternative, should the Court require a bond, Plaintiff requests that it be set at a nominal amount.

### CONCLUSION

6

For the following reasons, Plaintiff respectfully requests that this Court grant the Motion for preliminary injunction and enter the attached proposed order.

Dated: April 6, 2026

Respectfully Submitted,

/s/Lucrecia P. Johnson
Lucrecia Johnson, Esq. (D.C. Bar No. 1015623)
LPJ Legal PLLC
853 New Jersey Ave, S.E., Suite 200
Washington, D.C. 20003
(202) 643-6211
lucrecia@lpjlegal.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2026, a true and correct copy of the foregoing, by e-service, was delivered to Defendants via USPS, first class mail, postage prepaid to

James Neher and Nancy Neher
James & Nancy Neher Living Trust
1806 Merrifields Dr
Silver Spring, MD 20906

/s/Lucrecia P. Johnson
Lucrecia P. Johnson, Esq.

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Larin Connor** | Case No.: 2026-CAB-002111 |
| 4455 Connecticut Ave NW #933 | |
| Washington DC 20008 | Action Involving Real Property |
| | |
| Plaintiff | Next Event: 07/24/2026 at 9:30 am |
| | Remote Initial Scheduling Conference |
| v. | |
| | |
| **James Neher** | Judge Veronica M. Sanchez |
| **Nancy Neher** | |
| Individually and as Trustees of the | |
| James & Nancy Neher Living Trust | |
| 1806 Merrifields Dr | |
| Silver Spring, MD 20906 | |
| | |
| **James & Nancy Neher Living Trust** | |
| 1806 Merrifields Dr | |
| Silver Springs, MD 20906 | |
| | |
| Defendants. | |

---

**ORDER (PROPOSED)**

Upon consideration of the Plaintiff's Motion for a Preliminary Injunction and any

opposition or reply thereto, it is by the Court this____ day of _____, 2026 hereby;

**ORDERED** that Motion is **GRANTED**; and further

**ORDERED** that Defendants are enjoined from selling, transferring, encumbering, or otherwise

disposing of any interest in the Real property located at 2315 Green Street SE, Washington, DC.


_____

Judge Veronica M. Sanchez

8



**GCAAR**
GREATER CAPITAL AREA ASSOCIATION OF REALTORS



## Financial Information Sheet

This information is presented with the understanding that it may be used as a basis for the acceptance of a contract by the seller. The undersigned hereby authorizes the agent to disclose to the seller, seller's agents, dual agents, cooperating agents and any lender all or any portion of the information sheet. Any misrepresentations, fraudulent entries and/or omissions on this form, which may adversely affect the Buyer's ability to qualify for a loan, may be used as a basis for legal action.

Buyer (Full Name) _Larin Ashly Connor_

Residence Phone _(202) 546-9866_   Business Phone _____   Other _____

Present Address _4455 Connecticut Ave NW_

Years at Present Address _3_   Own $ _____   PITI or Rent $ _2800_   Per Month

Previous Address _____

Occupation (Position & Title) _Financial Institution Examiner_   # of Years _8_

Place of Employment (Name & Address) _Consumer Financial Protection Bureau_

Previous Employer (Name & Address) _____   # of Years _____

Co-Buyer (Full Name) _____

Residence Phone _____   Business Phone _____   Other _____

Present Address _____

Years at Present Address _____   Own $ _____   PITI or Rent $ _____   Per month

Previous Address _____

Occupation (Position & Title) _____   # of Years _____

Place of Employment (Name & Address) _____

Previous Employer (Name & Address) _____   # of Years _____

**GROSS ANNUAL INCOME:**

| | Buyer | Co-Buyer |
|---|---|---|
| Base Salary: | $ 150,000 | $ |
| Overtime: | $ | $ |
| Bonuses: | $ 10,000 | $ |
| Commissions: | $ | $ |
| Dividends: | $ | $ |
| Net Rental Income: | $ | $ |
| Other: _Law Practice_ | $ 140,000 | $ |
| | $ | $ |
| TOTAL | $ 300,000 | $ |

Buyer self-employed?  ☐ Yes ☑ No
Co-Buyer self-employed?  ☐ Yes ☐ No
Are all buyers First Time MD Home Buyers?
*See Below for details
☐ Yes ☑ No
Do all Buyers intend to occupy this property?
☐ Yes ☑ No  Details: _____
# of Dependents _0_
Details: _____

**ASSETS:**

Present Residence (if owned): Mkt. Value $ _230,000_   Mtg. Balance(s) $ _____   Lender(s) _Chase_

Checking $ _30,000_   Bank _Capital One , BOA_

$ _____   Bank _____

Savings $ _10,000_   Bank _Capital One_

$ _____   Bank _____

Credit Union $ _____   Bank _____

Stocks $ _1.2 million_   Bonds $ _____   Life Insurance-Cash $ _____   Face Value $ _____

Other Assets: (Specify) _____

©2005 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1337 - MC & DC
(Previously Form #1504)

Page 1 of 2

RE/MAX Allegiance 220 Seventh Street SE Washington, DC 20003
Phone: (202)255-5554   Fax:   Thomas Faison

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

draft do

LIABILITIES: (Outstanding obligations including auto, mortgage(s), credit card(s), personal loan(s) and/or cosigned loans and all other obligations.)

| Type | Creditor's Name | Unpaid Balance | Payoff Date | # of Payments Remaining | Monthly Payment |
|------|-----------------|----------------|-------------|------------------------|-----------------|
|  |  | $ |  |  | $ |
|  |  | $ |  |  | $ |
|  |  | $ |  |  | $ |
|  | TOTAL | $ |  |  | $ |

Additional Monthly Obligations:    Alimony $ _____    Child Support $ _____    Child Care $ _____

### USE REVERSE SIDE FOR DETAILS OR ADDITIONS

Has any buyer ever declared bankruptcy? ☐ Yes ☑ No    If yes, explain on reverse side.

Are there any outstanding judgments, lawsuits or tax liens current: ☐ Yes ☑ No    Amount $ _____
(If yes, use reverse side for details.)

Are you aware of any factors or conditions that could adversely affect any buyers ability to obtain a mortgage loan? ☐ Yes ☑ No
(If yes, use reverse side for details.)

Is any part of the down payment or settlement costs being obtained from a source other than from assets listed above? ☐ Yes ☑ No
(If yes, use reverse side for details.)

(we) certify that I (we) are over the age of majority and that the above information is true and accurate to the best of my (our) knowledge and by my (our) signature(s) acknowledge receipt of this financial information sheet.

_____    Co-Buyer _____

uyer

Date _6/30/25_    Date _____

ate

First-time Maryland home buyer means an individual who has never owned in the State, residential real property that has been the individual's principal residence, which will be occupied by the buyer as the buyer's principal residence. The buyer can also be a co-maker or guarantor of a purchase money mortgage or deed of trust so long as the co-maker or guarantor will not occupy the residence.

©2005 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

11/05

R Form # 1337 - MC & DC
ously Form #1504)

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

draft docs for

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-85FC-000D3A8A8962

  

# GCAAR Sales Contract
## TIME IS OF THE ESSENCE AS TO ALL TERMS OF THIS CONTRACT.

The SALES CONTRACT ("Contract") is made on _____ **June 26, 2025** _____ ("Date of Offer") between _____ **Larin Connor** _____ ("Buyer") and _____ **James & Nancy Neher Living Trust** _____ ("Seller") who, among other things, hereby confirm and acknowledge by their initials and signatures herein that by prior disclosure in this real estate transaction _____ **Keller Williams Capitol Properties** _____ ("Listing Company") represents Seller, and _____ **FES & J Realty** _____ ("Selling Company") represents [X] **Buyer** OR [ ] **Seller.** The Listing Company and Selling Company are collectively referred to as "Broker." (If Broker is acting as a dual representative for both Seller and Buyer, then the appropriate disclosure form is attached to and made a part of this Contract.) In consideration of the mutual promises and covenants set forth below, and other good and valuable consideration the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. **REAL PROPERTY:** Buyer will buy and Seller will sell for the sales price ("Sales Price"), Seller's entire interest in the real property (with all improvements, rights and appurtenances) described as follows ("Property"):

Street Address _____ **2315 Green Street S.E.** _____

Unit # _____ City _____ **Washington** _____ State _____ **D.C.** _____ Zip Code _____ **20020** _____

Condominium/Cooperative Project Name _____

Parking Space(s) # _____ Storage Unit(s) # _____

Legal Description: Lot(s) _____ **80** _____ Block/Square _____ **5753** _____ Section _____

Subdivision _____ **Anacostia** _____ Tax Account # _____

2. **JURISDICTIONAL ADDENDUM:** The following Jurisdictional Addendum, if ratified and attached, is made a part of this Contract. Jurisdictional Addendum for [X] **District of Columbia** [ ] **Montgomery County, MD**

3. **PRICE AND FINANCING:** (All percentages refer to percent of Sales Price.)

A. **Down Payment**

B. **Financing**
    1. First Trust (if applicable) ............................................ **25.000** %
    2. Second Trust (if applicable) ............................................ _____ %
    3. Seller Held Trust ............................................ _____ %
      (if applicable, addendum attached)
    **TOTAL FINANCING**    495,00 ~~487,500.000~~    495,000 ~~487,500.000~~ %
    **SALES PRICE**    $~~650,000.00~~ ~~669,000.00~~ 660,000

C. **First Deed of Trust** Purchaser will [ ] **Obtain** OR [ ] **Assume a** [ ] **Fixed** OR an [ ] **Adjustable** rate First Deed of Trust loan of the following type:

    [ ] **Conventional**    See Addendum Attached
    [ ] **FHA**    See Addendum Attached
    [ ] **VA**    See Addendum Attached

    [ ] **This Contract is not contingent on Financing.**
    [X] **Other: Owner Financing**

D. **Second Deed of Trust** Purchaser will [ ] **Obtain** OR [ ] **Assume a** [ ] **Fixed** OR an [ ] **Adjustable** rate Second Deed of Trust loan.

E. **Assumption** Assumption fee, if any, and all charges related to the assumption will be paid by the Buyer. If Buyer assumes Seller's loan(s): (i) Buyer and Seller [ ] will OR [ ] will not obtain a release of Seller's liability to the financial institution or U.S. Government for the repayment of the loan by Settlement, (ii) Buyer and Seller [ ] will OR [ ] will not obtain substitution of Seller's VA entitlement by Settlement. Balances of any assumed loans, secondary financing and cash down payments are approximate.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1301 – GCAAR Sales Contract – 2/2025     1 of 7     Initial _____ _____ Buyer _____

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve

**4. DEPOSIT:** Buyer's deposit ("Deposit") in the amount of ~~Two Thousand~~ **$10,000.00** shall be held by ~~FES & J Realty~~ **District Title** "Escrow Agent"). Buyer ☐ has delivered OR ☒ will deliver the Deposit within **Two (2)** days after Date of Ratification ("Deposit Deadline"). (If the Property is in Maryland and Broker is the Escrow Agent, the Deposit must be delivered to Escrow Agent within 3 days of the Date of Ratification.) Should Buyer fail to deliver Deposit to Escrow Agent by the Deposit Deadline, as provided herein, Buyer will be in Default and Seller may, at Seller's option, Deliver Notice to Buyer declaring this Contract Void. Upon Delivery to Buyer of Seller Notice to Void Contract, all respective rights and obligations of the Parties arising under this Contract will terminate. Following Deposit Deadline, but prior to Seller Delivery of Notice to Void, Buyer may cure Default by Delivering the Deposit to Escrow Agent, upon which all terms and conditions of this Contract will remain in full force and effect.

The Deposit will be placed in an escrow account of the Escrow Agent after Date of Ratification in conformance with the laws and regulations of the appropriate jurisdiction and/or, if VA financing applies, as required by Title 38 of the U.S. Code. This account may be interest bearing and all parties waive any claim to interest resulting from the Deposit. The Deposit will be held in escrow until: (i) credited toward the Sales Price at Settlement; (ii) all parties have agreed in writing as to its disposition; (iii) a court of competent jurisdiction orders disbursement and all appeal periods have expired; or, (iv) disposed of in any other manner authorized by the laws and regulations of the appropriate jurisdiction. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct.

**5. FUNDS DUE AT SETTLEMENT:** The balance of the funds due at Settlement from Buyer and/or Seller will be paid on or before the Settlement Date. Buyer and/or Seller shall verify with Settlement Agent how funds due at Settlement are to be paid. An assignment of funds shall not be used without prior written consent of all parties to the transaction.

08/29/2025

**6. SETTLEMENT:** Seller and Buyer will perform in accordance with the terms of this Contract ("Settlement") on ~~30 days after title search~~ ~~30 days after title search~~ ("Settlement Date") except as otherwise provided in this Contract. Buyer selects **TBD** Subject to TOPA **District Title LLC , Jeffrey Darrah Esq.** ("Settlement Agent") to conduct the Settlement. Buyer agrees to contact the Settlement Agent within 10 Days after the Date of Ratification to schedule Settlement and to place a title order.

**7. PROPERTY MAINTENANCE AND CONDITION:** Except as otherwise specified herein, Seller will deliver the Property at Settlement vacant, free and clear of trash and debris, broom clean and in substantially the same physical condition to be determined as of ☐ **Date of Offer** OR ☒ **Date of home inspection** OR ☐ **Other:** _____. Failure to select an option in the preceding sentence shall be deemed an agreement to select the Date of Offer option. Seller will have all utilities in service through Settlement or as otherwise agreed. Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located. Buyer and Seller will not hold Broker liable for any breach of this paragraph.

Buyer acknowledges, subject to Seller acceptance, that this Contract may be contingent upon home inspection(s) and/or other inspections to ascertain the physical condition of the Property. If Buyer desires one or more inspection contingencies, such contingencies must be included in an addendum to this Contract.

☒ This Contract is contingent upon home inspection(s) and/or other inspections. (Addendum Attached)
   OR
☐ Buyer declines the opportunity to make Contract contingent upon home inspection(s) and/or other inspections.

Buyer acknowledges that except as otherwise specified in this Contract, the Property, including electrical, plumbing, existing appliances, heating, air conditioning, equipment and fixtures shall convey in its **AS-IS CONDITION** as of the date specified above. Buyer further acknowledges that neither Brokers and/or their agents nor subagents are responsible for Property defects.

**8. ACCESS TO PROPERTY:** Seller will provide Broker, Buyer, inspectors representing Buyer and representatives of lending institutions for Appraisal purposes reasonable access to the Property to comply with this Contract. In addition, Buyer and/or Buyer's representative will have the right to make a final inspection within 5 days prior to Settlement and/or occupancy, unless otherwise agreed to by Buyer and Seller.

**9. INCLUSIONS/EXCLUSIONS:** The Property includes the personal property and fixtures as defined and identified in the attached Inclusions/Exclusions Disclosure and Addendum.

**10. HOME WARRANTY:** ☐ **Yes** OR ☒ **No**
Home warranty policy paid for and provided at Settlement by: ☐ **Buyer** OR ☐ **Seller**
Cost not to exceed $ _____. Warranty provider to be _____.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          2 of 7          Initial          Buyer

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas

11. **BUYER'S REPRESENTATIONS:** Buyer ☐ will OR ☒ will not occupy the Property as Buyer's principal residence. **Unless specified in a written contingency, neither this Contract nor the financing is dependent or contingent on the sale and settlement or lease of other real property.** The Selling Company ☐ is OR ☐ is not authorized to disclose to the Listing Company, Seller and any lender the appropriate financial or credit information statement provided to the Selling Company by Buyer. Buyer acknowledges that Seller is relying upon all of Buyer's representations, including without limitation, the accuracy of financial or credit information given to Seller, Broker or the Lender by Buyer.

12. **WOOD-DESTROYING INSECT INSPECTION:** Buyer at Buyer's expense may choose to obtain a wood-destroying insect ("WDI") inspection of the Property by a licensed pest control firm. If Buyer elects to do so, Buyer will furnish to Seller a written report from the licensed pest control firm showing that all dwelling(s) and/or garage(s) within the Property are free of visible evidence of any live WDI, and free from visible WDI damage. Any treatment for live WDI and/or repairs for WDI damage recommended in the licensed pest control firm's report will be made at Seller's expense. Said treatment shall be completed by a licensed pest control firm and said repairs shall be completed by a contractor licensed in the appropriate jurisdiction. Seller will provide written evidence of such treatment and/or repair prior to Settlement which shall satisfy the requirements of this Paragraph.

13. **LEAD-BASED PAINT REGULATIONS:** Federal law requires sellers of properties built before 1978 to provide buyers with the required federal disclosure regarding lead paint (GCAAR form "Lead Paint--Federal Disclosure") and the EPA pamphlet "Protect Your Family from Lead in Your Home". In addition, for District of Columbia properties built before 1978, sellers are required to provide buyers the District of Columbia Lead Disclosure (GCAAR form "Lead Paint-- DC Disclosure") and for Maryland properties built before 1978, sellers are required to provide buyers the Maryland Lead Disclosure (GCAAR form "Maryland Lead Poisoning Prevention Program Disclosure"). A seller who fails to provide the required local and federal lead-based paint forms, including the EPA pamphlet, may be liable under the law for three times the amount of damages and may be subject to both civil and criminal penalties. Seller and any agent involved in the transaction are required to retain a copy of the completed lead-based paint disclosure forms for a period of six (6) years following the date of Settlement. If the dwelling(s) was built prior to 1978 or if the building date is uncertain and the Property is not exempt from the Residential Federal Lead-Based Paint Hazard Reduction Act of 1992, this Contract is voidable by Buyer until Buyer acknowledges receipt of the required federal lead- based paint form, including the EPA pamphlet, and DC Lead Disclosure or Maryland Lead Disclosure if applicable, and has either taken the opportunity to incorporate a Lead-Based Paint Inspection contingency or waived such right. Until said acknowledgement occurs, Buyer retains the right to unconditionally, and without risk of loss of Deposit or other adverse effects, declare Contract void. Seller and Buyer acknowledge by their respective initials below that they have read and understand the provisions of this Paragraph.

Seller's Initials _GN_ / _NW_        Buyer's Initials _LC_ / _____
07/03/25          07/03/25
8:33 PM EDT       8:37 PM EDT
dotloop verified  dotloop verified

**Completed Lead-Based Paint forms are attached.**   ☒ Yes        ☐ No        ☐ N/A

In accordance with the Lead Renovation, Repair and Painting Rule ("RRP") as adopted by the Environmental Protection Agency ("the EPA"), effective April 22, 2010, if the improvements on the Property were built before 1978, contractor(s) engaged by Seller to renovate, repair or paint the Property must be certified by the EPA where such work will disturb more than six square feet of lead-based paint per room for interior projects, more than 20 square feet of lead-based paint for any exterior project, or includes window replacement or demolition ("Covered Work"). Before and during any Covered Work, contractor(s) must comply with all requirements of the RRP. A seller who personally performs any Covered Work on a rental property is required to be certified by the EPA prior to performing such Covered Work. No certification is required for a seller who personally performs Covered Work on a seller's principal residence. However, seller has the ultimate responsibility for the safety of seller's family or children while performing such Covered Work. For detailed information regarding the RRP, Seller should visit http://www2.epa.gov/lead/renovation-repair-and-painting-program. The Seller and Buyer acknowledge that they have read and understand the provisions of this section.

Seller's Initials _GN_ / _NW_        Buyer's Initials _LC_ / _____
07/03/25          07/03/25
8:33 PM EDT       8:37 PM EDT
dotloop verified  dotloop verified

14. **FINANCING APPLICATION:** If this Contract is contingent on financing, Buyer will make written application for the Specified Financing and any Lender required property insurance no later than 7 days after the Date of Ratification. Buyer grants permission for the Selling Company and the Lender to disclose to the Listing Company and Seller general information about the progress of the loan application and loan approval process. If Buyer fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply. Seller agrees to comply with reasonable Lender requirements except as otherwise provided in the LENDER REQUIRED REPAIRS paragraph of the applicable financing contingency addendum.

15. **DAMAGE OR LOSS:** The risk of damage or loss to the Property by fire, act of God, or other casualty remains with Seller until the execution and delivery of the Deed of conveyance to Buyer at Settlement.

16. **TITLE:** The title report and survey if required, will be ordered pursuant to the terms in the Settlement Paragraph. If such report and survey are not available on the Settlement Date, and were ordered as required, Settlement may be delayed for up to 10 Business Days to obtain the title report and survey after which date this Contract, at the option of Seller, may be declared void, and the Deposit will be refunded in full to Buyer. Fee simple title to the Property, and everything that conveys with it, will be sold free of liens, except for any

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025        3 of 7        Initia _GN_ _NW_ Buyer _LC_ /
07/03/25  07/03/25
8:33 PM EDT  8:37 PM EDT

Produced with Lone Wolf Transactions (zipForm Edition)

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8E7C-000D3A8A9962

loans assumed by Buyer. Title is to be good of record, marketable, and insurable by a licensed title insurance company with no additional risk premium. Title will be subject to easements, covenants, conditions and restrictions of record in existence as of Date of Ratification ("Required Condition"). If, as determined by the Settlement Agent, title is not in the Required Condition by the Settlement Date, said date shall automatically be extended by 30 days ("Extended Settlement Date"), and Seller shall promptly take all action necessary to place title in the Required Condition prior thereto at Seller's expense. If title is not in the Required Condition by the Extended Settlement Date, then Buyer may Deliver Notice to Seller declaring this Contract void.

Broker or any agents, subagents or employees of Broker, and Settlement Agent are not advising the parties as to certain issues, including without limitation: land use; lot size and exact location; and possible restrictions of the use of the Property due to restrictive covenants, easements, zoning, subdivision, or environmental laws. Broker or any agents, subagents or employees of Broker, and Settlement Agent are hereby expressly released from all liability for damages by reason of any defect in the title.

The manner of taking title may have significant legal and tax consequences. Buyer is advised to seek the appropriate professional advice concerning the manner of taking title. Seller will convey the Property by Special Warranty Deed or by Personal Representative's Deed in the event Seller is a decedent's estate. Seller will sign such affidavits, lien waivers, tax certifications, and other documents as may be required by the Lender, title insurance company, Settlement Agent, or government authority, and authorizes the Settlement Agent to obtain payoff or assumption information from any existing lenders.

Unless otherwise agreed to in writing, Seller will pay any governmental special assessments and will comply with all orders or notices of violations of any county or local authority, condominium unit owners' association, and/or homeowners' association or actions in any court on account thereof, against or affecting the Property on the Settlement Date. The parties authorize and direct the Settlement Agent to provide a copy of the Combined Settlement Statement to Seller, Buyer, Listing Company, Selling Company, Homeowner/Condominium Association, Relocation Company and/or any third-party payees reflected on the Settlement Statement.

The parties acknowledge that, under certain circumstances, when a property is substantially renovated or modified or its usage is changed, a Certificate of Occupancy or a Final Inspection Certification may be required prior to use and occupancy of the property. Additional information on these requirements can be obtained at https://code.dccouncil.us/dc/council/code/sections/6-641.09.html for properties located in the District of Columbia and at https://codelibrary.amlegal.com/codes/montgomerycounty/latest/montgomeryco_md/0-0-0-3515#JD_8-28 for properties located in Montgomery County, MD. In the event a local authority requires the issuance of a Certificate of Occupancy or a Final Inspection Certificate, the Seller agrees to provide evidence thereof.

17. **POSSESSION DATE:** Unless otherwise agreed to in writing between Seller and Buyer, Seller will give possession of the Property at Settlement, including delivery of keys, fobs, and codes, if any. If Seller fails to do so and occupies the Property beyond Settlement, Seller will be a tenant at sufferance of Buyer and hereby expressly waives all notice to quit as provided by law. Buyer will have the right to proceed by any legal means available to obtain possession of the Property. Seller will pay any damages and costs incurred by Buyer including reasonable Legal Expenses.

18. **FEES:** Fees for the preparation of the Deed, that portion of the Settlement Agent's fee billed to Seller, costs of releasing existing encumbrances, Seller's legal fees and any other proper charges assessed to Seller will be paid by Seller. Fees for the title exam (except as otherwise provided), survey, recording (including those for any purchase money trusts) and that portion of the Settlement Agent's fee billed to Buyer, Buyer's legal fees and any other proper charges assessed to Buyer will be paid by Buyer. Fees to be charged will be reasonable and customary for the jurisdiction in which the Property is located. (Recording and Transfer Taxes are covered in the appropriate jurisdictional addendum.)

19. **BROKER'S FEE:** Seller and Buyer irrevocably instruct Settlement Agent to pay Broker compensation ("Broker's Fee") at Settlement as set forth in the parties' respective brokerage representation agreements and any other Broker compensation addenda made a part hereto.

20. **ADJUSTMENTS:** Proratable charges, including but not limited to, rents, taxes, water and sewer charges, front foot benefit and house connection charges, condominium/cooperative unit owners' association and/or homeowners' association regular periodic assessments, are to be adjusted to the Settlement Date. Any heating or cooking fuels remaining in supply tank(s) at Settlement will become the property of Buyer. Taxes are to be adjusted according to the information provided by the collector of taxes. If a loan is assumed, interest will be adjusted to the Settlement Date and Buyer will reimburse Seller for any existing escrow accounts.

21. **DISPUTES:** In the event of any dispute between Seller and Broker and/or Buyer and Broker resulting in Broker or any agents, subagents or employees of Broker being made a party to such dispute, including but not limited to, any litigation, arbitration, or complaint and claim before the applicable Real Estate Commission, whether as defendant, cross-defendant, third-party defendant or respondent, Seller and Buyer, jointly and severally, agree to indemnify and hold Broker and any agents, subagents and employees of Broker harmless from any liability, loss, cost, damage or expense (including but not limited to, filing fees, service of process fees, transcript fees and Legal Expenses), resulting therefrom, provided that such dispute does not result in a judgment or decision against Broker, Broker's agents, subagents or employees for acting improperly.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025                    4 of 7                    Initial  _GN_  _MM_  Buyer  _LC_
                                                                                                 07/03/25   07/03/25

22. **LEGAL EXPENSES:**

A. In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non- performance of the terms and conditions of this Contract, including but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable Legal Expenses from the other party as determined by the Court or arbitrator.

B. In the event a dispute arises resulting in Broker (as used in this paragraph to include any agent, subagent or employee of Broker) and/or Settlement Agent being made a party to any litigation by Buyer or by Seller, the parties agree that the party who brought Broker and/or Settlement Agent into litigation shall indemnify Broker and/or Settlement Agent for all reasonable Legal Expenses incurred, unless the litigation results in a judgment against Broker and/or Settlement Agent.

23. **PERFORMANCE:** Delivery of the required funds and executed documents to the Settlement Agent will constitute sufficient tender of performance. Funds from this transaction at Settlement may be used to pay off any existing liens and encumbrances, including interest, as required by lender(s) or lienholders.

24. **SELLER RESPONSIBILITY:** Seller agrees to keep existing mortgages free of default through Settlement. All violations of requirements noted or issued by any governmental authority, or actions in any court on account thereof, against or affecting the Property at Settlement, shall be complied with by Seller and the Property conveyed free thereof.

25. **DEFAULT: Buyer and Seller agree to perform at Settlement in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach hereof.** If Buyer fails to complete Settlement for any reason other than Default by Seller, at the option of Seller, the Deposit may be forfeited as liquidated damages (not as a penalty) in which event Buyer will be relieved from further liability to Seller. If Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of Buyer's liability in the event of a Default. If the Deposit is forfeited, or if there is an award of damages by a court or a compromise agreement between Seller and Buyer, Broker may accept and Seller agrees to pay Broker one-half of the Deposit in lieu of the Broker's Fee, (provided Broker's share of any forfeited Deposit will not exceed the amount due under the listing agreement).

If Seller fails to perform or comply with any of the terms and conditions of this Contract or fails to complete Settlement for any reason other than Default by Buyer, Buyer will have the right to pursue all legal or equitable remedies, including specific performance and/or damages.

If either Seller or Buyer refuses to execute a release of Deposit ("Release") when requested to do so in writing and a court finds that such party should have executed the Release, the party who so refused to execute the Release will pay the expenses, including without limitation, reasonable Legal Expenses, incurred by the other party in the litigation. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct. The parties further agree that the Escrow Agent will not be liable for the failure of any depository in which the Deposit is placed and that Seller and Buyer each will indemnify, defend and save harmless the Escrow Agent from any loss or expense arising out of the holding, disbursement or failure to disburse the Deposit, except in the case of the Escrow Agent's gross negligence or willful misconduct.

If either Buyer or Seller is in Default, then in addition to all other damages, the defaulting party will immediately pay the Broker's Fee in full, as well as the costs incurred for the title examination, Appraisal, and survey.

26. **DISCLOSURES TO THE PARTIES: Buyer and Seller should carefully read this Contract to be sure that the terms accurately express their respective understanding as to their intentions and agreements. By signing this Contract, Buyer and Seller acknowledge that they have not relied on any representations made by Brokers, or any agents, subagents or employees of Brokers, except those representations expressly set forth in this Contract. Further, Brokers or any agents, subagents or employees of Broker, and Settlement Agent do not assume any responsibility for the performance of this Contract by any or all parties hereto. Broker can counsel on real estate matters, but if legal advice is desired by either party, such party is advised to seek legal counsel. Buyer and Seller are further advised to seek appropriate professional advice concerning the condition of the Property or tax and insurance matters.** The following provisions disclose some matters which the parties may investigate further. These disclosures are not intended to create a contingency. Any contingency must be specified by adding appropriate terms to this Contract. The parties acknowledge the disclosures contained herein and that Broker or any agents, subagents or employees of Broker, and Settlement Agent make no representations nor assume any responsibility with respect to the following:

A. **PROPERTY CONDITION** Various inspection services and home warranty insurance programs are available. Broker is not advising the parties as to certain other issues, including without limitation: condition of real or personal property, water quality and quantity (including but not limited to, lead and other contaminants); sewer or On-Site Sewage Disposal System ("Septic"); public utilities; soil condition; flood hazard areas; airport or aircraft noise; roads or highways; and construction materials and/or hazardous materials, including without limitation, flame-retardant treated plywood (FRT), radon, urea formaldehyde foam insulation (UFFI), mold, polybutylene pipes, synthetic stucco (EIFS), underground storage tanks, defective Chinese drywall, asbestos and lead- based paint. Information relating to these issues may be available from appropriate government authorities.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          5 of 7          Initia ___ ___ Buyer ___

07/03/25    07/03/25

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A6-4659-F041-857C-000D3A8A9962

**B.** **LEGAL REQUIREMENTS** All contracts for the sale of real property must be in writing to be enforceable. Upon ratification and Delivery, this Contract becomes a legally binding agreement. Any changes to this Contract must be made in writing, agreed to by all parties to the Contract, and Delivered to all parties for such changes to be enforceable.

**C.** **FINANCING** Mortgage rates and associated charges vary with financial institutions and the marketplace. Buyer has the opportunity to select the lender and the right to negotiate terms and conditions of the financing subject to the terms of this Contract.

**D.** **BROKER** Buyer and Seller acknowledge that Broker is being retained solely as a real estate agent and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, mold or air quality expert, home inspector or other professional service provider. Broker may from time to time engage in the general insurance, title insurance, mortgage loan, real estate settlement, home warranty and other real estate-related businesses and services. Therefore, in addition to the Broker's Fee specified herein, Broker may receive compensation related to other services provided in the course of this transaction pursuant to the terms of a separate agreement/disclosure.

**E.** **PROPERTY TAXES** Buyer is advised that the property tax bill could substantially increase following Settlement. For more information on property taxes, contact the appropriate taxing authority in the jurisdiction where the Property is located.

**F.** **PROPERTY INSURANCE** Obtaining property insurance is typically a requirement of the lender in order to secure financing. Insurance rates and availability are determined in part by the number and nature of claims and inquiries made on a property's policy as well as the number and nature of claims made by a prospective buyer. Property insurance has become difficult to secure in some cases. Seller should consult an insurance professional regarding maintaining and/or terminating insurance coverage.

**G.** **TITLE INSURANCE** Buyer may, at Buyer's expense, purchase owner's title insurance. The coverage afforded by such title insurance would be governed by the terms and conditions thereof, and the premium for obtaining such title insurance coverage will be determined by the extent of its coverage. Buyer may purchase title insurance at either "standard" or "enhanced" coverage and rates. For purposes of owner's policy premium rate disclosure by Buyer's Lender(s), if any, and Settlement Agent, Buyer and Seller require that enhanced rates be quoted. Buyer understands that nothing herein obligates Buyer to obtain any owner's title insurance coverage at any time, including at Settlement, and that the availability of enhanced coverage is subject to underwriting criteria of the title insurer.

27. **ASSIGNABILITY:** This Contract may not be assigned without the written consent of Buyer and Seller. If Buyer and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until Settlement.

28. **FOREIGN INVESTMENT TAXES – FIRPTA:** Section 1445 of the United States Internal Revenue Code of 1986 provides that a buyer of a residential real property located in the United States must withhold federal income taxes from the payment of the purchase price if (a) the purchase price exceeds Three Hundred Thousand Dollars ($300,000.00) or the purchase price is less than or equal to Three Hundred Thousand Dollars ($300,000.00) and the property will not be owner occupied, and (b) seller is a foreign person for purposes of U.S. income taxation. A foreign person includes, but is not limited to, a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined by the Internal Revenue Code and applicable regulations). In the event Seller is a foreign person (as described above), the Seller will be subject to the withholding provisions of FIRPTA. If Seller is not a foreign person, Seller agrees to execute an affidavit to this effect at Settlement.

29. **DEFINITIONS:**
    **A.** "Appraisal" means a written appraised valuation of the Property.
    **B.** "Day(s)" or "day(s)" means calendar day(s) unless otherwise specified in this Contract.
    **C.** "Business Days", whenever used, means Monday through Friday, excluding federal holidays.
    **D.** For the purpose of computing time periods, the first Day will be the Day following Delivery and the time period will end at 6 p.m. on the Day specified, except as otherwise specified in HOA/Condo/Co-op addenda.
    **E.** If the Settlement Date falls on a Saturday, Sunday, or legal holiday, then the Settlement will be on the prior Business Day.
    **F.** "Date of Ratification" This Contract shall be deemed ratified when the Contract, all addenda and any modifications thereto have been signed and initialed, where required, by all parties, and Delivered to the other party pursuant to the Notices paragraph.
    **G.** The masculine includes the feminine and the singular includes the plural. "Buyer" means "Purchaser" and vice versa.
    **H.** "Legal Expenses" means attorney fees, court costs, and litigation expenses, if any, including but not limited to, expert witness fees and court reporter fees.
    **I.** "Specified Financing" means the financing as set forth in the financing addendum attached hereto.

30. **NOTICES AND DELIVERY:** "Notice" means a unilateral communication from one party to another. All Notices required under this Contract will be in writing. Notices to Seller shall be effective when Delivered to Seller or Seller's Agent named in the Contract or that Agent's supervising manager. Notices to Buyer shall be effective when Delivered to Buyer or Buyer's Agent named in the Contract or that Agent's supervising manager.

Delivery of Condominium, Cooperative, and/or Homeowner's Association contractually required documents **MUST** be made solely to Buyer. Delivery of such documents solely to Buyer's Agent **DOES NOT** constitute Delivery from Seller to Buyer. Resale packages may be Delivered by Seller or Seller's Agent through an electronic link provided by the management association for the purposes of Delivery as may be required in a separate addendum.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          6 of 7          Initia[...]   07/03/25   07/03/25   Buyer
                                                                                    8:33 PM EDT  8:37 PM EDT

Produced with Lone Wolf Transactions (zipForm Edition) [...]

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-3BFC-000D3A9A8968

31. **MISCELLANEOUS:** This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via fax or as a PDF attachment to an email will also be considered as originals. Typewritten or handwritten provisions included in this Contract will supersede all pre-printed provisions that are in conflict.

32. **VOID CONTRACT:** If this Contract becomes void and of no further force and effect, without Default by either party, both parties will immediately execute a Release directing that the Deposit be refunded in full to Buyer according to the terms of the DEPOSIT paragraph.

33. **ENTIRE AGREEMENT:** This Contract will be binding upon the parties and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions not satisfied at Settlement will survive the delivery of the Deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The interpretation of this Contract will be governed by the laws of the jurisdiction where the Property is located.

| *James Neher* | dotloop verified<br>07/03/25 8:33 PM EDT<br>D20D-KKLH-GG5S-KYSI | *Larin Connor* | 07/02/25 |
|---|---|---|---|
| Seller _____ Date | | Buyer _____ Date | |
| James & Nancy Neher Living Trust | | **Larin Connor** | |
| *Nancy Neher* | dotloop verified<br>07/03/25 8:37 PM EDT<br>N7PL-Y348-EGFF-A3P2 | | |
| Seller _____ Date | | Buyer _____ Date | |

**************************************************************************************************************

For informational purposes only:

| Date of Ratification (see DEFINITIONS) |
|---|
| **07/07/2025** |

Seller's Address _____    Buyer's Address _____

Seller's Email Address _____    Buyer's Email Address _____

Seller's Telephone Number _____    Buyer's Telephone Number _____

Listing Company's Name and Address:    Selling Company's Name and Address:

**Keller Williams Capitol Properties**    **FES & J Realty**

**519 C Street N.E., Washington, DC  200002**    **2 Industrial Drive STE D-6, Waldorf, Md  20602**

Office # _____    Office # **(301)877-4976**

Agent Name **Abel Gebremichael**    Agent Name **Frank Smith/Jameela Charles**

Agent Cell # **(202)601-0160**    Agent Cell # **(301)237-8676**

Agent Email Address **franksmithre@gmail.com**    Agent Email Address **franksmithre@gmail.com**

Agent License # and Jurisdiction _____    Agent License # and Jurisdiction _____

Broker License # and Jurisdiction _____    Broker License # and Jurisdiction _____

Team Leader/Agent _____    Team Leader/Agent _____

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025    7 of 7    Initi: *JN* 07/03/25 8:33 PM EDT  *NN* 07/03/25 8:37 PM EDT  Buyer *LC*

Produced with Lone Wolf Transactions (zipForm Edition) 717 N H...

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9862



**GCAAR**
GREATER CAPITAL AREA ASSOCIATION OF REALTORS®

## Addendum of Clauses—A
### (*For use with GCAAR Sales Contract and MR Residential Contract of Sale*)

The Contract of Sale dated _____**June 26, 2025**_____ between **Larin Connor** _____

_____ (Buyer) and **James & Nancy Neher Living Trust** _____

_____ (Seller) for the purchase of the real property located at

Address _____**2315 Green Street S.E.**_____ Unit # _____

City _____**Washington**_____ State __**D.C.**__ Zip Code _____**20020**_____ is hereby amended by the incorporation

of this Addendum, which shall supersede any provisions to the contrary in the Contract.

**It is agreed that only the numbered paragraphs which are checked and initialed by all parties shall be made a part of said Contract.**

☐ **1. SELLER'S CREDIT(S) TO BUYER:** In addition to any other amount(s) the Seller has agreed to pay under other provisions of this Contract, Seller shall credit Buyer at the time of Settlement with the sum of $ _____ **OR** _____ % of Sales Price towards Buyer's settlement costs. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.

☒ **2. INSPECTION CONTINGENCY:** This Contract is contingent until 6 p.m. on the __**10**__ Day after the Date of Ratification (*"Deadline"*) for inspections of the Property, not including radon, lead-based paint, private water supply systems ("Well") and on-site sewage disposal systems ("Septic") inspections *(which require separate contingencies)*, by Buyer, a home inspection firm and/or other representative(s) at Buyer's discretion and expense. Seller will have all utilities in service at the time of inspection(s).

**Select options(s) A, B, OR BOTH below. Failure to select either A or B below will result in BOTH being selected.**

☒ **A. RIGHT TO NEGOTIATE:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a copy of the report(s) from the inspection(s) of the Property together with a Home Inspection Notice (GCAAR Form "Home Inspection Contingency Notice and/or Addendum") listing home inspection conditions or items that Buyer requires Seller to repair, and/or stipulating a dollar credit, as allowed by Lender, to be paid at Settlement by Seller toward Buyer's charges to buy the Property. Upon such Delivery, **2.B**, if selected below, shall **NO LONGER** be an option.

If the Seller elects not to perform in accordance with the Home Inspection Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Home Inspection Notice.

Within 3 Days after Delivery of a Notice from one party, the other party may:
1) Deliver Notice accepting the terms contained in the other party's Notice; **OR**
2) Deliver Notice continuing negotiations by making another offer; **OR**
3) Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, **UNLESS** the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

**FAILURE OF EITHER PARTY TO RESPOND WITHIN 3 DAYS AFTER DELIVERY OF NOTICE FROM THE OTHER PARTY WILL RESULT IN <u>ACCEPTANCE</u> BY BOTH PARTIES OF THE TERMS OF THE MOST RECENT NOTICE.**

☐ **B. RIGHT TO CANCEL:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a Notice declaring this Contract void.

☐ **3. ADDITIONAL "AS-IS" PROVISIONS:**
    **A.** The following terms in this Contract are hereby amended (check all that apply):
      ☐ All clauses pertaining to delivery of the Property free and clear of trash and debris and broom clean are deleted.
      ☐ All clauses pertaining to termites and wood-destroying insects are deleted.
      ☐ All clauses pertaining to Well and/or Septic systems are deleted.
      ☐ All requirements for Seller to comply with orders or notices of violations of any Condominium Unit Owners' Association, and/or Homeowners' Association related to the physical condition of the Property are deleted.
    **B.** Except as otherwise specified herein, the provisions of the Property Maintenance and Condition Paragraph will remain in full force and effect.
    **C.** Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located.

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A      1 of 3      10/2023

**X**
*LC*

*JN*
07/03/25

*NN*
07/03/25
8:37 PM EDT
dotloop verified

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A9A99B2

☐ 4. **RADON INSPECTION CONTINGENCY:**

A. This Contract is contingent until 6 p.m. on the _____ Day after the Date of Ratification ("Deadline") to allow Buyer, at Buyer's discretion and expense, to have the Property inspected for the presence of radon. Inspection to be done by a testing firm listed with the National Radon Safety Board ("NRSB") or the National Radon Proficiency Program (NRPP) using or U.S. Environmental Protection Agency ("EPA") approved testing method. Testing and retesting devices, if applicable, to be placed and retrieved by an NRSB or NRPP-listed technician or their authorized subcontractor. This contingency will terminate at the Deadline unless by the Deadline, Buyer Delivers to Seller a copy of the radon testing report which confirms the presence of radon that equals or exceeds the action level established by the EPA together with either **1** or **2**:

1) Radon Testing Notice (GCAAR Form "Radon Testing Notice and/or Addendum/Release") requiring Seller at Seller's expense prior to Settlement to remediate the radon condition; or stipulating a dollar credit, as allowed by the Lender, to be paid at Settlement by Seller towards Buyer's charges to buy the Property. In the event that Seller agrees to remediate the radon condition, such work shall be performed by a NRSB or NRPP-listed remediation firm who will provide written verification that the required remediation has been performed, including test results demonstrating that the presence of radon is below the action level established by EPA.

If Seller elects not to perform in accordance with the Radon Testing Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Radon Testing Notice.

Within 3 Days after Delivery of Notice from one party, the other party may:
- Deliver Notice accepting the terms contained in the other party's Notice; OR
- Deliver Notice continuing negotiations by making another offer; OR
- Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, unless the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

Failure of either party to respond within 3 Days after Delivery of a Notice from the other party will result in acceptance by both parties of the terms of the most recent Notice.

2) Notice declaring this Contract void.

B. **FOR MONTGOMERY COUNTY CONTRACTS ONLY: Buyer MUST deliver test results by Deadline or this Contingency terminates and Seller is then mandated to perform a radon test and provide results to Buyer on or before Settlement Date, unless Seller is exempt from Radon Test Disclosure.**

☐ 5. **HOLDING DEPOSIT CHECK:** *NOT TO BE USED FOR A MARYLAND TRANSACTION WHEN A REAL ESTATE BROKER IS THE ESCROW AGENT.* Escrow Agent shall hold Deposit check until _____ Days after Ratification, at which time said check shall be deposited.

☐ 6. **LICENSEE RELATIONSHIP DISCLOSURE:** _____ is a licensed real estate agent associated with _____ (Company) and is (check all that apply) ☐ the Buyer, ☐ the Seller, ☐ related to one of the parties hereto in the following way: _____ and may share in the Broker's Fee.

☐ 7. **ADDITIONAL PROVISIONS:**

Owner financing with interest only payments for five (5) years after which balance is due. _____

Purchaser has the right to inspect payment history of present tenants.

Purchaser at purchaser expense will secure insurance and pay the property taxes.

District Title LLC will prepare the full set of seller-financing documents, including a Promissory Note and Deed of Trust, securing the seller's interest with a recorded lien on the property. The documents will outline the loan terms, including interest payments, amortization, late fees, default provisions, and acceleration clauses. The package will be structured to maximize the seller's legal protections in the event of non-payment or default by the buyer.

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A        2 of 3                                          10/2023

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com        Buyer Agreement

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8E7C-000D3A8A9962

All other terms of the Contract remain in full force and effect.

PARTIES ACKNOWLEDGE THEY HAVE BEEN AFFORDED THE OPPORTUNITY TO REVIEW AND INCORPORATE THE ADDITIONAL PROVISIONS CONTAINED IN ADDENDUM OF CLAUSES-B AND HAVE AGREED TO INCORPORATE ONLY THOSE PROVISIONS ATTACHED HERETO.

| _James Neher_ | dotloop verified 07/03/25 8:33 PM EDT 0BOP-ERGX-8I6D-5VJD | _Larin Connor_ | 07/02/25 |
| Seller **James & Nancy Neher Living Trust** | Date | Buyer **Larin Connor** | Date |
| _Nancy Neher_ | dotloop verified 07/03/25 8:37 PM EDT 3ERG-UOR2-58BN-BZ3V | | |
| Seller | Date | Buyer | Date |

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A          3 of 3                                    10/2023

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com        Buyer Agreement

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

  

# Tenancy Addendum for District of Columbia (2 to 4 Rental Units)
### *(Required for use with Form #1313 where any Tenancy exists)*

The Contract of Sale dated **03/21/2025** Address **2315** **Green St SE**

Unit # _____ , City **Washington** , State **DC** Zip **20020**

Between Seller **James And Nancy Neher Living Trust**

and Buyer Larin Connor

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this contract.

**1. BUYER ACKNOWLEDGEMENT:** Buyer acknowledges that there are a number of legal issues/requirements a Lessor in the District of Columbia should be aware of, including but not limited to: rental registration requirements, Lessor/Lessee rights and obligations, business license requirements, rent control, Tenant Opportunity to Purchase Act, and the eviction process. Buyer is advised to consult the appropriate District of Columbia and/or obtain legal counsel regarding such matters.

**2. TENANCY:** As provided in GCAAR Form #1313, District of Columbia Jurisdictional Disclosure and Addendum, the Property is/was at the time the Seller decided to sell subject to existing tenancy(ies) and/or lease(s) as follows:

| Lessee Name(s) | Unit# | Current Rent | Copy of Lease Attached | Tenancy Conveys |
|---|---|---|---|---|
| Michael Jackson | 1 | $1,210 | ☐ Yes ☑ No | ☑ Yes ☐ No |
| VACANT | 2 | - | ☐ Yes ☑ No | ☑ Yes ☐ No |
| Monique Peterson | 3 | $1,453 | ☐ Yes ☑ No | ☑ Yes ☐ No |
| Laniece Moore | 4 | $1,318 | ☐ Yes ☑ No | ☑ Yes ☐ No |

**A. Possession:** Buyer and Seller agree that Buyer's obligation to complete Settlement ☐ IS or ☑ IS NOT **(choose one)** contingent upon Seller delivering the Property vacant and free of tenancies at Settlement. Seller will give possession of Property at Settlement subject to existing tenancy(ies) and leases as indicated above.

**B. Adjustments:** Rents are to be adjusted to the Settlement Date. Security deposits and any accrued interest thereon are to be paid to Buyer at the time of Settlement.

**C. Seller Obligation:** Without the prior written consent of Buyer, Seller shall not modify the terms of or terminate any tenancy(ies) intended to convey. In addition, the Seller will not enter into any new leases or tenancies with respect to the Property. Seller shall keep Buyer and Brokers apprised of all tenancy-related correspondence and negotiations with Lessee(s), and any actions required to be taken by Seller shall be taken in accordance with District of Columbia law and regulations.

**3. TENANT OPPORTUNITY TO PURCHASE ("TOPA"):** TOPA provides certain lessees in the District of Columbia with an opportunity to purchase the rental accommodation and a right of first refusal pursuant to Title IV of D.C. Law 3-86, "RENTAL HOUSING CONVERSION AND SALE ACT OF 1980".

**A. Required Notice to all Lessees:** In compliance with DC Official Code §42-3404.03, Seller must send via certified mail, on the same day, to each Lessee individually and the Mayor in care of the District of Columbia Department of Housing and Community Development ("DHCD") certain required TOPA Notices on forms provided by DHCD. Seller **(choose one)**:

☐ **HAS** provided on _____ to Lessee(s) and DHCD a written **Offer of Sale and Tenant Opportunity to**
   Date
**Purchase Without A Third Party Sale Contract for Housing Accommodations with Two, Three or Four Rental Units** ("Form B"), a copy of which is attached hereto. Seller represents and agrees that within 5 Business Days after Date of Ratification of this Contract, Seller will send to Lessee(s) and DHCD, the 15-day **Right of First Refusal for a Two, Three or Four Rental Unit Housing Accommodation** ("Form C") together with a copy of this Contract. Seller will also post Form C with a copy of this Contract in a conspicuous place in the common area of the housing accommodation.

☑ **HAS NOT** provided Form B to Lessee(s) and DHCD. Seller represents and agrees that, within 5 Business Days after Date of Ratification of this Contract, Seller will send to Lessee(s) and DHCD a written **Offer of Sale and Tenant Opportunity to Purchase With A Third Party Sale Contract for Housing Accommodation with Two, Three or Four Rental Units**, which Notice also contains a 15-day right of first refusal ("Form A") together with a copy of this Contract. Seller will also post Form A with a copy of this Contract in a conspicuous place in the common area of the housing accommodation.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1381 - Tenancy Addendum 2-4 Units    Page 1 of 2    2/2025

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve

Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

4.  **TOPA COMPLIANCE:** Seller agrees to contact Settlement Agent within 3 Business Days of Ratification to ensure Buyer's ability to procure an owner's title insurance policy without exception to TOPA and to determine that Seller is either in compliance with both TOPA Notice requirements and title insurance underwriting requirements pertaining to TOPA ("TOPA Compliance") or to establish the necessary actions to be in compliance with such requirements.

Accomplishing TOPA Compliance requires Delivery to the Settlement Agent of specific documentation satisfactory to the title insurance underwriter, including but not limited to, copies of required TOPA Notices and evidence of Delivery of required TOPA Notices as well as collectively completed and executed TOPA Affidavits and/or Assignments for consideration executed by all Lessees (as required by the title insurance underwriter), evidencing that Lessees have elected to not exercise rights to purchase and of first refusal.

A.  **Buyer's Right to Void:** In the event that Seller has not accomplished TOPA Compliance, within _____ days following the Date of Ratification ("Deadline"), Buyer may, at any time thereafter, but prior to Seller accomplishing TOPA Compliance, Deliver Notice that this Contract will become Void at 6:00 p.m. on the 3rd Day following Delivery of Buyer's Notice, unless prior to that date and time, Seller has accomplished TOPA Compliance, in which case, this Contract will remain in full force and effect.

B.  **Settlement:** Buyer and Seller acknowledge that Seller must accomplish TOPA Compliance prior to the Settlement Date. If Settlement does not occur on the Settlement Date due to Seller not having accomplished TOPA Compliance, and Seller is not in Default, then the Settlement Date shall automatically be extended to the date which is the third Business Day following the date Seller accomplishes TOPA Compliance unless otherwise agreed by Buyer and Seller.

C.  **General Provisions:** Seller shall keep Buyer and Brokers apprised of all correspondence, contracts, and other developments with respect to any TOPA-related negotiations with Lessee(s). All actions required hereunder to be taken by Seller shall be taken in accordance with District of Columbia law and regulations.

| _James Neher_ | dotloop verified<br>03/21/25 2:36 PM EDT<br>1KER-UWNV-BNGZ-9KJL | Larin Connor | _Larin Connor_ | 07/04/25 |
|---|---|---|---|---|
| Seller | Date | Buyer | | Date |
| _Nancy Neher_ | dotloop verified<br>03/21/25 2:53 PM EDT<br>8HXG-ECNG-ATTR-HJUU | | | |
| Seller | Date | Buyer | | Date |

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1381 - Tenancy Addendum 2-4 Units          Page 2 of 2

2/2025

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-00D3AAA0996D





## Jurisdictional Disclosure and Addendum to the Sales Contract for District of Columbia
### *(Required for the Listing Agreement and required for the GCAAR Sales Contract)*

The Contract of Sale dated __06/26/2025__, between **Larin Connor**
_____(Buyer) and _____ **James & Nancy Neher Living Trust** _____(Seller)
for the purchase of the real property located at Address _____ **2315 Green Street S.E.** _____
Unit #_____City_____ **Washington** _____State **D.C.** Zip Code___ **20020** ___, Parking Space(s) # _____
Storage Unit #_____with the legal description of Lot____ **80** _____Block/Square____ **5753** ____
Section_____Subdivision/Project Name_____ **Anacostia** _____Tax Account # _____
is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this Contract.

---

### PART I. SELLER DISCLOSURE - AT TIME OF LISTING:
The information contained in this Disclosure was completed by Seller, is based on the Seller's actual knowledge and belief, and is current as of the date hereof.

1. **SELLER DISCLOSURE:** Pursuant to D.C. Code §42-1301, Seller is exempt from property condition disclosure.
☐ Yes ☒ No

2. **HERITAGE TREES:** Pursuant to DC Code § 8-651.02(3A), a heritage tree is a tree with a circumference of 100 inches or more. Pursuant to D.C. Code § 8-651.04a there are restrictions, penalties and/or fines that may be levied for removal of Heritage Trees. Seller discloses there ☐ **IS**, OR ☐ **IS NOT**, a Heritage Tree, or trees, on the property.

3. **TENANCY:** Seller represents that property ☑ **is/was** OR ☐ **is not/was not** subject to an existing residential lease or tenancy at the time Seller decided to sell. District of Columbia broadly defines a tenant as "a tenant, subtenant, lessee, sublessee, or other person entitled to the possession, occupancy, or the benefits of any rental unit within a housing accommodation." If applicable, the following required Addendum shall be incorporated into the Contract.
☐ Tenancy Addendum for District of Columbia (Single-Family Accommodation)
☒ Tenancy Addendum for District of Columbia (2 to 4 Rental Units)
☐ Multi-Unit or Non-Residential Addendum

4. **CONDOMINIUM/CO-OPERATIVE/HOMEOWNERS ASSOCIATION:** Seller represents that this Property ☐ **is** OR ☑ **is not** subject to a condominium, co-operative or homeowners association. If applicable, the following required addendum is attached:
☐ Condominium Seller Disclosure/Resale Addendum for District of Columbia,
☐ Co-operative Seller Disclosure/Resale Addendum for Maryland and District of Columbia, or
☐ HOA Seller Disclosure/Resale Addendum for District of Columbia

5. **UNDERGROUND STORAGE TANK DISCLOSURE:** **(Applicable to single family home sales only)**
In accordance with the requirements of the District of Columbia Underground Storage Tank Management Act of 1990 [D.C. Code §8-113.02(g)], as amended by the District of Columbia Underground Storage Tank Management Act of 1990 Amendment Act of 1992 (the "Act") and the regulations adopted thereunder by the District of Columbia (the "Regulations"), Seller hereby informs Buyer that Seller has no knowledge of the existence or removal during Seller's ownership of the Property of any underground storage tanks as that term is defined in the Act and the Regulations, except as follows: _____
_____.

6. **PROPERTY TAXES:** Future property taxes may change. To determine the applicable rate, see_
https://www.taxpayerservicecenter.com/RP_Search.jsp?search_type=Assessment. Additional information regarding property tax relief and tax credit information (tax reductions for seniors, homestead exemptions, property tax abatements and others) can be found at: http://otr.cfo.dc.gov/page/real-property-tax-credits-frequently-asked-questions-faqs.

Seller _*James Neher*_  dotloop verified 07/03/25 8:33 PM EDT 4GOT-ZNYU-NR67-WHBO    Date    Seller _*Nancy Neher*_  dotloop verified 07/03/25 8:37 PM EDT XDBW-CYQN-JSRG-C7MV

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1313 - DC Jurisdictional Addendum        Page 1 of 2        7/2023

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8P7C-00DD3A8A99B2

## PART II. RESALE ADDENDUM

The Contract of Sale dated __06/26/2025__ between Seller __James & Nancy Neher Living Trust__
and Buyer__ Larin Connor _____is hereby amended by the incorporation of
Parts I and II herein, which shall supersede any provisions to the contrary in the Contract.

1. **SELLER DISCLOSURE:** Pursuant to D.C. Code §42-1302, prior to the submission of the offer, Buyer is entitled to a Seller's Disclosure Statement (if Seller is not exempt) and hereby acknowledges receipt of same.  ☐ **Yes** ☐ **No**
☐ **Not applicable**

2. **RECORDATION AND TRANSFER TAXES:** Rates vary with the sales price and based on property type. See http://otr.cfo.dc.gov/service/recorder-deeds-frequently-asked-questions-faqs. In limited circumstances, an exemption from Recordation Tax may be available to Buyer, if Buyer meets the requirements for the Lower Income Home Ownership Exemption Program ("Tax Abatement Program"). See below for additional information.
Unless otherwise negotiated, the following will apply:

   A. **Real Property:** Recordation Tax will be paid by Buyer and Transfer Tax will be paid by Seller.
   B. **Co-operatives:** The Economic Interest Deed Recordation Tax will be split equally between Buyer and Seller. There is no Transfer Tax for Co-operatives.
   C. **Tax Abatement Program:** Additional information (including the required Application Form) for the Tax Abatement Program can be obtained at: http://otr.cfo.dc.gov/sites/default/files/dc/sites/otr/publication/attachments/sharp%40dc.gov_20140909_110358.pdf. If Buyer meets the requirements of this program, Buyer will be exempt from Recordation Tax. Additionally, Seller shall credit Buyer an amount equal to what would normally be paid to the District of Columbia as Seller's Transfer Tax to be applied towards Buyer's settlement costs. This credit shall be in addition to any other amount(s) Seller has agreed to pay under the provisions of this Contract. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.
   Buyer ☐ is OR ☒ is not applying for the Tax Abatement Program.
   D. **First-Time Homebuyer Recordation Tax Credit:** Buyer ☐ is OR ☒ is not a District of Columbia First- Time Homebuyer and may be eligible for a reduced recordation tax. It is the Buyer's responsibility to confirm their eligibility (See https://otr.cfo.dc.gov/node/1272871).

3. The principals to the Contract mutually agree that the provisions hereof shall survive the execution and delivery of the Deed and shall not be merged herein.

| *James Neher* | dotloop verified 07/03/25 8:33 PM EDT KUSB-TL9C-5BJH-2IVI | *Larin Connor* Authentisign | 07/02/25 |
|---|---|---|---|
| Seller *(sign only after Buyer)* | Date | Buyer Larin Connor | Date |
| *Nancy Neher* | dotloop verified 07/03/25 8:37 PM EDT DKRW-ZUEN-GSGM-EEIV | | |
| Seller *(sign only after Buyer)* | Date | Buyer | Date |

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. Previous editions of this Form should be destroyed.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8E7C-000D3A8A9962





## Multi-Unit or Non-Residential Addendum

*(To be used for two or more-unit properties in Montgomery County, Maryland or the District of Columbia)*

The Contract of Sale dated____**June 26, 2025**____ Address_____**2315 Green Street S.E.**_____

Unit #_____, City_____**Washington**_____, State____**D.C.**____ Zip_____**20020**____

Between Seller_____**James & Nancy Neher Living Trust**_____

and Buyer_____**Larin Connor**_____

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this contract.

**1.   TENANCY:** Buyer and Seller rights and obligations with respect to any existing tenancy(ies) and/or lease(s); possession conveyed at Settlement; rent and security deposit adjustments and transfers; and/or the rights of any Lessee(s) or government entity to purchase the Property, as provided by applicable law, shall be addressed in the appropriate GCAAR Tenancy Addendum.

**2.   FEASIBILITY STUDIES:** It is agreed that the following paragraphs which are initialed by all parties shall be made a part of said Contract.

**A.   PHYSICAL INSPECTION:** This Contract is contingent until 6:00 p.m. on the ___**25**___ Day after the Date of Ratification ("Physical Inspection Deadline") for a physical inspection study to determine the feasibility of the property for Buyer's purposes by Buyer and/or any Buyer representative(s) at Buyer's discretion, expense, and liability. Buyer and/or any Buyer representative(s) shall have a license to enter the Property, subject to terms and conditions of any lease(s). At any time prior to the Physical Inspection Deadline, Buyer may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Physical Inspection Deadline, this contingency will terminate, and this Contract will remain in full force and effect.

**B.   LEASES AND RENTS:** Seller shall provide Buyer with copies of all existing Lessee leases, schedule of rents, and schedule of security deposits ("Leases and Rents") within 5 Business Days of the Date of Ratification ("Leases and Rents Deadline"). In the event Seller does not provide Leases and Rents by the Leases and Rents Deadline, Buyer Deliver Notice to Seller declaring this Contract Void. This Contract is contingent until 6:00 p.m. on the ___**10**___ after receipt of Leases and Rents for Buyer's review ("Leases and Rents Contingency Deadline"). At any time prior to the Leases and Rents Contingency Deadline, Buyer in Buyer's sole discretion, may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Leases and Rents Contingency Deadline, this contingency will terminate, and this Contract will remain in full force and effect.

**C.   SERVICE CONTRACTS AND LEASED ITEMS:** Seller shall provide Buyer with copies of all existing operational leases and service contracts, including but not limited to management, trash, snow removal, laundry services, grounds maintenance, pest control, heating fuel, equipment, service, and maintenance contracts ("Service Contracts") within 5 Business Days of the Date of Ratification ("Service Contracts Deadline"). In the event Seller not provide Service Contracts by the Service Contracts Deadline, Buyer may Deliver Notice to Seller declaring this Contract Void. This Contract is contingent until 6:00 p.m. on the ___**10**___ Day after receipt of Service Contracts for Buyer's review ("Service Contracts Contingency Deadline"). At any time prior to the Service Contracts Contingency Deadline, Buyer in Buyer's sole discretion, may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Service Contracts Contingency Deadline, this contingency will terminate, and this Contract will remain in full force and effect. Seller shall assign to Buyer at Settlement all existing Service Contracts.

*James Neher*  
dotloop verified 07/03/25 8:33 PM EDT TDPV-NETD-NRMI-PBXM  
Seller _____ Date  
James & Nancy Neher Living Trust

*Nancy Neher*  
dotloop verified 07/03/25 8:37 PM EDT DCZP-RXL8-QDJL-XN84  
Seller _____ Date

**AuthentiSIGN** *Larin Connor*  07/02/25  
Buyer _____ Date  
**Larin Connor**

Buyer _____ Date

©2024 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1350 – MC & DC – Multi Unit Sales Addendum        Page 1 of 1        7/2024

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A0962


REALTOR®


GCAAR
GREATER CAPITAL AREA ASSOCIATION OF REALTORS®


EQUAL HOUSING OPPORTUNITY

# Addendum for Seller to Pay Buyer Broker Compensation
## (For use in Montgomery County, MD and Washington, DC)

The Contract of Sale dated __06/26/2025__ between __Larin Connor__ ("Buyer") and __James & Nancy Neher Living Trust__ (Seller) for the purchase of the real property located at Address __2315 Green Street S.E.__
Unit # _____ City __Washington__ State __D.C.__ Zip Code __20020__, is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in the Contract.

Seller agrees to pay Buyer Broker a broker's compensation ("Buyer Broker Compensation") equal to:

[X]  __3.000__ % of the sales price; **OR**

[ ]  $ _____ ; **OR**

[ ]  _____ % of the sales price **AND** $ _____ .

Payment of Buyer Broker Compensation is due at Settlement. Seller instructs the Settlement Agent to pay the Buyer Broker Compensation as set forth in the listing agreement and/or to disburse any additional Buyer Broker Compensation as stipulated by this Addendum to the Contract to the Buyer Broker at Settlement.

*James Neher*
dotloop verified
07/03/25 8:33 PM EDT
4NJB-FYZL-DURT-ELSS

Seller **James & Nancy Neher Living Trust**  Date

*Nancy Neher*
dotloop verified
07/03/25 8:37 PM EDT
KXU6-0JST-ALVA-HHSI

Seller _____  Date

Authentisign
*Larin Connor*  07/02/25

Buyer **Larin Connor**  Date

Buyer _____  Date

© 2024, The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form #1302 - Addendum for Seller to Pay Buyer Broker Compensation    Page 1 of 1    7/2024

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774
Frank Smith    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com    Phone: 3014640044    Fax: 800-391-1975    Buyer Agreement