

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION – CIVIL ACTIONS BRANCH**
**500 INDIANA AVENUE NW, Room 5000**
**WASHINGTON, DC 20001**

**Date:**   **05/19/2026**

The Honorable Angela Caesar, Clerk
United States District Court for the District of Columbia
3rd and Constitution Avenue, Washington, D.C. 20001

**In Re:**                    **Larin Connor v. James Neher et al.**

**Civil Action Number:**  **2026-CAB-002111**

**U.S. District Number:**  **1:26-cv-01521**

Dear Ms. Angela Caesar:

Transmitted herewith are all of the pleadings filed in the above captioned case pursuant to a Petition for Removal Filed in the District of Columbia Superior Court on **05/04/2026** . A certified copy of the docket entries is also enclosed.

Please acknowledge receipt of our file on a duplicate copy of this letter, and return it to this Court.

Sincerely,

Ana Guzman, Branch Chief
Civil Actions Branch

**Completed By:** _____

Modified: 5/3/2024 RC

# CASE SUMMARY
## CASE NO. 2026-CAB-002111

| Larin Connor v. James Neher et al. | § | | |
|---|---|---|---|
| | § | Location: | **Civil Actions** |
| | § | Judicial Officer: | **Sanchez, Veronica M** |
| | § | Filed on: | **03/30/2026** |
| | § | U.S. District Court Case Number: | **1:26-cv-01521** |
| | § | | |

---

### CASE INFORMATION

| | Case Type: | **Real Property** |
|---|---|---|
| | Subtype: | **Specific Performance** |
| | Case Status: | **03/30/2026   Open** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2026-CAB-002111 |
| Court | Civil Actions |
| Date Assigned | 04/01/2026 |
| Judicial Officer | Sanchez, Veronica M |

A TRUE COPY
TEST: 5/19/2026

Clerk, Superior Court of
the District of Columbia

By _Ricki Copeland_
Deputy Clerk
Ricki Copeland

---

### PARTY INFORMATION

| | | *Attorneys* |
|---|---|---|
| **Plaintiff** | **Connor, Larin** | **Johnson, Lucrecia P** |
| | | *Retained* |
| | | 202-643-6211(W) |
| **Defendant** | **James & Nancy Neher Living Trust** | **Press, Daniel M** |
| | | *Retained* |
| | | 703-734-3800(W) |
| | **Neher, James** | **Press, Daniel M** |
| | | *Retained* |
| | | 703-734-3800(W) |
| | **Neher, Nancy** | **Press, Daniel M** |
| | | *Retained* |
| | | 703-734-3800(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

### EVENTS

**05/04/2026**  Notice of Removal to US District Court
Docketed on: 05/04/2026
Party: Defendant Neher, James; Defendant Neher, Nancy; Defendant James & Nancy Neher Living Trust

**05/01/2026**  Affidavit/Declaration of Service of Summons and Complaint
Docketed On: 05/04/2026
Filed By: Plaintiff Connor, Larin
Served On: Defendant Neher, James

**05/01/2026**  Affidavit/Declaration of Service: Substitute Service
*Served On: James Neher for Nancy Neher*
Docketed On: 05/04/2026
Filed By: Plaintiff Connor, Larin
Served On: Defendant Neher, Nancy

**05/01/2026**

*Printed on 05/19/2026 at 3:05 PM*

# CASE SUMMARY
## CASE NO. 2026-CAB-002111

|  |  |
|---|---|
|  | Affidavit/Declaration of Service of Summons and Complaint<br>Docketed On: 05/04/2026<br>Filed By:  Plaintiff  Connor, Larin<br>Served On:  Defendant  James & Nancy Neher Living Trust |
| 04/06/2026 | Motion for Preliminary Injunction Filed<br>*Motion for Preliminary Injunction*<br>Docketed on: 04/07/2026<br>Filed by:  Plaintiff  Connor, Larin |
| 04/03/2026 | Notice |
| 04/01/2026 | Notice |
| 04/01/2026 | Initial Order for Real Property [Remote] (Judicial Officer: Sanchez, Veronica M ) |
| 03/30/2026 | Complaint eFiled<br>Docketed on: 04/01/2026<br>Filed by:  Plaintiff  Connor, Larin |

## HEARINGS

| 07/24/2026 | **Remote Initial Scheduling Conference** (9:30 AM)  (Judicial Officer: Sanchez, Veronica M ;Location: Courtroom 200) |
|---|---|

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff**  Connor, Larin
Total Charges                                                                                    140.00
Total Payments and Credits                                                          140.00
**Balance Due as of  05/19/2026**                                              **0.00**

eFiled
5/4/2026 3:15:21 AM
Superior Court
of the District of Columbia

DISTRICT OF COLUMBIA SUPERIOR COURT
CIVIL DIVISION

LARIN CONNOR                                        )
    Plaintiff,                              )
                                                    )
v.                                                  )    Civil No. 2026-CAB-002111
                                                    )
JAMES NEHER                                         )
NANCY NEHER                                         )
JAMES & NANCY NEHER LIVING TRUST                    )
                                                    )
    Defendants.                             )
_____            )

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on May 4, 2026, Defendants filed a Notice of Removal of this

Action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1441.

A copy of the Notice of Removal is attached hereto and filed herewith.  The case has been assigned

No 1:26-cv-01521 in the U.S. District Court.

    Accordingly, no further action may be taken in this case in this Court.


Respectfully submitted,


*/s/ Daniel M. Press*
Daniel M. Press
D.C. Bar No. 419739
CHUNG & PRESS, P.C.
6718 Whittier Avenue, # 200
McLean, VA 22101
Ph. # 703-734-3800
Fax # 703-734-0590
dpress@chung-press.com
Counsel for Defendants

1

2

CERTIFICATE OF SERVICE

   This is to certify that on this 4th day of May, 2026, I caused a copy of the foregoing document to be served on counsel for Plaintiff by e-filing or, if not served by the e-filing system, by first class mail, postage prepaid, addressed to:

.
Lucrecia Johnson, Esq.
LPJ Legal PLLC
853 New Jersey Ave, S.E., Suite 200
Washington, D.C. 20003

             _/s/ Daniel M. Press_____
             Daniel M. Press

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LARIN CONNOR | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 26-1521 |
| | ) | |
| JAMES NEHER | ) | |
| NANCY NEHER | ) | |
| JAMES & NANCY NEHER LIVING TRUST | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendants, James Neher, Nancy Neher and the James & Nancy Neher Living Trust, by and through the undersigned counsel, pursuant to 28 U.S.C. § 1441, remove this action to this Court from the Superior Court of the District of Columbia, in which court it has Case Number 2026-CAB-002111, and in support thereof state as follows:

1. Plaintiff alleges that is a citizen of the District of Columbia, and Defendants therefore assert the same.

2. Defendants James Neher and Nancy Neher are individual citizens of Maryland.

3. Defendant JAMES & NANCY NEHER LIVING TRUST is a revocable trust of which Defendants James and Nancy Neher are the trustees, and is therefore a citizen of Maryland.

4. Plaintiff being a citizen of the District of Columbia, and Defendants being citizens of Maryland, and the amount in controversy being in excess of $75,000.00, this Court has jurisdiction over this action under 28 U.S.C. 1332.

5. None of the parties in interest properly joined and served being citizens of the District of Columbia, this action is removable under 28 U.S.C. § 1441(b).

6. Copies of all process, pleadings, and orders filed in the D.C. Superior Court are attached hereto. Service of process was effected less than 30 days prior to the date hereof.

1

Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

WHEREFORE, this action is hereby removed to the United States District Court for the District of Columbia.

DATED : **May 4, 2026**

Respectfully submitted,

*/s/ Daniel M. Press*
Daniel M. Press
D.C. Bar No. 419739
CHUNG & PRESS, P.C.
6718 Whittier Avenue, # 200
McLean, VA 22101
Ph. # 703-734-3800
Fax # 703-734-0590
dpress@chung-press.com
Counsel for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May, 2026, I caused a true copy of the foregoing Notice to be served upon counsel for Plaintiff by email and first class mail, postage prepaid, as follows:

Lucrecia Johnson, Esq.
LPJ Legal PLLC
853 New Jersey Ave, S.E., Suite 200
Washington, D.C. 20003
    lucrecia@lpjlegal.com

In addition, a copy hereof is being filed in the office of the D.C. Superior Court and will be served by that Court's e-filing system.

 /s/ Daniel M. Press_____
Daniel M. Press

2

# CIVIL COVER SHEET

JS-44 (Rev. 11/2020 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Larin Connor | James Neher, Nancy Neher, James & Nancy Neher Living Trust |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **DC** **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Lucrecia Johnson, Esq. (D.C. Bar No. 1015623) LPJ Legal PLLC 853 New Jersey Ave, S.E., Suite 200 Washington, D.C. 20003 (202) 643-6211 | Daniel M Press, 419739 6718 Whittier Ave #200 McLean VA 22101 703-734-3800 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ⊙ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ **410 Antitrust**

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ **151 Medicare Act**

**Social Security**
☐ **861 HIA (1395ff)**
☐ **862 Black Lung (923)**
☐ **863 DIWC/DIWW (405(g))**
☐ **864 SSID Title XVI**
☐ **865 RSI (405(g))**
**Other Statutes**
☐ **891 Agricultural Acts**
☐ **893 Environmental Matters**
☐ **890 Other Statutory Actions (If Administrative Agency is Involved)**

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

○ **E.** *General Civil (Other)*     **OR**     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**Other Statutes**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 462 Naturalization Application

☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organization
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/ Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/Privacy Act* | J. *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus – General** <br> ☐ **510 Motion/Vacate Sentence** <br> ☐ **463 Habeas Corpus – Alien Detainee** | ☐ **442 Civil Rights – Employment** (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loan** (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **740 Labor Railway Act** <br> ☐ **751 Family and Medical Leave Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **440 Other Civil Rights** <br> ☐ **445 Americans w/Disabilities – Employment** <br> ☐ **446 Americans w/Disabilities – Other** <br> ☐ **448 Education** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☒ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights – Voting (if Voting Rights Act)** |

**V. ORIGIN**

○ **1 Original Proceeding**    ● **2 Removed from State Court**    ○ **3 Remanded from Appellate Court**    ○ **4 Reinstated or Reopened**    ○ **5 Transferred from another district (specify)**    ○ **6 Multi-district Litigation**    ○ **7 Appeal to District Judge from Mag. Judge**    ○ **8 Multi-district Litigation – Direct File**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1332 - Alleged breach of real estate sale contract

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    **JURY DEMAND:**    Check YES only if demanded in complaint    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form

DATE: _____5/4/2026_____    SIGNATURE OF ATTORNEY OF RECORD _____/s/ Daniel M Press_____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**    CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**Larin Connor**
4455 Connecticut Ave NW #933
Washington DC 20008

    Plaintiff

    v.

**James Neher**
**Nancy Neher**
Individually and as Trustees of the
James & Nancy Neher Living Trust
1806 Merrifields Dr
Silver Spring, MD 20906

**James & Nancy Neher Living Trust**
1806 Merrifields Dr
Silver Spring, MD 20906

    Defendants.

Case No.:    2026-CAB-002111

**Action Involving Real Property**

---

## COMPLAINT FOR SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF

Plaintiff, Larin Connor ("Mr. Connor"), by and through his attorney, Lucrecia P. Johnson, Esq., and LPJ Legal, PLLC, files this complaint against James Neher, Nancy Neher, and the James and Nancy Neher Living Trust (together "Defendants"). In support, Plaintiff states as follows:

### PARTIES

1.    Plaintiff, Larin Connor, is an individual and a resident of the District of Columbia. Plaintiff is the prospective buyer of a property located at 2315 Green Street SE, Washington, DC 20020.

2.    Upon information and belief, Defendants, James Neher, and Nancy Neher are Trustees of the James and Nancy Neher Living Trust (The Trust). The Trust is the owner and seller of a property located at 2315 Green Street SE, Washington, DC 20020.

## JURISDICTION

3.     The Court has subject-matter jurisdiction over this action pursuant to D.C. Code §11-921(a).

4.     This Court has personal jurisdiction over Defendants pursuant to D.C. Code §13-423(a)(1),(5) because Defendants transacted business in the District of Columbia and own real property in the District of Columbia.

5.     Venue is proper in the District of Columbia because the property is located in the District and the parties' contract includes a District of Columbia jurisdictional addendum.

## FACTS

6.     On or about July 3, 2025, Mr. Connor and the Defendants executed a Sales Contract for the sale of a property located at 2315 Green Street SE, Washington, DC 20020. *See Exhibit A.*

7.     2315 Green Street SE, Washington, DC 20020, is a four-unit residential property. At the time that the Sales Contract was entered into, three of the four units were occupied by tenants who were paying almost $4,000.00 in rent.

8.     Mr. Conner stood in a position to earn the extra $4,000.00 in monthly income after purchasing the property.

9.     The contract was a multipage contract that was created after negotiations by the parties on its terms.

10.    The Trust promised to sell its entire interest in the property for $660,000.00, and Mr. Connor agreed to buy the property.

11.    Paragraph 2 of the Sales Contract included a Jurisdictional Addendum for the District of Columbia.

12.    Mr. Connor was to pay a down payment of 25% of the sales price.

2

13. The contract called for a buyer's deposit in the amount of $2000.00 to be delivered within two (2) days after the date of ratification.

14. Mr. Conner paid the deposit.

15. Paragraph 6 of the sales contract stated that "Seller and Buyer will perform in accordance with the terms of this contract on the 08/29/2025."

16. Paragraph 22 states that "in any action or proceeding between Buyer and seller based, in whole or in part, upon the performance or non-performance of the terms and conditions of this Contract, including but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable Legal Expenses from the other party as determined by the Court or arbitrator."

17. Paragraph 33 of the contract states that the contract "will be binding upon the parties and each of their respective heirs, executors, administrators, successors and permitted assigns...This Contract, unless amended in writing, contains the final and entire agreement of the parties, and the parties will not be bound by any terms, conditions, oral statements, warranties, or representations not herein contained. The interpretation of this Contract will be governed by the laws of the jurisdiction where the Property is located."

18. The Trust agreed to finance the transaction itself through a Seller Held Trust in the amount of $495,000.

19. An attached Seller Financing Addendum laid out the terms of the financing agreement. *See Exhibit B.*

20. The Seller Financing Addendum amended the contract of sale between Plaintiff and Defendant by incorporating terms of the addendum, which superseded any provisions to the

3

contrary in the Sales Contract. The seller financing addendum expressly provided that any paragraphs that were checked and initial by the parties will be made a part of the sales contract.

21.    The only checked and initialed paragraph in the Seller Financing Addendum is paragraph 1, which states that the Seller will take back a deferred purchase money loan in the amount of $495,000, which shall bear interest at the rate of five (5) % per annum and be payable no later than five (5) years. The loan was to be evidenced and secured by a standard Fannie Mae and Freddie Mac (hereinafter "FNMA/FHLMC") note and a deed of trust encumbering the property, which shall provide for a 5% late charge of any monthly installment not received within 15 days after the same is due, and a 50% commission payable to the trustees in the event of foreclosure. The monthly installments will be $2,062.50.

22.    The Sales Contract, along with the Seller Financing Addendum, was signed by Mr. Connor on July 2, 2025, and signed by James Neher and Nancy Neher on July 3, 2025.

23.    The agreement to sell the property was fully executed on or about July 3, 2025.

24.    After the execution of the Sales contract and Seller Financing Addendum, the trust provided Mr. Connor with a note in August 2025.

25.    Upon information and belief, and contrary to the Seller Financing Addendum, the note that the Trust gave to Mr. Connor was not a standard FNMA/FHLMC note.

26.    The note also included several provisions that either directly contradict the Seller Financing Addendum or the District of Columbia Law.

27.    First, the note included a confessed judgment provision.

28.    Standard, FNMA/FHLMC notes do not include confessed judgment provisions.

29.    Next, Paragraph 5 of the note included a late payment charge of ten percent (10%) of the amount due if payment due under the note is not received within five days. This directly contradicts

4

the Seller Financing Addendum, which states that the late charge is 5% of any monthly installment not received within 15 days.

30.    The note further included a choice of law provision for the State of Maryland, creating a direct conflict with the subject property's location and the D.C. jurisdictional addendum established in the Sales Contract. It appears the Seller seeks to invoke Maryland law because it offers more favorable terms for the lender than the District's statutes, particularly concerning several contested provisions the Seller is attempting to add to the note.

31.    Mr. Connor objected to the terms in the promissory note because they significantly differed from the agreed-upon Seller Financing Addendum and included predatory and unlawful terms.

32.    Mr. Connor requested that the Defendants redraft the note prior to settlement.

33.    The Defendants refused to redraft the promissory note, and the settlement did not occur as scheduled.

34.    Providing financing pursuant to the sales contract and the seller's financing addendum was a condition precedent to Mr. Connors duty to go to settlement. Because that condition was never satisfied, his performance never became due.

35.    Mr. Connor is ready, willing, and able to perform his obligation under the Sales Contract, including proceeding to settlement/closing and executing financing documents that conform to the Seller financing addendum and applicable District of Columbia law.

36.    Mr. Connor has the down payment set aside in a bank account and has already made the deposit as he was required to do.

37.    The Defendants are aware that Mr. Connor is ready, willing, and able to perform his obligation.

5

38.     Defendants' refusal to perform according to the contract and to provide a note that is lawful and that conforms to the Sales Contract and attached Seller Financing Addendum has damaged Mr. Connor.

39.     If the settlement had occurred in August 2025 as scheduled, Mr. Connor would have earned an extra $4,000.00 a month since the date of closing.

40.     Mr. Connor also lost the $2,000.00 he provided as a deposit.

41.     Mr. Connor turns to this Court and seeks specific performance of the contract.

## COUNT I

### Breach of Contract

42.     Plaintiff realleges and restates the allegations in the preceding paragraph as if fully stated herein.

43.     The sales contract and the seller financing addendum are valid, enforceable contracts supported by consideration and signed by the parties.

44.     Defendants breached the Sales Contract and Seller Financing Addendum by, among other things, refusing to honor and implement the Seller Financing Addendum as written and by conditioning their performance on Plaintiff's acceptance of a materially different and predatory promissory note.

45.     Defendants' breach prevented Plaintiff from receiving the benefit of the contract, which is the purchase and conveyance of the property and the rental income.

46.     Plaintiff is ready, willing, and able to perform in a reasonable time the obligations imposed upon it in the performance of the terms of the contract.

47.     Money damages will be inadequate or impracticable because land is the subject matter of the agreement. *Flack v. Laster*, 417 A.2d 393, 40 (D.C. 1980).

6

48. Accordingly, Mr. Connor is entitled to specific performance to enforce the contract to purchase the premises. *Flack v. Laster*, 417 A.2d 393, 401 (D.C. 1980).

## COUNT II

### Breach of the Implied Covenant of Good Faith and Fair Dealing

49. Plaintiff realleges and restates the allegations in the preceding paragraph as if fully stated herein.

50. In the District of Columbia law, every contract contains an implied covenant of good faith and fair dealing that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Willens v. 2720 Wis. Ave. Coop. Ass'n*, 844 A.2d 1126, 1135 ( D.C. 2004) ( quoting *Hais v. Smith*, 547 A.2d 986, 987 (D.C. 1988)).

51. "If the party to a contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied [**18] covenant of good faith and fair dealing." *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006).

52. Defendants breached the implied covenant by, among other things, attempting to impose materially different and predatory terms not contained in the Sales Contract and  Seller Financing Addendum, refusing to redraft or provide conforming financing documents after Plaintiff objected, and interfering with and preventing Plaintiff's ability to receive the benefit of the contract.

## Count III

### Violation Of The D.C. Consumer Protection Procedures Act (CPPA)

53. Plaintiff realleges and restates the allegations in the preceding paragraph as if fully stated herein.

7

54.    _  The CPPA applies to trade practices involving goods and services, and goods and services include consumer credit and real estate transactions. D.C. Code §28-3901(a)(7).

55.    Plaintiff is a consumer within the meaning of CPPA.

56.    Defendants are persons under the CPPA, and to the extent required and are also merchants because defendant "does or would sell, lease, or transfer, either directly or indirectly, consumer goods or services, or a person who in the ordinary course of business does or would supply the goods or services which are or would be the subject matter of a trade practice.

57.    Under D.C. Code 28-3904(r), it is a violation to "make or enforce unconscionable terms or provisions of sales or leases." See *DeBerry v. First Gov't Mortg. Invs. Corp.*, 743 A.2d 699, 703 (D.C. 1999) (holding "§28-3904(r) applies to real estate mortgage finance transactions").

58.    Defendants' promissory note contained unconscionable terms or provisions, including a confessed judgment clause, a Maryland choice of law provision, and a 10 percent late fee after only 5 days. These terms went against the agreed-upon terms in the sales contract and Seller Financing Addendum, and they are also contrary to D.C. law and policy.

59.    Under D.C. Code § 28-3905(k), a Plaintiff who brings a claim under the Consumer Protection Act may recover or obtain treble damages, reasonable attorney's fees, punitive damages, an injunction against the unlawful trade practice, or other relief which the court determines proper.

**COUNT IV**

**Violation of D.C. Code §28-3310**

60.    Plaintiff realleges and restates the allegations in the preceding paragraph as if fully stated herein.

61.    Under D.C. Code 28-3310(b), "no delinquent or late charge shall be contracted for or received which does not meet all of the following requirements:

8

(1) The delinquency shall have continued for at least 10 calendar days

(2) …

(3) The delinquent or late charge shall not exceed 5% of the total amount of the

delinquent or late periodic installment of principal and interest.

62. Defendants violated D.C. Code § 3310(b) by imposing a late fee after only 5 days and at 10%.

63. Under D.C. Code §28-3314, any borrower who suffers a violation of the above provision by a lender may bring an action to recover attorney fees, actual and punitive damages, or any other relief which the court deems proper.

**COUNT IV**

**Promissory Estoppel (Pled in the Alternative)**

64. Plaintiff realleges and restates the allegations in the preceding paragraph as if fully stated herein.

65. To the extent the court concludes that the Sales Contract and or Seller Financing Addendum is unenforceable in any respect (which plaintiff denies), Plaintiff pleads promissory estoppel in the alternative.

66. Under District of Columbia law, to hold a party liable under promissory estoppel, there must be a promise which reasonably induces reliance to the promisee's detriment, and injustice is avoidable only by enforcement. *Howard Univ. v. Good Food Servs., Inc.*, 608 A.2d 116, 121 (D.C. 1992).

67. Defendant promised to sell the Property to Plaintiff and to provide seller financing on the terms set forth in the Seller Financing Addendum.

9

68.    Plaintiff reasonably relied on Defendants' promise by proceeding toward settlement, refraining from pursuing other purchase opportunities, and incurring transaction-related costs.

69.    Plaintiff made no material changes to his investment portfolio or financial position while the financing process was underway, as these assets were specifically being utilized to secure and finalize the financing. Consequently, he was precluded from reallocating capital to capitalize on significant opportunities within a volatile market.

70.    Plaintiff suffered detriment from that reliance, including costs, delay, and other losses,

71.    Injustice can be avoided only by enforcing the Defendants' promise and ordering specific performance.

COUNT VI

Unjust Enrichment (Pled in the Alternative)

72.    Plaintiff realleges and restates the allegations in the preceding paragraph as if fully stated herein.

73.    To the extent the court concludes that the Sales Contract and or Seller Financing Addendum is unenforceable in any respect (which plaintiff denies), Plaintiff pleads unjust enrichment in the alternative.

74.    Defendants received a benefit from Plaintiff, which is the deposit she paid.

75.    The benefits Defendants received were at the Plaintiff's expense.

76.    It will be inequitable or unjust for the defendant to retain the benefit without compensation.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Larin Connor, respectfully requests that this Honorable Court grant the following:

10

A.    Specific Performance requiring Defendants to convey the property to Plaintiff in accordance with the sales contract and to execute and deliver a note that conforms to the seller financing addendum's material terms and does not include any materially inconsistent terms;

B.    Damages for the breach of contract and loss incurred, including lost rental fees since August 2025;

C.    Enjoining the Defendants from selling, transferring, encumbering, or otherwise disposing of any interest in the property pending final resolution;

D.    Awarding statutory remedies under applicable D.C. law, including but not limited to statutory and/or treble damages, attorney's fees, punitive damages, and injunctive relief; a

E.    Awarding Plaintiffs reasonable attorney's fees and court costs; and

F.    For such other relief as this Court deems appropriate.

Dated March 30, 2026

Respectfully Submitted,

/s/Lucrecia P. Johnson
Lucrecia Johnson, Esq. (D.C. Bar No. 1015623)
LPJ Legal PLLC
853 New Jersey Ave, S.E., Suite 200
Washington, D.C. 20003
(202) 643-6211
lucrecia@lpjlegal.com
Attorney for Plaintiff

11



**EXHIBIT A**



**GCAAR**



## Financial Information Sheet

*This information is presented with the understanding that it may be used as a basis for the acceptance of a contract by the seller. The undersigned hereby authorizes the agent to disclose to the seller, seller's agents, dual agents, cooperating agents and any lender all or any portion of the information sheet. Any misrepresentations, fraudulent entries and/or omissions on this form, which may adversely affect the Buyer's ability to qualify for a loan, may be used as a basis for legal action.*

Buyer (Full Name) _Larin Ashley Connor_

Residence Phone _(202) 546-9866_ Business Phone _____ Other _____

Present Address _4455 Connecticut Ave NW_

Years at Present Address _8_ Own $ _____ PITI or Rent $ _2,800_ Per Month

Previous Address _____

Occupation (Position & Title) _Financial Institution Examiner_ # of Years _8_

Place of Employment (Name & Address) _Consumer Financill Protectn Bureau_

Previous Employer (Name & Address) _____ # of Years _____

Co-Buyer (Full Name) _____

Residence Phone _____ Business Phone _____ Other _____

Present Address _____

Years at Present Address _____ Own $ _____ PITI or Rent $ _____ Per month

Previous Address _____

Occupation (Position & Title) _____ # of Years _____

Place of Employment (Name & Address) _____

Previous Employer (Name & Address) _____ # of Years _____

| GROSS ANNUAL INCOME: | Buyer | Co-Buyer | |
|---|---|---|---|
| Base Salary: | $ _150,000_ | $ _____ | Buyer self-employed? ☐ Yes ☑ No    Co-Buyer self-employed? ☐ Yes ☐ No |
| Overtime: | $ _____ | $ _____ | Are all buyers First Time MD Home Buyers? |
| Bonuses: | $ _10,000_ | $ _____ | *See Below for details |
| Commissions: | $ _____ | $ _____ | ☐ Yes ☑ No |
| Dividends: | $ _____ | $ _____ | Do all Buyers intend to occupy this property? |
| Net Rental Income: | $ _____ | $ _____ | ☐ Yes ☑ No Details: _____ |
| Other: _Law Practice_ | $ _140,000_ | $ _____ | # of Dependents _0_ |
| | $ _____ | $ _____ | |
| TOTAL | $ _300,000_ | $ _____ | Details: _____ |

### ASSETS:

~~Present~~ Residence (if owned): Mkt. Value $ _230,000_ Mtg. Balance(s) $ _____ Lender(s) _Chase_

Checking $ _30,000_ Bank _Capital One, BOA_
$ _/_ Bank _____
Savings $ _10,600_ Bank _Capital One_
$ _____ Bank _____
Credit Union $ _____ Bank _____
Stocks $ _1.2 million_ Bonds $ _____ Life Insurance-Cash $ _____ Face Value $ _____
Other Assets: (Specify) _____

©2005 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1337 - MC & DC                Page 1 of 2                1'
(Previously Form #1504)

*RE/MAX Allegiance 220 Seventh Street SE Washington, DC 20003*
Phone: (202)255-5554        Fax:                Thomas Faison                draft doc

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

LIABILITIES: (Outstanding obligations including auto, mortgage(s), credit card(s), personal loan(s) and/or cosigned loans and all other obligations.)

| Type | Creditor's Name | Unpaid Balance | Payoff Date | # of Payments Remaining | Monthly Payment |
|------|-----------------|----------------|-------------|-------------------------|-----------------|
|      |                 | $              |             |                         | $               |
|      |                 | $              |             |                         | $               |
|      |                 | $              |             |                         | $               |
|      | TOTAL           | $              |             |                         | $               |

Additional Monthly Obligations:    Alimony $ _____    Child Support $ _____    Child Care $ _____

### USE REVERSE SIDE FOR DETAILS OR ADDITIONS

- Has any buyer ever declared bankruptcy?    ☐ Yes ☑ No    If yes, explain on reverse side.
- Are there any outstanding judgments, lawsuits or tax liens current:    ☐ Yes ☑ No    Amount $ _____
  (If yes, use reverse side for details.)
- Are you aware of any factors or conditions that could adversely affect any buyers ability to obtain a mortgage loan?    ☐ Yes ☑ No
  (If yes, use reverse side for details.)
- Is any part of the down payment or settlement costs being obtained from a source other than from assets listed above?    ☐ Yes ☑ No
  (If yes, use reverse side for details.)

(we) certify that I (we) are over the age of majority and that the above information is true and accurate to the best of my (our) knowledge and by my (our) signature(s) acknowledge receipt of this financial information sheet.

_____    _____
Buyer                                Co-Buyer

___6/30/25___    _____
Date                                 Date

First-time Maryland home buyer means an individual who has never owned in the State, residential real property that has been the individual's principal residence, which will be occupied by the buyer as the buyer's principal residence. The buyer can also be a co-maker or guarantor of a purchase money mortgage or deed of trust so long as the co-maker or guarantor will not occupy the residence.

©2005 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                    draft docs for

dotloop signature verification: [illegible]
Authentisign ID: [illegible]





# GCAAR Sales Contract
## TIME IS OF THE ESSENCE AS TO ALL TERMS OF THIS CONTRACT.

The SALES CONTRACT ("Contract") is made on _____ **June 26, 2025** _____ ("Date of Offer") between _____ **Larin Connor** _____ ("Buyer") and _____ **James & Nancy Neher Living Trust** _____ ("Seller") who, among other things, hereby confirm and acknowledge by their initials and signatures herein that by prior disclosure in this real estate transaction _____ **Keller Williams Capitol Properties** _____ ("Listing Company") represents Seller, and _____ **FES & J Realty** _____ ("Selling Company") represents **[X] Buyer OR [ ] Seller.** The Listing Company and Selling Company are collectively referred to as "Broker." (If Broker is acting as a dual representative for both Seller and Buyer, then the appropriate disclosure form is attached to and made a part of this Contract.) In consideration of the mutual promises and covenants set forth below, and other good and valuable consideration the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. **REAL PROPERTY:** Buyer will buy and Seller will sell for the sales price ("Sales Price"), Seller's entire interest in the real property (with all improvements, rights and appurtenances) described as follows ("Property"):

   Street Address _____ **2315 Green Street S.E.** _____
   Unit # _____ City **Washington** State **D.C.** Zip Code **20020**
   Condominium/Cooperative Project Name _____
   Parking Space(s) # _____ Storage Unit(s) # _____
   Legal Description: Lot(s) **80** Block/Square **5753** Section _____
   Subdivision **Anacostia** Tax Account # _____

2. **JURISDICTIONAL ADDENDUM:** The following Jurisdictional Addendum, if ratified and attached, is made a part of this Contract. Jurisdictional Addendum for **[X] District of Columbia [ ] Montgomery County, MD**

3. **PRICE AND FINANCING:** (All percentages refer to percent of Sales Price.)

   **A. Down Payment** _____ **25.000** _____ %
   **B. Financing**
   1. First Trust (if applicable) _____ %
   2. Second Trust (if applicable) _____ %
   3. Seller Held Trust _____ %
      (if applicable, addendum attached) ~~487,500.000~~ 4 95,00
      **TOTAL FINANCING** **495,000** ~~487,500.000~~ %
      **SALES PRICE** ~~$650,000.00~~ **669,000.00** **660,000**

   **C. First Deed of Trust** Purchaser will **[ ] Obtain OR [ ] Assume a [ ] Fixed OR an [ ] Adjustable** rate First Deed of Trust loan of the following type:

   - [ ] **Conventional** See Addendum Attached
   - [ ] **FHA** See Addendum Attached
   - [ ] **VA** See Addendum Attached
   - [ ] **This Contract is not contingent on Financing.**
   - **[X] Other: Owner Financing**

   **D. Second Deed of Trust** Purchaser will **[ ] Obtain OR [ ] Assume a [ ] Fixed OR an [ ] Adjustable** rate Second Deed of Trust loan.

   **E. Assumption** Assumption fee, if any, and all charges related to the assumption will be paid by the Buyer. If Buyer assumes Seller's loan(s): (i) Buyer and Seller [ ] will OR [ ] will not obtain a release of Seller's liability to the financial institution or U.S. Government for the repayment of the loan by Settlement, (ii) Buyer and Seller [ ] will OR [ ] will not obtain substitution of Seller's VA entitlement by Settlement. Balances of any assumed loans, secondary financing and cash down payments are approximate.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. Previous editions of this Form should be destroyed.

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774

dotloop signature verification:
Authenticity DL#266A5-4669-F801-B6F0-000D3A8A999z

(LC)  $2000

**4. DEPOSIT:** Buyer's deposit ("Deposit") in the amount of ~~Two Thousand~~ $10,000.00 shall be held by ~~FES & J Realty~~ District Title "Escrow Agent"). Buyer ☐ has delivered OR ☑ will deliver the Deposit within _____ Two (2) _____ days after Date of Ratification ("Deposit Deadline"). (If the Property is in Maryland and Broker is the Escrow Agent, the Deposit must be delivered to Escrow Agent within 3 days of the Date of Ratification.) Should Buyer fail to deliver Deposit to Escrow Agent by the Deposit Deadline, as provided herein, Buyer will be in Default and Seller may, at Seller's option, Deliver Notice to Buyer declaring this Contract Void. Upon Delivery to Buyer of Seller Notice to Void Contract, all respective rights and obligations of the Parties arising under this Contract will terminate. Following Deposit Deadline, but prior to Seller Delivery of Notice to Void, Buyer may cure Default by Delivering the Deposit to Escrow Agent, upon which all terms and conditions of this Contract will remain in full force and effect.

The Deposit will be placed in an escrow account of the Escrow Agent after Date of Ratification in conformance with the laws and regulations of the appropriate jurisdiction and/or, if VA financing applies, as required by Title 38 of the U.S. Code. This account may be interest bearing and all parties waive any claim to interest resulting from the Deposit. The Deposit will be held in escrow until: (i) credited toward the Sales Price at Settlement; (ii) all parties have agreed in writing as to its disposition; (iii) a court of competent jurisdiction orders disbursement and all appeal periods have expired; or, (iv) disposed of in any other manner authorized by the laws and regulations of the appropriate jurisdiction. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct.

**5. FUNDS DUE AT SETTLEMENT:** The balance of the funds due at Settlement from Buyer and/or Seller will be paid on or before the Settlement Date. Buyer and/or Seller shall verify with Settlement Agent how funds due at Settlement are to be paid. An assignment of funds shall not be used without prior written consent of all parties to the transaction.

08/29/2025

**6. SETTLEMENT:** Seller and Buyer will perform in accordance with the terms of this Contract ("Settlement") on ~~30 days after title search~~ ~~30 days after title search~~ ("Settlement Date") except as otherwise provided in this Contract. Buyer selects **TBD** Subject to TOPA __District Title LLC, Jeffrey Darrah Esq.__ ("Settlement Agent") to conduct the Settlement. Buyer agrees to contact the Settlement Agent within 10 Days after the Date of Ratification to schedule Settlement and to place a title order.

**7. PROPERTY MAINTENANCE AND CONDITION:** Except as otherwise specified herein, Seller will deliver the Property at Settlement vacant, free and clear of trash and debris, broom clean and in substantially the same physical condition to be determined as of ☐ **Date of Offer** OR ☒ **Date of home inspection** OR ☐ **Other:** _____. Failure to select an option in the preceding sentence shall be deemed an agreement to select the Date of Offer option. Seller will have all utilities in service through Settlement or as otherwise agreed. Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located. Buyer and Seller will not hold Broker liable for any breach of this paragraph.

Buyer acknowledges, subject to Seller acceptance, that this Contract may be contingent upon home inspection(s) and/or other inspections to ascertain the physical condition of the Property. If Buyer desires one or more inspection contingencies, such contingencies must be included in an addendum to this Contract.

    ☒ This Contract is contingent upon home inspection(s) and/or other inspections. (Addendum Attached)
          OR
    ☐ Buyer declines the opportunity to make Contract contingent upon home inspection(s) and/or other inspections.

Buyer acknowledges that except as otherwise specified in this Contract, the Property, including electrical, plumbing, existing appliances, heating, air conditioning, equipment and fixtures shall convey in its **AS-IS CONDITION** as of the date specified above. Buyer further acknowledges that neither Brokers and/or their agents nor subagents are responsible for Property defects.

**8. ACCESS TO PROPERTY:** Seller will provide Broker, Buyer, inspectors representing Buyer and representatives of lending institutions for Appraisal purposes reasonable access to the Property to comply with this Contract. In addition, Buyer and/or Buyer's representative will have the right to make a final inspection within 5 days prior to Settlement and/or occupancy, unless otherwise agreed to by Buyer and Seller.

**9. INCLUSIONS/EXCLUSIONS:** The Property includes the personal property and fixtures as defined and identified in the attached Inclusions/Exclusions Disclosure and Addendum.

**10. HOME WARRANTY:**     ☐ Yes OR ☒ No
Home warranty policy paid for and provided at Settlement by: ☐ **Buyer** OR ☐ **Seller**
Cost not to exceed $ _____. Warranty provider to be _____.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Initial ____  Buyer (LC) / ____

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St. Suite 2200 ...

dotloop signature verification: [illegible]

11. **BUYER'S REPRESENTATIONS:** Buyer ☐ will OR ☒ will not occupy the Property as Buyer's principal residence. **Unless specified in a written contingency, neither this Contract nor the financing is dependent or contingent on the sale and settlement or lease of other real property.** The Selling Company ☐ is OR ☐ is not authorized to disclose to the Listing Company, Seller and any lender the appropriate financial or credit information statement provided to the Selling Company by Buyer. Buyer acknowledges that Seller is relying upon all of Buyer's representations, including without limitation, the accuracy of financial or credit information given to Seller, Broker or the Lender by Buyer.

12. **WOOD-DESTROYING INSECT INSPECTION:** Buyer at Buyer's expense may choose to obtain a wood-destroying insect ("WDI") inspection of the Property by a licensed pest control firm. If Buyer elects to do so, Buyer will furnish to Seller a written report from the licensed pest control firm showing that all dwelling(s) and/or garage(s) within the Property are free of visible evidence of any live WDI, and free from visible WDI damage. Any treatment for live WDI and/or repairs for WDI damage recommended in the licensed pest control firm's report will be made at Seller's expense. Said treatment shall be completed by a licensed pest control firm and said repairs shall be completed by a contractor licensed in the appropriate jurisdiction. Seller will provide written evidence of such treatment and/or repair prior to Settlement which shall satisfy the requirements of this Paragraph.

13. **LEAD-BASED PAINT REGULATIONS:** Federal law requires sellers of properties built before 1978 to provide buyers with the required federal disclosure regarding lead paint (GCAAR form "Lead Paint--Federal Disclosure") and the EPA pamphlet "Protect Your Family from Lead in Your Home". In addition, for District of Columbia properties built before 1978, sellers are required to provide buyers the District of Columbia Lead Disclosure (GCAAR form "Lead Paint-- DC Disclosure") and for Maryland properties built before 1978, sellers are required to provide buyers the Maryland Lead Disclosure (GCAAR form "Maryland Lead Poisoning Prevention Program Disclosure"). A seller who fails to provide the required local and federal lead-based paint forms, including the EPA pamphlet, may be liable under the law for three times the amount of damages and may be subject to both civil and criminal penalties. Seller and any agent involved in the transaction are required to retain a copy of the completed lead-based paint disclosure forms for a period of six (6) years following the date of Settlement. If the dwelling(s) was built prior to 1978 or if the building date is uncertain and the Property is not exempt from the Residential Federal Lead-Based Paint Hazard Reduction Act of 1992, this Contract is voidable by Buyer until Buyer acknowledges receipt of the required federal lead- based paint form, including the EPA pamphlet, and DC Lead Disclosure or Maryland Lead Disclosure if applicable, and has either taken the opportunity to incorporate a Lead-Based Paint Inspection contingency or waived such right. Until said acknowledgement occurs, Buyer retains the right to unconditionally, and without risk of loss of Deposit or other adverse effects, declare Contract void. Seller and Buyer acknowledge by their respective initials below that they have read and understand the provisions of this Paragraph.

Seller's Initials _____/_____  Buyer's Initials _LC_ / _____

**Completed Lead-Based Paint forms are attached.**  ☒ Yes  ☐ No  ☐ N/A

In accordance with the Lead Renovation, Repair and Painting Rule ("RRP") as adopted by the Environmental Protection Agency ("the EPA"), effective April 22, 2010, if the improvements on the Property were built before 1978, contractor(s) engaged by Seller to renovate, repair or paint the Property must be certified by the EPA where such work will disturb more than six square feet of lead-based paint per room for interior projects, more than 20 square feet of lead-based paint for any exterior project, or includes window replacement or demolition ("Covered Work"). Before and during any Covered Work, contractor(s) must comply with all requirements of the RRP. A seller who personally performs any Covered Work on a rental property is required to be certified by the EPA prior to performing such Covered Work. No certification is required for a seller who personally performs Covered Work on a seller's principal residence. However, seller has the ultimate responsibility for the safety of seller's family or children while performing such Covered Work. For detailed information regarding the RRP, Seller should visit http://www2.epa.gov/lead/renovation-repair-and-painting-program. The Seller and Buyer acknowledge that they have read and understand the provisions of this section.

Seller's Initials _____/_____  Buyer's Initials _LC_ / _____

14. **FINANCING APPLICATION:** If this Contract is contingent on financing, Buyer will make written application for the Specified Financing and any Lender required property insurance no later than 7 days after the Date of Ratification. Buyer grants permission for the Selling Company and the Lender to disclose to the Listing Company and Seller general information about the progress of the loan application and loan approval process. If Buyer fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply. Seller agrees to comply with reasonable Lender requirements except as otherwise provided in the LENDER REQUIRED REPAIRS paragraph of the applicable financing contingency addendum.

15. **DAMAGE OR LOSS:** The risk of damage or loss to the Property by fire, act of God, or other casualty remains with Seller until the execution and delivery of the Deed of conveyance to Buyer at Settlement.

16. **TITLE:** The title report and survey if required, will be ordered pursuant to the terms in the Settlement Paragraph. If such report and survey are not available on the Settlement Date, and were ordered as required, Settlement may be delayed for up to 10 Business Days to obtain the title report and survey after which date this Contract, at the option of Seller, may be declared void, and the Deposit will be refunded in full to Buyer. Fee simple title to the Property, and everything that conveys with it, will be sold free of liens, except for any

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification: [illegible]
Authenticity ID: 4D47DAA5-4659-F011-8F7C-000D3A8A9962

loans assumed by Buyer. Title is to be good of record, marketable, and insurable by a licensed title insurance company with no additional risk premium. Title will be subject to easements, covenants, conditions and restrictions of record in existence as of Date of Ratification ("Required Condition"). If, as determined by the Settlement Agent, title is not in the Required Condition by the Settlement Date, said date shall automatically be extended by 30 days ("Extended Settlement Date"), and Seller shall promptly take all action necessary to place title in the Required Condition prior thereto at Seller's expense. If title is not in the Required Condition by the Extended Settlement Date, then Buyer may Deliver Notice to Seller declaring this Contract void.

Broker or any agents, subagents or employees of Broker, and Settlement Agent are not advising the parties as to certain issues, including without limitation: land use; lot size and exact location; and possible restrictions of the use of the Property due to restrictive covenants, easements, zoning, subdivision, or environmental laws. Broker or any agents, subagents or employees of Broker, and Settlement Agent are hereby expressly released from all liability for damages by reason of any defect in the title.

The manner of taking title may have significant legal and tax consequences. Buyer is advised to seek the appropriate professional advice concerning the manner of taking title. Seller will convey the Property by Special Warranty Deed or by Personal Representative's Deed in the event Seller is a decedent's estate. Seller will sign such affidavits, lien waivers, tax certifications, and other documents as may be required by the Lender, title insurance company, Settlement Agent, or government authority, and authorizes the Settlement Agent to obtain payoff or assumption information from any existing lenders.

Unless otherwise agreed to in writing, Seller will pay any governmental special assessments and will comply with all orders or notices of violations of any county or local authority, condominium unit owners' association, and/or homeowners' association or actions in any court on account thereof, against or affecting the Property on the Settlement Date. The parties authorize and direct the Settlement Agent to provide a copy of the Combined Settlement Statement to Seller, Buyer, Listing Company, Selling Company, Homeowner/Condominium Association, Relocation Company and/or any third-party payees reflected on the Settlement Statement.

The parties acknowledge that, under certain circumstances, when a property is substantially renovated or modified or its usage is changed, a Certificate of Occupancy or a Final Inspection Certification may be required prior to use and occupancy of the property. Additional information on these requirements can be obtained at https://code.dccouncil.us/dc/council/code/sections/6-641.09.html for properties located in the District of Columbia and at https://codelibrary.amlegal.com/codes/montgomerycounty/latest/montgomeryco_md/0-0-0-3515#JD_8-28 for properties located in Montgomery County, MD. In the event a local authority requires the issuance of a Certificate of Occupancy or a Final Inspection Certificate, the Seller agrees to provide evidence thereof.

17. **POSSESSION DATE:** Unless otherwise agreed to in writing between Seller and Buyer, Seller will give possession of the Property at Settlement, including delivery of keys, fobs, and codes, if any. If Seller fails to do so and occupies the Property beyond Settlement, Seller will be a tenant at sufferance of Buyer and hereby expressly waives all notice to quit as provided by law. Buyer will have the right to proceed by any legal means available to obtain possession of the Property. Seller will pay any damages and costs incurred by Buyer including reasonable Legal Expenses.

18. **FEES:** Fees for the preparation of the Deed, that portion of the Settlement Agent's fee billed to Seller, costs of releasing existing encumbrances, Seller's legal fees and any other proper charges assessed to Seller will be paid by Seller. Fees for the title exam (except as otherwise provided), survey, recording (including those for any purchase money trusts) and that portion of the Settlement Agent's fee billed to Buyer, Buyer's legal fees and any other proper charges assessed to Buyer will be paid by Buyer. Fees to be charged will be reasonable and customary for the jurisdiction in which the Property is located. (Recording and Transfer Taxes are covered in the appropriate jurisdictional addendum.)

19. **BROKER'S FEE:** Seller and Buyer irrevocably instruct Settlement Agent to pay Broker compensation ("Broker's Fee") at Settlement as set forth in the parties' respective brokerage representation agreements and any other Broker compensation addenda made a part hereto.

20. **ADJUSTMENTS:** Proratable charges, including but not limited to, rents, taxes, water and sewer charges, front foot benefit and house connection charges, condominium/cooperative unit owners' association and/or homeowners' association regular periodic assessments, are to be adjusted to the Settlement Date. Any heating or cooking fuels remaining in supply tank(s) at Settlement will become the property of Buyer. Taxes are to be adjusted according to the information provided by the collector of taxes. If a loan is assumed, interest will be adjusted to the Settlement Date and Buyer will reimburse Seller for any existing escrow accounts.

21. **DISPUTES:** In the event of any dispute between Seller and Broker and/or Buyer and Broker resulting in Broker or any agents, subagents or employees of Broker being made a party to such dispute, including but not limited to, any litigation, arbitration, or complaint and claim before the applicable Real Estate Commission, whether as defendant, cross-defendant, third-party defendant or respondent, Seller and Buyer, jointly and severally, agree to indemnify and hold Broker and any agents, subagents and employees of Broker harmless from any liability, loss, cost, damage or expense (including but not limited to, filing fees, service of process fees, transcript fees and Legal Expenses), resulting therefrom, provided that such dispute does not result in a judgment or decision against Broker, Broker's agents, subagents or employees for acting improperly.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification:
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

**22. LEGAL EXPENSES:**

    **A.** In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non- performance of the terms and conditions of this Contract, including but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable Legal Expenses from the other party as determined by the Court or arbitrator.

    **B.** In the event a dispute arises resulting in Broker (as used in this paragraph to include any agent, subagent or employee of Broker) and/or Settlement Agent being made a party to any litigation by Buyer or by Seller, the parties agree that the party who brought Broker and/or Settlement Agent into litigation shall indemnify Broker and/or Settlement Agent for all reasonable Legal Expenses incurred, unless the litigation results in a judgment against Broker and/or Settlement Agent.

**23. PERFORMANCE:** Delivery of the required funds and executed documents to the Settlement Agent will constitute sufficient tender of performance. Funds from this transaction at Settlement may be used to pay off any existing liens and encumbrances, including interest, as required by lender(s) or lienholders.

**24. SELLER RESPONSIBILITY:** Seller agrees to keep existing mortgages free of default through Settlement. All violations of requirements noted or issued by any governmental authority, or actions in any court on account thereof, against or affecting the Property at Settlement, shall be complied with by Seller and the Property conveyed free thereof.

**25. DEFAULT: Buyer and Seller agree to perform at Settlement in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach hereof.** If Buyer fails to complete Settlement for any reason other than Default by Seller, at the option of Seller, the Deposit may be forfeited as liquidated damages (not as a penalty) in which event Buyer will be relieved from further liability to Seller. If Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of Buyer's liability in the event of a Default. If the Deposit is forfeited, or if there is an award of damages by a court or a compromise agreement between Seller and Buyer, Broker may accept and Seller agrees to pay Broker one-half of the Deposit in lieu of the Broker's Fee, (provided Broker's share of any forfeited Deposit will not exceed the amount due under the listing agreement).

If Seller fails to perform or comply with any of the terms and conditions of this Contract or fails to complete Settlement for any reason other than Default by Buyer, Buyer will have the right to pursue all legal or equitable remedies, including specific performance and/or damages.

If either Seller or Buyer refuses to execute a release of Deposit ("Release") when requested to do so in writing and a court finds that such party should have executed the Release, the party who so refused to execute the Release will pay the expenses, including without limitation, reasonable Legal Expenses, incurred by the other party in the litigation. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct. The parties further agree that the Escrow Agent will not be liable for the failure of any depository in which the Deposit is placed and that Seller and Buyer each will indemnify, defend and save harmless the Escrow Agent from any loss or expense arising out of the holding, disbursement or failure to disburse the Deposit, except in the case of the Escrow Agent's gross negligence or willful misconduct.

If either Buyer or Seller is in Default, then in addition to all other damages, the defaulting party will immediately pay the Broker's Fee in full, as well as the costs incurred for the title examination, Appraisal, and survey.

**26. DISCLOSURES TO THE PARTIES: Buyer and Seller should carefully read this Contract to be sure that the terms accurately express their respective understanding as to their intentions and agreements. By signing this Contract, Buyer and Seller acknowledge that they have not relied on any representations made by Brokers, or any agents, subagents or employees of Brokers, except those representations expressly set forth in this Contract. Further, Brokers or any agents, subagents or employees of Broker, and Settlement Agent do not assume any responsibility for the performance of this Contract by any or all parties hereto. Broker can counsel on real estate matters, but if legal advice is desired by either party, such party is advised to seek legal counsel. Buyer and Seller are further advised to seek appropriate professional advice concerning the condition of the Property or tax and insurance matters.** The following provisions disclose some matters which the parties may investigate further. These disclosures are not intended to create a contingency. Any contingency must be specified by adding appropriate terms to this Contract. The parties acknowledge the disclosures contained herein and that Broker or any agents, subagents or employees of Broker, and Settlement Agent make no representations nor assume any responsibility with respect to the following:

    **A. PROPERTY CONDITION** Various inspection services and home warranty insurance programs are available. Broker is not advising the parties as to certain other issues, including without limitation: condition of real or personal property, water quality and quantity (including but not limited to, lead and other contaminants); sewer or On-Site Sewage Disposal System ("Septic"); public utilities; soil condition; flood hazard areas; airport or aircraft noise; roads or highways; and construction materials and/or hazardous materials, including without limitation, flame-retardant treated plywood (FRT), radon, urea formaldehyde foam insulation (UFFI), mold, polybutylene pipes, synthetic stucco (EIFS), underground storage tanks, defective Chinese drywall, asbestos and lead- based paint. Information relating to these issues may be available from appropriate government authorities.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Initial  Buyer

dotloop signature verification:

**B.** **LEGAL REQUIREMENTS** All contracts for the sale of real property must be in writing to be enforceable. Upon ratification and Delivery, this Contract becomes a legally binding agreement. Any changes to this Contract must be made in writing, agreed to by all parties to the Contract, and Delivered to all parties for such changes to be enforceable.

**C.** **FINANCING** Mortgage rates and associated charges vary with financial institutions and the marketplace. Buyer has the opportunity to select the lender and the right to negotiate terms and conditions of the financing subject to the terms of this Contract.

**D.** **BROKER** Buyer and Seller acknowledge that Broker is being retained solely as a real estate agent and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, mold or air quality expert, home inspector or other professional service provider. Broker may from time to time engage in the general insurance, title insurance, mortgage loan, real estate settlement, home warranty and other real estate-related businesses and services. Therefore, in addition to the Broker's Fee specified herein, Broker may receive compensation related to other services provided in the course of this transaction pursuant to the terms of a separate agreement/disclosure.

**E.** **PROPERTY TAXES** Buyer is advised that the property tax bill could substantially increase following Settlement. For more information on property taxes, contact the appropriate taxing authority in the jurisdiction where the Property is located.

**F.** **PROPERTY INSURANCE** Obtaining property insurance is typically a requirement of the lender in order to secure financing. Insurance rates and availability are determined in part by the number and nature of claims and inquiries made on a property's policy as well as the number and nature of claims made by a prospective buyer. Property insurance has become difficult to secure in some cases. Seller should consult an insurance professional regarding maintaining and/or terminating insurance coverage.

**G.** **TITLE INSURANCE** Buyer may, at Buyer's expense, purchase owner's title insurance. The coverage afforded by such title insurance would be governed by the terms and conditions thereof, and the premium for obtaining such title insurance coverage will be determined by the extent of its coverage. Buyer may purchase title insurance at either "standard" or "enhanced" coverage and rates. For purposes of owner's policy premium rate disclosure by Buyer's Lender(s), if any, and Settlement Agent, Buyer and Seller require that enhanced rates be quoted. Buyer understands that nothing herein obligates Buyer to obtain any owner's title insurance coverage at any time, including at Settlement, and that the availability of enhanced coverage is subject to underwriting criteria of the title insurer.

**27.** **ASSIGNABILITY:** This Contract may not be assigned without the written consent of Buyer and Seller. If Buyer and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until Settlement.

**28.** **FOREIGN INVESTMENT TAXES – FIRPTA:** Section 1445 of the United States Internal Revenue Code of 1986 provides that a buyer of a residential real property located in the United States must withhold federal income taxes from the payment of the purchase price if (a) the purchase price exceeds Three Hundred Thousand Dollars ($300,000.00) or the purchase price is less than or equal to Three Hundred Thousand Dollars ($300,000.00) and the property will not be owner occupied, and (b) seller is a foreign person for purposes of U.S. income taxation. A foreign person includes, but is not limited to, a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined by the Internal Revenue Code and applicable regulations). In the event Seller is a foreign person (as described above), the Seller will be subject to the withholding provisions of FIRPTA. If Seller is not a foreign person, Seller agrees to execute an affidavit to this effect at Settlement.

**29.** **DEFINITIONS:**
**A.** "Appraisal" means a written appraised valuation of the Property.
**B.** "Day(s)" or "day(s)" means calendar day(s) unless otherwise specified in this Contract.
**C.** "Business Days", whenever used, means Monday through Friday, excluding federal holidays.
**D.** For the purpose of computing time periods, the first Day will be the Day following Delivery and the time period will end at 6 p.m. on the Day specified, except as otherwise specified in HOA/Condo/Co-op addenda.
**E.** If the Settlement Date falls on a Saturday, Sunday, or legal holiday, then the Settlement will be on the prior Business Day.
**F.** "Date of Ratification" This Contract shall be deemed ratified when the Contract, all addenda and any modifications thereto have been signed and initialed, where required, by all parties, and Delivered to the other party pursuant to the Notices paragraph.
**G.** The masculine includes the feminine and the singular includes the plural. "Buyer" means "Purchaser" and vice versa.
**H.** "Legal Expenses" means attorney fees, court costs, and litigation expenses, if any, including but not limited to, expert witness fees and court reporter fees.
**I.** "Specified Financing" means the financing as set forth in the financing addendum attached hereto.

**30.** **NOTICES AND DELIVERY:** "Notice" means a unilateral communication from one party to another. All Notices required under this Contract will be in writing. Notices to Seller shall be effective when Delivered to Seller or Seller's Agent named in the Contract or that Agent's supervising manager. Notices to Buyer shall be effective when Delivered to Buyer or Buyer's Agent named in the Contract or that Agent's supervising manager.

Delivery of Condominium, Cooperative, and/or Homeowner's Association contractually required documents **MUST** be made solely to Buyer. Delivery of such documents solely to Buyer's Agent **DOES NOT** constitute Delivery from Seller to Buyer. Resale packages may be Delivered by Seller or Seller's Agent through an electronic link provided by the management association for the purposes of Delivery as may be required in a separate addendum.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025        6 of 7        Initial

dotloop signature verification: [illegible]
AuthentiSign ID: 4D4284A5-4059-F001-B5F0-000036A6A8982

31. **MISCELLANEOUS:** This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via fax or as a PDF attachment to an email will also be considered as originals. Typewritten or handwritten provisions included in this Contract will supersede all pre-printed provisions that are in conflict.

32. **VOID CONTRACT:** If this Contract becomes void and of no further force and effect, without Default by either party, both parties will immediately execute a Release directing that the Deposit be refunded in full to Buyer according to the terms of the DEPOSIT paragraph.

33. **ENTIRE AGREEMENT:** This Contract will be binding upon the parties and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions not satisfied at Settlement will survive the delivery of the Deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The interpretation of this Contract will be governed by the laws of the jurisdiction where the Property is located.

| *James Neher* | dotloop verified 07/03/25 8:33 PM EDT D20D-KKLH-GG5S-KYSI | *Larin Connor* | 07/02/25 |
|---|---|---|---|
| Seller | Date | Buyer | Date |
| James & Nancy Neher Living Trust | | **Larin Connor** | |
| *Nancy Neher* | dotloop verified 07/03/25 8:37 PM EDT N7PL-Y348-EGFF-A3P2 | | |
| Seller | Date | Buyer | Date |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**For informational purposes only:**

> **Date of Ratification (see DEFINITIONS)**
>
> 07/07/2025

Seller's Address _____    Buyer's Address _____

Seller's Email Address _____    Buyer's Email Address _____

Seller's Telephone Number _____    Buyer's Telephone Number _____

Listing Company's Name and Address:    Selling Company's Name and Address:

**Keller Williams Capitol Properties**    **FES & J Realty**

**519 C Street N.E., Washington, DC 200002**    **2 Industrial Drive STE D-6, Waldorf, Md 20602**

Office # _____    Office # **(301)877-4976**

Agent Name **Abel Gebremichael**    Agent Name **Frank Smith/Jameela Charles**

Agent Cell # **(202)601-0160**    Agent Cell # **(301)237-8676**

Agent Email Address **franksmithre@gmail.com**    Agent Email Address **franksmithre@gmail.com**

Agent License # and Jurisdiction _____    Agent License # and Jurisdiction _____

Broker License # and Jurisdiction _____    Broker License # and Jurisdiction _____

Team Leader/Agent _____    Team Leader/Agent _____

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Initial *JN* 07/03/25 8:33 PM EDT   *NN* 07/03/25 8:37 PM EDT   Buyer *LC*

Produced with Lone Wolf Transactions [illegible]

dotloop signature verification: ...
Authentisign ID: ...



 

## Addendum of Clauses—A
### (*For use with GCAAR Sales Contract and MR Residential Contract of Sale*)

The Contract of Sale dated _____ **June 26, 2025** _____ between **Larin Connor** _____
_____ (Buyer) and **James & Nancy Neher Living Trust** _____
_____ (Seller) for the purchase of the real property located at

| | |
|---|---|
| Address | **2315 Green Street S.E.** Unit # _____ |
| City **Washington** State **D.C.** Zip Code **20020** | is hereby amended by the incorporation |

of this Addendum, which shall supersede any provisions to the contrary in the Contract.

**It is agreed that only the numbered paragraphs which are checked and initialed by all parties shall be made a part of said Contract.**

☐ 1. **SELLER'S CREDIT(S) TO BUYER:** In addition to any other amount(s) the Seller has agreed to pay under other provisions of this Contract, Seller shall credit Buyer at the time of Settlement with the sum of $ _____ **OR** _____ % of Sales Price towards Buyer's settlement costs. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.

☒ 2. **INSPECTION CONTINGENCY:** This Contract is contingent until 6 p.m. on the ___ **10** ___ Day after the Date of Ratification (*"Deadline"*) for inspections of the Property, not including radon, lead-based paint, private water supply systems ("Well") and on-site sewage disposal systems ("Septic") inspections *(which require separate contingencies)*, by Buyer, a home inspection firm and/or other representative(s) at Buyer's discretion and expense. Seller will have all utilities in service at the time of inspection(s).

**Select options(s) A, B, OR BOTH below. Failure to select either A or B below will result in BOTH being selected.**

☒ A. **RIGHT TO NEGOTIATE:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a copy of the report(s) from the inspection(s) of the Property together with a Home Inspection Notice (GCAAR Form "Home Inspection Contingency Notice and/or Addendum") listing home inspection conditions or items that Buyer requires Seller to repair, and/or stipulating a dollar credit, as allowed by Lender, to be paid at Settlement by Seller toward Buyer's charges to buy the Property. Upon such Delivery, 2.B, if selected below, shall **NO LONGER** be an option.

If the Seller elects not to perform in accordance with the Home Inspection Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Home Inspection Notice.

Within 3 Days after Delivery of a Notice from one party, the other party may:
1) Deliver Notice accepting the terms contained in the other party's Notice; **OR**
2) Deliver Notice continuing negotiations by making another offer; **OR**
3) Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, **UNLESS** the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

**FAILURE OF EITHER PARTY TO RESPOND WITHIN 3 DAYS AFTER DELIVERY OF NOTICE FROM THE OTHER PARTY WILL RESULT IN ACCEPTANCE BY BOTH PARTIES OF THE TERMS OF THE MOST RECENT NOTICE.**

☐ B. **RIGHT TO CANCEL:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a Notice declaring this Contract void.

☐ 3. **ADDITIONAL "AS-IS" PROVISIONS:**
   A. The following terms in this Contract are hereby amended (check all that apply):
   ☐ All clauses pertaining to delivery of the Property free and clear of trash and debris and broom clean are deleted.
   ☐ All clauses pertaining to termites and wood-destroying insects are deleted.
   ☐ All clauses pertaining to Well and/or Septic systems are deleted.
   ☐ All requirements for Seller to comply with orders or notices of violations of any Condominium Unit Owners' Association, and/or Homeowners' Association related to the physical condition of the Property are deleted.
   B. Except as otherwise specified herein, the provisions of the Property Maintenance and Condition Paragraph will remain in full force and effect.
   C. Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located.

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774                 Phone: 3014640044     Fax: 800-391-1975     Buyer Agreement
Frank Smith                 Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St. Suite 2200, Dallas, TX 75201   www.lwolf.com

07/03/25
07/03/25
8:37 PM EDT
dotloop verified

dotloop signature verification: ...
Authentisign ID: 4D4264A5-4659-F011-8F7C-088D3A8A998B2

☐  4.  **RADON INSPECTION CONTINGENCY:**

A.  This Contract is contingent until 6 p.m. on the _____ Day after the Date of Ratification ("Deadline") to allow Buyer, at Buyer's discretion and expense, to have the Property inspected for the presence of radon. Inspection to be done by a testing firm listed with the National Radon Safety Board ("NRSB") or the National Radon Proficiency Program (NRPP) using or U.S. Environmental Protection Agency ("EPA") approved testing method. Testing and retesting devices, if applicable, to be placed and retrieved by an NRSB or NRPP-listed technician or their authorized subcontractor. This contingency will terminate at the Deadline unless by the Deadline, Buyer Delivers to Seller a copy of the radon testing report which confirms the presence of radon that equals or exceeds the action level established by the EPA together with either 1 or 2:

1)  Radon Testing Notice (GCAAR Form "Radon Testing Notice and/or Addendum/Release") requiring Seller at Seller's expense prior to Settlement to remediate the radon condition; or stipulating a dollar credit, as allowed by the Lender, to be paid at Settlement by Seller towards Buyer's charges to buy the Property. In the event that Seller agrees to remediate the radon condition, such work shall be performed by a NRSB or NRPP-listed remediation firm who will provide written verification that the required remediation has been performed, including test results demonstrating that the presence of radon is below the action level established by EPA.

   If Seller elects not to perform in accordance with the Radon Testing Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Radon Testing Notice.

   Within 3 Days after Delivery of Notice from one party, the other party may:
   - Deliver Notice accepting the terms contained in the other party's Notice; OR
   - Deliver Notice continuing negotiations by making another offer; OR
   - Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, unless the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

   Failure of either party to respond within 3 Days after Delivery of a Notice from the other party will result in acceptance by both parties of the terms of the most recent Notice.

2)  Notice declaring this Contract void.

B.  **FOR MONTGOMERY COUNTY CONTRACTS ONLY: Buyer MUST deliver test results by Deadline or this Contingency terminates and Seller is then mandated to perform a radon test and provide results to Buyer on or before Settlement Date, unless Seller is exempt from Radon Test Disclosure.**

☐  5.  **HOLDING DEPOSIT CHECK:** *NOT TO BE USED FOR A MARYLAND TRANSACTION WHEN A REAL ESTATE BROKER IS THE ESCROW AGENT.* Escrow Agent shall hold Deposit check until _____ Days after Ratification, at which time said check shall be deposited.

☐  6.  **LICENSEE RELATIONSHIP DISCLOSURE:** _____ is a licensed real estate agent associated with _____ (Company) and is (check all that apply) ☐ the Buyer, ☐ the Seller, ☐ related to one of the parties hereto in the following way: _____ and may share in the Broker's Fee.

7.  **ADDITIONAL PROVISIONS:**

**Owner financing with interest only payments for five (5) years after which balance is due.** _____

**Purchaser has the right to inspect payment history of present tenants.** _____

**Purchaser at purchaser expense will secure insurance and pay the property taxes.** _____

**District Title LLC will prepare the full set of seller-financing documents, including a Promissory Note and Deed of Trust, securing the seller's interest with a recorded lien on the property. The documents will outline the loan terms, including interest payments, amortization, late fees, default provisions, and acceleration clauses. The package will be structured to maximize the seller's legal protections in the event of non-payment or default by the buyer.**

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com          Buyer Agreement

dotloop signature verification: [illegible]
Authenticity ID: 4D4764A5-4659-F011-8E7C-000D3A8A9962

All other terms of the Contract remain in full force and effect.

PARTIES ACKNOWLEDGE THEY HAVE BEEN AFFORDED THE OPPORTUNITY TO REVIEW AND INCORPORATE THE ADDITIONAL PROVISIONS CONTAINED IN ADDENDUM OF CLAUSES-B AND HAVE AGREED TO INCORPORATE ONLY THOSE PROVISIONS ATTACHED HERETO.

| *James Neher* | dotloop verified<br>07/03/25 8:33 PM EDT<br>0BOP-ERGX-8I6D-5VJD | *Larin Connor* | 07/02/25 |
|---|---|---|---|
| Seller **James & Nancy Neher Living Trust** | Date | Buyer **Larin Connor** | Date |

| *Nancy Neher* | dotloop verified<br>07/03/25 8:37 PM EDT<br>3ERG-UOR2-58BN-8Z3V | | |
|---|---|---|---|
| Seller | Date | Buyer | Date |

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com          Buyer Agreement

dotloop signature verification:
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

  

# Tenancy Addendum for District of Columbia (2 to 4 Rental Units)
*(Required for use with Form #1313 where any Tenancy exists)*

| | | | | |
|---|---|---|---|---|
| The Contract of Sale dated **03/21/2025** | Address **2315** | | | **Green St SE** |
| Unit # , City **Washington** | , State **DC** | Zip **20020** | | |
| Between Seller | **James And Nancy Neher Living Trust** | | | |
| and Buyer | Larin Connor | | | |

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this contract.

**1.   BUYER ACKNOWLEDGEMENT:** Buyer acknowledges that there are a number of legal issues/requirements a Lessor in the District of Columbia should be aware of, including but not limited to: rental registration requirements, Lessor/Lessee rights and obligations, business license requirements, rent control, Tenant Opportunity to Purchase Act, and the eviction process. Buyer is advised to consult the appropriate District of Columbia and/or obtain legal counsel regarding such matters.

**2.   TENANCY:** As provided in GCAAR Form #1313, District of Columbia Jurisdictional Disclosure and Addendum, the Property is/was at the time the Seller decided to sell subject to existing tenancy(ies) and/or lease(s) as follows:

| Lessee Name(s) | Unit# | Current Rent | Copy of Lease Attached | Tenancy Conveys |
|---|---|---|---|---|
| **Michael Jackson** | 1 | $1,210 | ☐ Yes ☑ No | ☑ Yes ☐ No |
| **VACANT** | 2 | - | ☐ Yes ☑ No | ☑ Yes ☐ No |
| **Monique Peterson** | 3 | $1,453 | ☐ Yes ☑ No | ☑ Yes ☐ No |
| **Laniece Moore** | 4 | $1,318 | ☐ Yes ☑ No | ☑ Yes ☐ No |

**A.   Possession:** Buyer and Seller agree that Buyer's obligation to complete Settlement ☐ IS or ☑ IS NOT **(choose one)** contingent upon Seller delivering the Property vacant and free of tenancies at Settlement. Seller will give possession of Property at Settlement subject to existing tenancy(ies) and leases as indicated above.

**B.   Adjustments:** Rents are to be adjusted to the Settlement Date. Security deposits and any accrued interest thereon are to be paid to Buyer at the time of Settlement.

**C.   Seller Obligation:** Without the prior written consent of Buyer, Seller shall not modify the terms of or terminate any tenancy(ies) intended to convey. In addition, the Seller will not enter into any new leases or tenancies with respect to the Property. Seller shall keep Buyer and Brokers apprised of all tenancy-related correspondence and negotiations with Lessee(s), and any actions required to be taken by Seller shall be taken in accordance with District of Columbia law and regulations.

**3.   TENANT OPPORTUNITY TO PURCHASE ("TOPA"):** TOPA provides certain lessees in the District of Columbia with an opportunity to purchase the rental accommodation and a right of first refusal pursuant to Title IV of D.C. Law 3-86, "RENTAL HOUSING CONVERSION AND SALE ACT OF 1980".

**A.   Required Notice to all Lessees:** In compliance with DC Official Code §42-3404.03, Seller must send via certified mail, on the same day, to each Lessee individually and the Mayor in care of the District of Columbia Department of Housing and Community Development ("DHCD") certain required TOPA Notices on forms provided by DHCD. Seller **(choose one)**:

☐ **HAS** provided on _____ to Lessee(s) and DHCD a written **Offer of Sale and Tenant Opportunity to**
<span style="font-size:smaller">Date</span>
**Purchase Without A Third Party Sale Contract for Housing Accommodations with Two, Three or Four Rental Units ("Form B")**, a copy of which is attached hereto. Seller represents and agrees that within 5 Business Days after Date of Ratification of this Contract, Seller will send to Lessee(s) and DHCD, the 15-day **Right of First Refusal for a Two, Three or Four Rental Unit Housing Accommodation ("Form C")** together with a copy of this Contract. Seller will also post Form C with a copy of this Contract in a conspicuous place in the common area of the housing accommodation.

☑ **HAS NOT** provided Form B to Lessee(s) and DHCD. Seller represents and agrees that, within 5 Business Days after Date of Ratification of this Contract, Seller will send to Lessee(s) and DHCD a written **Offer of Sale and Tenant Opportunity to Purchase With A Third Party Sale Contract for Housing Accommodation with Two, Three or Four Rental Units**, which Notice also contains a 15-day right of first refusal ("Form A") together with a copy of this Contract. Seller will also post Form A with a copy of this Contract in a conspicuous place in the common area of the housing accommodation.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification: [illegible]
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

4.  **TOPA COMPLIANCE:** **Seller agrees to contact Settlement Agent within 3 Business Days of Ratification** to ensure Buyer's ability to procure an owner's title insurance policy without exception to TOPA and to determine that Seller is either in compliance with both TOPA Notice requirements and title insurance underwriting requirements pertaining to TOPA ("TOPA Compliance") or to establish the necessary actions to be in compliance with such requirements.

Accomplishing TOPA Compliance requires Delivery to the Settlement Agent of specific documentation satisfactory to the title insurance underwriter, including but not limited to, copies of required TOPA Notices and evidence of Delivery of required TOPA Notices as well as collectively completed and executed TOPA Affidavits and/or Assignments for consideration executed by all Lessees (as required by the title insurance underwriter), evidencing that Lessees have elected to not exercise rights to purchase and of first refusal.

A.  **Buyer's Right to Void:** In the event that Seller has not accomplished TOPA Compliance, within _____ days following the Date of Ratification ("Deadline"), Buyer may, at any time thereafter, but prior to Seller accomplishing TOPA Compliance, Deliver Notice that this Contract will become Void at 6:00 p.m. on the 3rd Day following Delivery of Buyer's Notice, unless prior to that date and time, Seller has accomplished TOPA Compliance, in which case, this Contract will remain in full force and effect.

B.  **Settlement:** Buyer and Seller acknowledge that Seller must accomplish TOPA Compliance prior to the Settlement Date. If Settlement does not occur on the Settlement Date due to Seller not having accomplished TOPA Compliance, and Seller is not in Default, then the Settlement Date shall automatically be extended to the date which is the third Business Day following the date Seller accomplishes TOPA Compliance unless otherwise agreed by Buyer and Seller.

C.  **General Provisions:** Seller shall keep Buyer and Brokers apprised of all correspondence, contracts, and other developments with respect to any TOPA-related negotiations with Lessee(s). All actions required hereunder to be taken by Seller shall be taken in accordance with District of Columbia law and regulations.

| _James Neher_ | dotloop verified<br>03/21/25 2:36 PM EDT<br>1KER-UWNV-BNGZ-9KJL | Larin Connor | _Larin Connor_ | 07/04/25 |
|---|---|---|---|---|
| Seller | Date | Buyer | | Date |

| _Nancy Neher_ | dotloop verified<br>03/21/25 2:53 PM EDT<br>8HXG-ECNG-ATTR-HJUU | | | |
|---|---|---|---|---|
| Seller | Date | Buyer | | Date |

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification:
AuthentiSign ID: 4D4264A5-4659-F011-8P7C-000D3A6A9BB2

  

# Jurisdictional Disclosure and Addendum to the Sales Contract for District of Columbia
*(Required for the Listing Agreement and required for the GCAAR Sales Contract)*

The Contract of Sale dated __06/26/2025__, between **Larin Connor** _____
_____(Buyer) and_____ **James & Nancy Neher Living Trust** _____(Seller)
for the purchase of the real property located at Address _____ **2315 Green Street S.E.** _____
Unit #_____City_____ **Washington** _____State **D.C.** Zip Code__**20020**__, Parking Space(s) # _____
Storage Unit #_____with the legal description of Lot_____ **80** _____Block/Square_____ **5753** _____
Section_____Subdivision/Project Name_____ **Anacostia** _____Tax Account # _____
is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this Contract.

---

## PART I. SELLER DISCLOSURE - AT TIME OF LISTING:
The information contained in this Disclosure was completed by Seller, is based on the Seller's actual knowledge and belief, and is current as of the date hereof.

1. **SELLER DISCLOSURE:** Pursuant to D.C. Code §42-1301, Seller is exempt from property condition disclosure.
☐ Yes ☒ No

2. **HERITAGE TREES:** Pursuant to DC Code § 8-651.02(3A), a heritage tree is a tree with a circumference of 100 inches or more. Pursuant to D.C. Code § 8-651.04a there are restrictions, penalties and/or fines that may be levied for removal of Heritage Trees. Seller discloses there ☐ IS, OR ☐ IS NOT, a Heritage Tree, or trees, on the property.

3. **TENANCY:** Seller represents that property ☑ is/was OR ☐ is not/was not subject to an existing residential lease or tenancy at the time Seller decided to sell. District of Columbia broadly defines a tenant as "a tenant, subtenant, lessee, sublessee, or other person entitled to the possession, occupancy, or the benefits of any rental unit within a housing accommodation." If applicable, the following required Addendum shall be incorporated into the Contract.
   ☐ Tenancy Addendum for District of Columbia (Single-Family Accommodation)
   ☒ Tenancy Addendum for District of Columbia (2 to 4 Rental Units)
   ☐ Multi-Unit or Non-Residential Addendum

   | *JW* 07/03/25 8:37 PM EDT | *JN* 07/03/25 8:33 PM EDT |
   |---|---|

4. **CONDOMINIUM/CO-OPERATIVE/HOMEOWNERS ASSOCIATION:** Seller represents that this Property ☐ is OR ☑ is not subject to a condominium, co-operative or homeowners association. If applicable, the following required addendum is attached:
   ☐ Condominium Seller Disclosure/Resale Addendum for District of Columbia,
   ☐ Co-operative Seller Disclosure/Resale Addendum for Maryland and District of Columbia, or
   ☐ HOA Seller Disclosure/Resale Addendum for District of Columbia

5. **UNDERGROUND STORAGE TANK DISCLOSURE:** (Applicable to single family home sales only)
In accordance with the requirements of the District of Columbia Underground Storage Tank Management Act of 1990 [D.C. Code §8-113.02(g)], as amended by the District of Columbia Underground Storage Tank Management Act of 1990 Amendment Act of 1992 (the "Act") and the regulations adopted thereunder by the District of Columbia (the "Regulations"), Seller hereby informs Buyer that Seller has no knowledge of the existence or removal during Seller's ownership of the Property of any underground storage tanks as that term is defined in the Act and the Regulations, except as follows: _____
_____.

6. **PROPERTY TAXES:** Future property taxes may change. To determine the applicable rate, see https://www.taxpayerservicecenter.com/RP_Search.jsp?search_type=Assessment. Additional information regarding property tax relief and tax credit information (tax reductions for seniors, homestead exemptions, property tax abatements and others) can be found at: http://otr.cfo.dc.gov/page/real-property-tax-credits-frequently-asked-questions-faqs.

Seller _James Neher_ (dotloop verified 07/03/25 8:33 PM CDT 4GOT-ZNTU-IDE7-1WGD)    Date    Seller _Nancy Neher_ (dotloop verified 07/03/25 8:37 PM EDT IZ5R-CYQV-EIAG-CTWV)

---

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774     Phone: 3014640044    Fax: 800-391-1975    Buyer Agreement
Frank Smith     Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com

dotloop signature verification: dtlp.....
Authentisign ID: 4D326A94859F011687C-000D3A8A9962Z

## PART II. RESALE ADDENDUM

·The Contract of Sale dated __06/26/2025__ between Seller __James & Nancy Neher Living Trust__
and Buyer__Larin Connor__ is hereby amended by the incorporation of
Parts I and II herein, which shall supersede any provisions to the contrary in the Contract.

1. **SELLER DISCLOSURE:** Pursuant to D.C. Code §42-1302, prior to the submission of the offer, Buyer is entitled to a Seller's Disclosure Statement (if Seller is not exempt) and hereby acknowledges receipt of same. ☐ **Yes** ☐ **No**
☐ **Not applicable**

2. **RECORDATION AND TRANSFER TAXES:** Rates vary with the sales price and based on property type. See http://otr.cfo.dc.gov/service/recorder-deeds-frequently-asked-questions-faqs. In limited circumstances, an exemption from Recordation Tax may be available to Buyer, if Buyer meets the requirements for the Lower Income Home Ownership Exemption Program ("Tax Abatement Program"). See below for additional information.
Unless otherwise negotiated, the following will apply:

    **A. Real Property:** Recordation Tax will be paid by Buyer and Transfer Tax will be paid by Seller.
    **B. Co-operatives:** The Economic Interest Deed Recordation Tax will be split equally between Buyer and Seller. There is no Transfer Tax for Co-operatives.
    **C. Tax Abatement Program:** Additional information (including the required Application Form) for the Tax Abatement Program can be obtained at: http://otr.cfo.dc.gov/sites/default/files/dc/sites/otr/publication/ attachments/sharp%40dc.gov_20140909_110358.pdf. If Buyer meets the requirements of this program, Buyer will be exempt from Recordation Tax. Additionally, Seller shall credit Buyer an amount equal to what would normally be paid to the District of Columbia as Seller's Transfer Tax to be applied towards Buyer's settlement costs. This credit shall be in addition to any other amount(s) Seller has agreed to pay under the provisions of this Contract. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.
    Buyer ☐ is OR ☒ is **not** applying for the Tax Abatement Program.
    **D. First-Time Homebuyer Recordation Tax Credit:** Buyer ☐ is OR ☒ is **not** a District of Columbia First- Time Homebuyer and may be eligible for a reduced recordation tax. It is the Buyer's responsibility to confirm their eligibility (See https://otr.cfo.dc.gov/node/1272871).

3. The principals to the Contract mutually agree that the provisions hereof shall survive the execution and delivery of the Deed and shall not be merged herein.

| *James Neher* | dotloop verified 07/03/25 8:33 PM EDT KUS8-TL9C-58JH-2IVI | *Larin Connor*     07/02/25 |
|---|---|---|
| Seller *(sign only after Buyer)* | Date | Buyer Larin Connor      Date |
| *Nancy Neher* | dotloop verified 07/03/25 8:37 PM EDT DKRW-ZUEN-GSGM-EEIV | |
| Seller *(sign only after Buyer)* | Date | Buyer      Date |

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1313 - DC Jurisdictional Addendum      Page 2 of 2      7/2023

dotloop signature verification: ...
Authentication ID: ...

  

## Multi-Unit or Non-Residential Addendum

*(To be used for two or more-unit properties in Montgomery County, Maryland or the District of Columbia)*

The Contract of Sale dated_____**June 26, 2025**_____ Address_____**2315 Green Street S.E.**_____

Unit #_____, City_____**Washington**_____, State_____**D.C.**_____ Zip_____**20020**_____

Between Seller_____**James & Nancy Neher Living Trust**_____

and Buyer_____**Larin Connor**_____

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this contract.

**1.   TENANCY:** Buyer and Seller rights and obligations with respect to any existing tenancy(ies) and/or lease(s); possession conveyed at Settlement; rent and security deposit adjustments and transfers; and/or the rights of any Lessee(s) or government entity to purchase the Property, as provided by applicable law, shall be addressed in the appropriate GCAAR Tenancy Addendum.

**2.   FEASIBILITY STUDIES:** It is agreed that the following paragraphs which are initialed by all parties shall be made a part of said Contract.

**A.   PHYSICAL INSPECTION:** This Contract is contingent until 6:00 p.m. on the ___25___ Day after the Date of Ratification ("Physical Inspection Deadline") for a physical inspection study to determine the feasibility of the property for Buyer's purposes by Buyer and/or any Buyer representative(s) at Buyer's discretion, expense, and ability. Buyer and/or any Buyer representative(s) shall have a license to enter the Property, subject to terms and conditions of any lease(s). At any time prior to the Physical Inspection Deadline, Buyer may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Physical Inspection Deadline, this contingency will terminate, and this Contract will remain in full force and effect.

**B.   LEASES AND RENTS:** Seller shall provide Buyer with copies of all existing Lessee leases, schedule of rents, and schedule of security deposits ("Leases and Rents") within 5 Business Days of the Date of Ratification ("Leases and Rents Deadline"). In the event Seller does not provide Leases and Rents by the Leases and Rents Deadline, Buyer Deliver Notice to Seller declaring this Contract Void. This Contract is contingent until 6:00 p.m. on the ___10___ after receipt of Leases and Rents for Buyer's review ("Leases and Rents Contingency Deadline"). At any time prior to the Leases and Rents Contingency Deadline, Buyer in Buyer's sole discretion, may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Leases and Rents Contingency Deadline, this contingency will terminate, and this Contract will remain in full force and effect.

**C.   SERVICE CONTRACTS AND LEASED ITEMS:** Seller shall provide Buyer with copies of all existing operational leases and service contracts, including but not limited to management, trash, snow removal, laundry services, grounds maintenance, pest control, heating fuel, equipment, service, and maintenance contracts ("Service Contracts") within 5 Business Days of the Date of Ratification ("Service Contracts Deadline"). In the event Seller not provide Service Contracts by the Service Contracts Deadline, Buyer may Deliver Notice to Seller declaring this Contract Void. This Contract is contingent until 6:00 p.m. on the ___10___ Day after receipt of Service Contracts for Buyer's review ("Service Contracts Contingency Deadline"). At any time prior to the Service Contracts Contingency Deadline, Buyer in Buyer's sole discretion, may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Service Contracts Contingency Deadline, this contingency will terminate, and this Contract will remain in full force and effect. Seller shall assign to Buyer at Settlement all existing Service Contracts.

| *James Neher* | dotloop verified 07/03/25 8:33 PM EDT TDPV-NETD-NRMI-PBXM | *Larin Connor*  07/02/25 |
|---|---|---|
| Seller | Date | Buyer                          Date |
| James & Nancy Neher Living Trust | | Larin Connor |
| *Nancy Neher* | dotloop verified 07/03/25 8:37 PM EDT DCZP-RXL8-QDJL-XN84 | |
| Seller | Date | Buyer                          Date |

©2024 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification: ...
Authentisign ID: 4D4264A9-4659-F0Y1-8FFC-000DG46A89652Z





REALTOR®

GCAAR

EQUAL HOUSING OPPORTUNITY

# Addendum for Seller to Pay Buyer Broker Compensation
### *(For use in Montgomery County, MD and Washington, DC)*

The Contract of Sale dated __06/26/2025__ between __Larin Connor__ ("Buyer") and __James & Nancy Neher Living Trust__ (Seller) for the purchase of the real property located at Address __2315 Green Street S.E.__
Unit # _____ City __Washington__ State __D.C.__ Zip Code __20020__ , is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in the Contract.

Seller agrees to pay Buyer Broker a broker's compensation ("Buyer Broker Compensation") equal to:

[X] __3.000__ % of the sales price; **OR**

[ ] $_____ ; **OR**

[ ] _____ % of the sales price **AND** $_____ .

Payment of Buyer Broker Compensation is due at Settlement. Seller instructs the Settlement Agent to pay the Buyer Broker Compensation as set forth in the listing agreement and/or to disburse any additional Buyer Broker Compensation as stipulated by this Addendum to the Contract to the Buyer Broker at Settlement.

*James Neher*
dotloop verified
07/03/25 8:33 PM EDT
4NJ8-FYZL-DURT-ELSS

Seller **James & Nancy Neher Living Trust**  Date

*Nancy Neher*
dotloop verified
07/03/25 8:37 PM EDT
KXU6-0JST-ALVA-HHSI

Seller _____ Date

Authenti ...
*Larin Connor*  07/02/25

Buyer **Larin Connor** _____ Date

Buyer _____ Date

© 2024, The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774    Phone: 3014640044    Fax: 800-391-1975    Buyer Agreement
Frank Smith    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

dotloop signature verification: ...
Auth... ...



**EXHIBIT B**



**GCAAR**
GREATER CAPITAL AREA ASSOCIATION OF REALTORS®

 

REALTOR®

## Seller Financing Addendum
### (For use in Montgomery County and Washington, DC)

The Contract of Sale dated **June 26, 2025**, Address **2315 Green Street S.E.**

City **Washington**, State **D.C.** Zip **20020** between

Seller **James & Nancy Neher Living Trust** and

Buyer **Larin Connor** is hereby

amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this Contract. It is expressly provided that only the numbered paragraphs which are checked and initialed by all parties shall be made a part of said Contract.

_495,000_

**MONTHLY INSTALLMENTS OF $2,062.50**

[X] **1. TRUST (Seller Financing):** Seller will take back a deferred purchase money loan in the amount of $ ~~487,500.00~~ which shall bear interest at the rate of **five (5)** % per annum and be payable in monthly installments of $ ~~2,031.25~~ with the entire unpaid principal balance being due and payable no later than **Five years (5)**. This loan shall be evidenced and secured by a standard FNMA/FHLMC note and ☐ first ☐ second (select one) deed of trust encumbering the Property, which shall provide for a 5% late charge of any monthly installment not received within 15 days after the same is due, and a 5% commission payable to the trustees in the event of foreclosure.

☐ **2. BALLOON LOAN (Maryland Only):** In accordance with the Maryland Secondary Mortgage Loan Law, in the event that the loan specified in Trust paragraph above is secured by other than a first deed of trust and has a balloon payment, the balloon payment shall be postponed one time upon becoming due, at borrower's request, for a period not to exceed 6 months, provided that borrower continues to make the monthly installments provided for in the note. There will be no new closing costs, processing fees, or similar fees imposed on borrower as a result of the extension. Borrower must request this extension in writing, and it must be received by note holder prior to the due date of the note. The request must set forth the period of time for which the extension is requested. Failure to request an extension shall require payment in full no later than the original due date of the note.

☐ **3. CREDIT APPROVAL CONTINGENCY:** This Contract is contingent until 6 p.m. on the _____ day following Date of Ratification ("Buyer's Deadline") for Buyer, at Buyer's expense, to obtain and provide to Seller for Seller's review and approval, in Seller's sole discretion, a copy of Buyer's credit report from a national credit reporting agency ("Credit Report"). This contingency will terminate at 6 p.m. on the third day following Seller's receipt of the Credit Report ("Seller's Deadline") unless, by Seller's Deadline, Seller delivers Notice to Buyer disapproving Buyer's credit and declaring this Contract null and void. If Buyer fails to deliver the Credit Report by Buyer's Deadline, this contingency will continue, unless Seller, at Seller's option, gives Notice to Buyer that this Contract will become void. If Seller Delivers such Notice, this Contract will become void at 6 p.m. on the third day following delivery of Seller's Notice unless prior to that date and time Buyer delivers the Credit Report to Seller.

| | |
|---|---|
| *James Neher* | Authentisign... *Larin Connor*    07/02/25 |
| dotloop verified 07/03/25 8:33 PM EDT LA9I-MRW4-8IWD-X25T | |
| Seller **James & Nancy Neher Living Trust**    Date | Buyer **Larin Connor**    Date |
| *Nancy Neher* | |
| dotloop verified 07/03/25 8:37 PM EDT HZQG-UYK4-ZQ72-GELL | |
| Seller    Date | Buyer    Date |

© 2017, The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR # 1331 - Financing Addendum to Sales Contract        Page 1 of 1        7/2017

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774        Phone: 3014640044    Fax: 800-391-1975    Buyer Agreement
Frank Smith        Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Larin Connor

_____
                                                    Plaintiff
                    vs.

James Neher
                                            Case Number    2026-CAB-002111
_____     _____
                                                    Defendant

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Lucrecia P. Johnson, Esq.**
_____
Name of Plaintiff's Attorney

**853 New Jersey Ave SE, Suite 200**
_____
Address
Washington, DC 20003

**202.643.6211**
_____
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

*Clerk of the Court*

By _____
                                    Deputy Clerk

Date _____ 4/1/2026 _____

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
#### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

_____
Dirección

_____

_____
Teléfono

Fecha _____

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 연락주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                  Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Larin Connor
_____
                                                    Plaintiff
                        vs.

                                                              Case Number _____2026-CAB-002111_____

Nancy Neher
_____
                                                    Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

## Lucrecia P. Johnson, Esq.
_____
Name of Plaintiff's Attorney

**853 New Jersey Ave SE, Suite 200**
_____
Address
Washington, DC 20003

## 202.643.6211
_____
Telephone

*Clerk of the Court*

By _____
                                        Deputy Clerk

Date _____4/1/2026_____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면,(202)879-4828로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                    Super. Ct. Civ. R. 4





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                    Demandante
            contra

                                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                              _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                                    Por: _____
_____                    Subsecretario
Dirección

_____

                                    Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 연락주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                              Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Larin Connor

Plaintiff

vs.

Case Number  2026-CAB-002111

James & Nancy Neher Living Trust

Serve on James Neher and Nancy Neher    Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Lucrecia P. Johnson, Esq.**

Name of Plaintiff's Attorney

**853 New Jersey Ave SE, Suite 200**

Address
Washington, DC 20003

**202.643.6211**

Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828로 전화주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

By _____

Date _____4/1/2026_____

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                    Demandante
        contra

                                            Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____
_____                    Subsecretario
Dirección

_____
                                    Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH
INFORMATION SHEET

Larin Connor
_____
Plaintiff(s)

vs

James Neher, et al.
_____
Defendant(s)

Case Number: __2026-CAB-002111__

Date: 03//30/2026 _____

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Lucrecia P. Johnson, Esq. | Relationship to Lawsuit |
| --- | --- |
| Firm Name: LPJ Legal PLLC | ☑ Attorney for Plaintiff |
| Telephone No.: (202) 643-6211    DC Bar No.: 1015623 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☑ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury
Demand: $ 1,200,000.00 _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____ Judge: _____ Calendar #:_____

Case No.:_____ Judge: _____ Calendar #:_____

---

NATURE OF SUIT:     *(Check One Box Only)*

**CONTRACT**

☐ Breach of Contract
☐ Breach of Warranty
☐ Condo/Homeowner Assn. Fees
☐ Contract Enforcement
☐ Negotiable Instrument

**COLLECTION/INS. SUB**

☐ Debt Collection
☐ Insurance Subrogation
☐ Motion/Application for Judgment by Confession
☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**

☐ Breach of Contract
☐ Discrimination
☐ Wage Claim
☐ Whistle Blower
☐ Wrongful Termination

**REAL PROPERTY**

☐ Condo/Homeowner Assn. Foreclosure
☐ Declaratory Judgment
☐ Drug Related Nuisance Abatement
☐ Ejectment
☐ Eminent Domain
☐ Interpleader
☐ Other
☐ Quiet Title
☑ Specific Performance

☐ **FRIENDLY SUIT**
☐ **HOUSING CODE REGULATIONS**
☐ **QUI TAM**
☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**

☐ Administrative Search Warrant
☐ App. for Entry of Jgt. Defaulted Compensation Benefits
☐ Enter Administrative Order as Judgment
☐ Libel of Information
☐ Master Meter
☐ Petition Other

☐ Release Mechanics Lien
☐ Request for Subpoena

**MALPRACTICE**

☐ Medical – Other
☐ Wrongful Death

**AGENCY APPEAL**

☐ Dangerous Animal Determination
☐ DCPS Residency Appeal
☐ Merit Personnel Act (OEA)
☐ Merit Personnel Act (OHR)
☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

| | |
|---|---|
| **CIVIL ASSET FORFEITURE** | **TORT** |
| ☐ Currency | ☐ Abuse of Process |
| ☐ Other | ☐ Assault/Battery |
| ☐ Real Property | ☐ Conversion |
| ☐ Vehicle | ☐ False Arrest/Malicious Prosecution |
| **NAME CHANGE/VITAL RECORD AMENDMENT** | ☐ Libel/Slander/Defamation |
| ☐ Birth Certificate Amendment | ☐ Personal Injury |
| ☐ Death Certificate Amendment | ☐ Toxic Mass |
| ☐ Gender Amendment | ☐ Wrongful Death (Non-Medical Malpractice) |
| ☐ Name Change | |

| | | |
|---|---|---|
| **GENERAL CIVIL** | ☐ Product Liability | **STATUTORY CLAIM** |
| ☐ Accounting | ☐ Request for Liquidation | ☐ Anti – SLAPP |
| ☐ Deceit (Misrepresentation) | ☐ Writ of Replevin | ☐ Consumer Protection Act |
| ☐ Fraud | ☐ Wrongful Eviction | ☐ Exploitation of Vulnerable Adult |
| ☐ Invasion of Privacy | **CIVIL I/COMPLEX CIVIL** | ☐ Freedom of Information Act (FOIA) |
| ☐ Lead Paint | ☐ Asbestos | ☐ Other |
| ☐ Legal Malpractice | **MORTGAGE FORECLOSURE** | **TAX SALE FORECLOSURE** |
| ☐ Motion/Application Regarding Arbitration Award | ☐ Non-Residential | ☐ Tax Sale Annual |
| ☐ Other - General Civil | ☐ Residential | ☐ Tax Sale Bid Off |

| | |
|---|---|
| **VEHICLE** | |
| ☐ Personal Injury | ☐ **TRAFFIC ADJUDICATION APPEAL** |
| ☐ Property Damage | ☐ **REQUEST FOR FOREIGN JUDGMENT** |

*Lucrecia P. Johnson*
_____
Filer/Attorney's Signature

03/30/2026
_____
Date

CV-496/February 2023



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2026-CAB-002111

**Case Style:** Larin Connor  v.  James Neher et al.

## INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 07/24/2026 | 9:30 AM | Remote Courtroom 200 |
| **Please see attached instructions for remote participation.** | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) Effective this date, this case has been assigned to the individual calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

4) At the time and place noted above, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this Conference.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Requests must be made not less than seven business days before the scheduling date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order, and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb200

   Meeting ID: 179 813 6225

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.


**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"


**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## Accessibility and Language Access Information for Superior Court

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፦**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

To: Defendants in Foreclosure Cases

## A court date has been set in your case.  What should you do?

**Answer:**  Show up to court by video, phone, or optionally in person on your hearing date – even if you do not have a lawyer and do not know how to defend your case.

Your hearing is scheduled to be a virtual hearing.

If you do not participate in the case, then the Court will believe you do not want to keep your home, and it will continue with the foreclosure court process.  Your house could eventually be sold at a foreclosure auction if you do not participate in the case.

## How can you get HELP?

**Answer: Free resources may be available to help you keep your home.**

**DC Foreclosure Prevention Hotline**
**(202) 265-2255 or 1(855) 449-2255**

Housing counseling, and legal representation may be available to you free of charge.  Call now to see if you qualify.

---

Para: Demandados en casos de ejecución hipotecaria

## Se ha fijado una fecha de audiencia en su caso.  ¿Qué debe hacer?

**Conteste:**  Preséntese en el juzgado por vídeo, por teléfono o en la alternativa en persona en la fecha de su audiencia, incluso si no tiene abogado y no sabe cómo defender su caso.

Su audiencia está programada para ser una audiencia virtual.

Si usted no participa en su caso el Tribunal lo considerará como que usted no quiere conservar su casa, y continuará con el proceso judicial de ejecución hipotecaria.  Su casa podría eventualmente ser vendida en una subasta de ejecución hipotecaria si usted no participa en el caso.

## ¿Cómo se puede conseguir AYUDA?

**Respuesta:  Puede haber recursos gratuitos para ayudarle a conservar su casa.**

**Línea directa de prevención de ejecuciones hipotecarias de DC**
**(202) 265-2255 o 1(855) 449-2255**

El asesoramiento en materia de vivienda y la representación legal pueden estar a su disposición de forma gratuita. Llame ahora para ver si cumple con los requisitos.

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

📞 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

     Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

    📞 DC Foreclosure Prevention Hotline: 202-265-2255

- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!

- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.

- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.

- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).

- Speak slowly and clearly so everyone hears what you are saying.

- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.

- Try not to talk over anyone else. Only one person can speak at a time..If you talk while someone else is talking, the judge will not be able to hear you.

- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.

- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.

- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.

- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.

- Look at the camera when you speak and avoid moving around on the video.

- Wear what you would normally wear to court.

- Sit in a well-lit room with no bright lights behind you.

- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts
# Tips for Using DC Courts Remote Hearing Sites

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**



**Remote Site - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Remote Site - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Remote Site – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**If you want to use a remote site location for your hearing,** call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing,** please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

\*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call: 202-879-1900
Email:  DCCourtsRemoteSites@dcsc.gov



# Tribunales del Distrito de Columbia
# Consejos para usar los sitios de audiencia remota de los Tribunales de DC



Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.



**Sito Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE

**Sito Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sito Remoto – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***
1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
4/6/2026 6:07:51 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**Larin Connor**
4455 Connecticut Ave NW #933
Washington DC 20008

     Plaintiff

v.

**James Neher**
**Nancy Neher**
Individually and as Trustees of the
James & Nancy Neher Living Trust
1806 Merrifields Dr
Silver Spring, MD 20906

**James & Nancy Neher Living Trust**
1806 Merrifields Dr
Silver Springs, MD 20906

     Defendants.

Case No.: 2026-CAB-002111

Action Involving Real Property

Next Event: 07/24/2026 at 9:30 am
Remote Initial Scheduling Conference

Judge Veronica M. Sanchez

---

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Larin Connor ("Mr. Connor"), by and through his attorney, Lucrecia P. Johnson, Esq., and LPJ Legal, PLLC, respectfully moves this Court, pursuant to Super. Ct. Civ. R. 65 for a Preliminary Injunction Enjoining the Defendants from selling, transferring, encumbering, or otherwise disposing of any interest in the Real property located at 2315 Green Street SE, Washington, DC (the "property") pending the final resolution of this Action.  In support, Plaintiff states as follows:

**STATEMENT OF FACTS**

On or about July 3, 2025, Plaintiff and Defendants executed a written sales contract for the purchase and sale of the Property located at 2315 Green Street SE, Washington, DC 20020. *See Exhibit A*.  The Property is an income-producing four-unit building. At the time of contracting,

three of the four units were occupied by tenants generating approximately $4,000 per month in rent. The agreed purchase price was $660,000. Plaintiff paid the required earnest-money deposit of $2,000 and agreed to make a 25% down payment at closing. The contract called for settlement on August 29, 2025. It also contains a District of Columbia jurisdictional addendum, a prevailing-party fee provision, and a clause stating that the agreement is governed by the law of the jurisdiction where the Property is located.

A Seller Financing Addendum was executed as part of the parties' agreement. The addendum provided that only the paragraphs that were checked and initialed will be made part of the sales contract. The only checked and initialed paragraph in the Seller Financing Addendum is Paragraph 1, which states that the Seller will take back a deferred purchase money loan in the amount of $495,000, which shall bear interest at the rate of five (5) % per annum and be payable no later than five (5) years. The loan was to be evidenced and secured by a standard Fannie Mae and Freddie Mac (hereinafter "FNMA/FHLMC") note and a deed of trust encumbering the property, which shall provide for a 5% late charge of any monthly installment not received within 15 days after the same is due, and a 50% commission payable to the trustees in the event of foreclosure. The monthly installments will be $2,062.50.

After executing the contract and addendum, Defendants provided Plaintiff with a promissory note (the "Note") in August 2025. The promissory note materially departed from the financing terms the parties agreed to in writing. The Note was not a standard FNMA/FHLMC note, as standard FNMA/FHLMC notes do not include confessed judgment provisions. The Note also imposed a 10% late charge after 5 days, in direct contradiction to the written financial addendum's 5% charge after 15 days. Lastly, the note included a Maryland choice-of-law provision, which was inconsistent with the parties' jurisdiction addendum for D.C.

2

Plaintiff promptly objected to the Note and asked Defendants to revise the Note so it conformed to the contract and applicable District of Columbia law. Defendants refused. Settlement therefore did not occur as scheduled, not because Plaintiff was unwilling to close, but because Defendants refused to perform on the financing terms they had agreed to provide.

Plaintiff remains ready, willing, and able to perform. He has the required down payment set aside, he has paid the deposit, and he is prepared to proceed to closing upon delivery of lawful and conforming financing documents.

## LEGAL STANDARD

Pursuant to Super. Ct. Civ. R. 65 covers the issuance of Preliminary Injunctions. 65(a) states that the Court may issue a preliminary injunction upon notice to the opposing party. The decision to grant a preliminary injunction is at the discretion of the trial court. *Stamenich v. Markovic*, 462 A.2d 452, 456 (D.C. 1983)

> "A proper exercise of discretion requires the trial court to consider whether the moving party has clearly demonstrated (1) that there is a substantial likelihood he [or she] will prevail on the merits; (2) that he [or she] is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him [or her] from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order."

*In re Estate of Reilly*, 933 A.2d 830, 834 (D.C. 2007).

## ARGUMENT

### 1)  Plaintiff Is Substantially Likely To Prevail On The Merits

Plaintiff filed a complaint seeking specific performance by Defendants, among other requested relief, for their breach of contract, and other improper actions taken against Plaintiff. Defendants have violated both their promises to Plaintiff and the District of Columbia law in several ways. First, the complaint alleges that Defendants breached a valid and enforceable

3

contract that was supported by consideration. The Contract is attached to the complaint, identifies the parties, the property, the purchase price, the terms, and the consideration. The Seller Financing Addendum expressly states that checked and initialed provisions become part of the sales contract and supersede inconsistent provisions. The only checked and initialed paragraph sets out the operative financing terms in detail.

Defendants materially breached the contract by refusing to honor the seller financing addendum as written and by conditioning performance upon Plaintiff's acceptance of a promissory note containing materially different and predatory terms.

Plaintiff performed according to the Contract and remains ready, willing, and able to perform. Plaintiff has paid the deposit and has the required down payment ready for closing once the Defendants provide documents that comply with the sales agreement.   Due to the nature and subject of the contract, money damages will be inadequate or impracticable because land is the subject matter of the agreement. *Flack v. Laster*, 417 A.2d 393, 40 (D.C. 1980). The court in *Flack* affirmed specific performance of a land sales contract where the purchaser was ready, willing, and able to perform and the seller sought to avoid the agreed sale. Flack v. Laster, 417 A. 2d 393, 400-01 (D.C. 1980).   Here, Plaintiff has shown a substantial case on the merits for a breach of contract and specific performance.

Plaintiff has also shown a substantial case on the merits for the claim of promissory estoppel. Under District of Columbia law, to hold a party liable under promissory estoppel, there must be a promise which reasonably induces reliance to the promise's detriment, and injustice is avoidable only by enforcement. *Howard Univ. v. Good Food Servs., Inc.*, 608 A.2d 116, 121 (D.C. 1992). Here, Plaintiff has alleged that, if the court finds that the sales contract was not valid, then alternatively Defendants promised to sell the property to Plaintiff. Plaintiff reasonably relied on

4

this promise and refrained from purchasing other property and submitted a deposit. Plaintiff suffered a detriment on the reliance, and injustice can only be avoided by enforcing the Defendant's promise to sell the property to Plaintiff.  Plaintiff has substantially also pleaded violations of the D.C. Consumer Protection Act in a manner that is likely to prevail on the merits.

### 2)  Plaintiff Is In Danger Of Suffering Irreparable Harm During The Pendency Of The Action And Have No Adequate Remedy At Law

"An injunction should not be issued unless the threat of injury is imminent and well-founded, and unless the injury itself would be incapable of being redressed after a final hearing on the merits." *Wieck v. Sterenbuch*, 350 A.2d 384, 388 (D.C. 1976). Here, if Defendants are not enjoined from selling, transferring, encumbering, or otherwise disposing of any interest in the property pending final resolution, Plaintiff will suffer irreparable harm because Plaintiff's right to specific performance will be rendered moot or nearly impossible at the conclusion of the trial. This is the exact type of harm that an injunction is intended to prevent.

### 3)  More Harm Will Result to the Plaintiff From The Denial Of The Injunction Than Will Result To The Defendant From Its Grant

"Before granting a preliminary injunction, the trial court must determine that *more* harm will result to the movant from the denial of the injunction than will result to the nonmoving party from its grant." *In re Estate of Reilly*, 933 A.2d 830, 840 (D.C. 2007). Here, the balance of harm weighs strongly in favor of Plaintiff. If the injunction is not granted, Plaintiff risks losing the property altogether and rendering his requested specific performance moot or nearly impossible. By contrast, the requested injunction merely imposes a limited and temporary restraint on Defendants.  It will merely preserve the status quo so that the court is able to fully decide this case on its merits.

### 4)  The Public Interest Will Not Be Disserved By The Issuance Of The Requested Order

5

Granting Plaintiff's requested relief would not be adverse to the public interest because the public is interested in ensuring that valid contractual obligations are enforced and that predatory contractual obligations are not enforced. This is the reason why breach of contract claims are permitted to proceed when there is a valid contract and predatory contractual clauses are rendered unenforceable. Granting the requested injunction will also promote the public interest by ensuring the Court can render a meaningful relief if Plaintiff prevails by preserving the property while the parties litigate the merits of the case.

### 5) Plaintiff Requests that the Court Waive the Security Bond

Super. Ct. R. 65(c) states that "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, *L 'Enfant Plaza Props., Inc.* clarifies that while the security requirement is phased as mandatory, the exact amount of "security" is at the trial court's discretion. While the security requirement is phrased in mandatory terms, the exact amount of security is left to the trial court's discretion. *L 'Enfant Plaza Props., Inc. v. Fitness Sys., Inc.*, 354 A.2d 233, 237 (D.C. 1976). Plaintiff respectfully requests that the Court waive the security bond requirement. Defendants will suffer no financial prejudice while the injunction is in effect; they will continue to collect $4,000 in monthly rental income and will otherwise face no significant restraint on their operations. Moreover, the Court may look to Plaintiff's earnest money deposit, which remains in escrow, as sufficient security. In the alternative, should the Court require a bond, Plaintiff requests that it be set at a nominal amount.

### CONCLUSION

6

For the following reasons, Plaintiff respectfully requests that this Court grant the Motion

for preliminary injunction and enter the attached proposed order.

Dated: April 6, 2026

Respectfully Submitted,

/s/Lucrecia P. Johnson
Lucrecia Johnson, Esq. (D.C. Bar No. 1015623)
LPJ Legal PLLC
853 New Jersey Ave, S.E., Suite 200
Washington, D.C. 20003
(202) 643-6211
lucrecia@lpjlegal.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2026, a true and correct copy of the foregoing,

by e-service, was delivered to Defendants via USPS, first class mail, postage prepaid to

James Neher and Nancy Neher
James & Nancy Neher Living Trust
1806 Merrifields Dr
Silver Spring, MD 20906

/s/Lucrecia P. Johnson
Lucrecia P. Johnson, Esq.

7

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**Larin Connor**
4455 Connecticut Ave NW #933
Washington DC 20008

     Plaintiff

v.

**James Neher**
**Nancy Neher**
Individually and as Trustees of the
James & Nancy Neher Living Trust
1806 Merrifields Dr
Silver Spring, MD 20906

**James & Nancy Neher Living Trust**
1806 Merrifields Dr
Silver Springs, MD 20906

     Defendants.

Case No.: 2026-CAB-002111

Action Involving Real Property

Next Event: 07/24/2026 at 9:30 am
Remote Initial Scheduling Conference

Judge Veronica M. Sanchez

---

**ORDER (PROPOSED)**

Upon consideration of the Plaintiff's Motion for a Preliminary Injunction and any

opposition or reply thereto, it is by the Court this____ day of _____, 2026 hereby;

**ORDERED** that Motion is **GRANTED**; and further

**ORDERED** that Defendants are enjoined from selling, transferring, encumbering, or otherwise

disposing of any interest in the Real property located at 2315 Green Street SE, Washington, DC.

                                  _____

                                  Judge Veronica M. Sanchez

8



**GCAAR**
GREATER CAPITAL AREA ASSOCIATION OF REALTORS

REALTOR®   EQUAL HOUSING OPPORTUNITY

## Financial Information Sheet

This information is presented with the understanding that it may be used as a basis for the acceptance of a contract by the seller. The undersigned hereby authorizes the agent to disclose to the seller, seller's agents, dual agents, cooperating agents and any lender all or any portion of the information sheet. Any misrepresentations, fraudulent entries and/or omissions on this form, which may adversely affect the Buyer's ability to qualify for a loan, may be used as a basis for legal action.

Buyer (Full Name) _Larin Ashley Connor_

Residence Phone _(202) 546-9866_    Business Phone _____   Other _____

Present Address _4455 Connecticut Ave NW_    PITI or Rent $ _2800_ Per Month

Years at Present Address _3_   Own $ _____

Previous Address _____

Occupation (Position & Title) _Financial Institution Examiner_    # of Years _8_

Place of Employment (Name & Address) _Consumer Financial Protection Bureau_    # of Years _____

Previous Employer (Name & Address) _____

Co-Buyer (Full Name) _____

Residence Phone _____   Business Phone _____   Other _____

Present Address _____

Years at Present Address _____   Own $ _____   PITI or Rent $ _____ Per month

Previous Address _____

Occupation (Position & Title) _____    # of Years _____

Place of Employment (Name & Address) _____    # of Years _____

Previous Employer (Name & Address) _____

**GROSS ANNUAL INCOME:**

| | Buyer | Co-Buyer |
|---|---|---|
| Base Salary: | $ 150,000 | $ |
| Overtime: | $ | $ |
| Bonuses: | $ 10,000 | $ |
| Commissions: | $ | $ |
| Dividends: | $ | $ |
| Net Rental Income: | $ | $ |
| Other: _Law Practice_ | $ 140,000 | $ |
| | $ | $ |
| TOTAL | $ 300,000 | $ |

Buyer self-employed? ☐ Yes ☒ No    Co-Buyer self-employed? ☐ Yes ☐ No

Are all buyers First Time MD Home Buyers?
*See Below for details
☐ Yes ☒ No

Do all Buyers intend to occupy this property?
☐ Yes ☒ No Details: _____

# of Dependents _0_

Details: _____

**ASSETS:**

Present Residence (if owned): Mkt. Value $ _230,000_    Mtg. Balance(s) $ _____    Lender(s) _Chase_

Checking $ _30,000_   Bank _Capital One, BOA_

   $ _/_   Bank _____

Savings $ _10,000_   Bank _Capital One_

   $   Bank _____

Credit Union $ _____   Bank _____

Stocks $ _1.2 million_   Bonds $ _____   Life Insurance-Cash $ _____   Face Value $ _____

Other Assets: (Specify) _____

©2005 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. Previous editions of this Form should be destroyed.

GCAAR Form # 1337 - MC & DC
(Previously Form #1504)

RE/MAX Allegiance 220 Seventh Street SE Washington, DC 20003
Phone: (202)255-5554   Fax:    Thomas Faison

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

draft do

LIABILITIES: (Outstanding obligations including auto, mortgage(s), credit card(s), personal loan(s) and/or cosigned loans and all other obligations.)

| Type | Creditor's Name | Unpaid Balance | Payoff Date | # of Payments Remaining | Monthly Payment |
|---|---|---|---|---|---|
| | | $ | | | $ |
| | | $ | | | $ |
| | | $ | | | $ |
| | TOTAL | $ | | | $ |

Additional Monthly Obligations:     Alimony $ _____     Child Support $ _____     Child Care $ _____

### USE REVERSE SIDE FOR DETAILS OR ADDITIONS

Has any buyer ever declared bankruptcy?  ☐ Yes  ☑ No     If yes, explain on reverse side.

Are there any outstanding judgments, lawsuits or tax liens current:  ☐ Yes  ☑ No     Amount $ _____
(If yes, use reverse side for details.)

Are you aware of any factors or conditions that could adversely affect any buyers ability to obtain a mortgage loan?  ☐ Yes  ☑ No
(If yes, use reverse side for details.)

Is any part of the down payment or settlement costs being obtained from a source other than from assets listed above?  ☐ Yes  ☑ No
(If yes, use reverse side for details.)

I (we) certify that I (we) are over the age of majority and that the above information is true and accurate to the best of my (our) knowledge and by my (our) signature(s) acknowledge receipt of this financial information sheet.

_____     Co-Buyer _____
Buyer

Date 6/30/25     Date _____

First-time Maryland home buyer means an individual who has never owned in the State, residential real property that has been the individual's principal residence, which will be occupied by the buyer as the buyer's principal residence. The buyer can also be a co-maker or guarantor of a purchase money mortgage or deed of trust so long as the co-maker or guarantor will not occupy the residence.

©2005 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1337 - MC & DC
(Previously Form #1504)

11/05

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com     draft docs for

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4B4264A5-4659-F911-8E7C-000D9A8A8962

  

# GCAAR Sales Contract
## TIME IS OF THE ESSENCE AS TO ALL TERMS OF THIS CONTRACT.

The SALES CONTRACT ("Contract") is made on _____ **June 26, 2025** _____ ("Date of Offer") between _____ **Larin Connor** _____ ("Buyer") and _____ **James & Nancy Neher Living Trust** _____ ("Seller") who, among other things, hereby confirm and acknowledge by their initials and signatures herein that by prior disclosure in this real estate transaction _____ **Keller Williams Capitol Properties** _____ ("Listing Company") represents Seller, and _____ **FES & J Realty** _____ ("Selling Company") represents [X] **Buyer** OR [ ] **Seller.** The Listing Company and Selling Company are collectively referred to as "Broker." (If Broker is acting as a dual representative for both Seller and Buyer, then the appropriate disclosure form is attached to and made a part of this Contract.) In consideration of the mutual promises and covenants set forth below, and other good and valuable consideration the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. **REAL PROPERTY:** Buyer will buy and Seller will sell for the sales price ("Sales Price"), Seller's entire interest in the real property (with all improvements, rights and appurtenances) described as follows ("Property"):

   Street Address _____ **2315 Green Street S.E.** _____
   Unit # _____ City _____ **Washington** _____ State _____ **D.C.** _____ Zip Code _____ **20020** _____
   Condominium/Cooperative Project Name _____
   Parking Space(s) # _____ Storage Unit(s) # _____
   Legal Description: Lot(s) _____ **80** _____ Block/Square _____ **5753** _____ Section _____
   Subdivision _____ **Anacostia** _____ Tax Account # _____

2. **JURISDICTIONAL ADDENDUM:** The following Jurisdictional Addendum, if ratified and attached, is made a part of this Contract. Jurisdictional Addendum for [X] **District of Columbia** [ ] **Montgomery County, MD**

3. **PRICE AND FINANCING:** (All percentages refer to percent of Sales Price.)

   **A. Down Payment**
   **B. Financing**
   | | | |
   |---|---|---|
   | 1. First Trust (if applicable) | | _____ **25.000** _____ % |
   | 2. Second Trust (if applicable) | | _____ % |
   | 3. Seller Held Trust (if applicable, addendum attached) | **495,000** ~~487,500.000~~ | _____ % |
   | TOTAL FINANCING | | **495,000** ~~487,500.000~~ % |
   | SALES PRICE | | $ ~~650,000.00~~ ~~669,000.00~~ **660,000** |

   **C. First Deed of Trust** Purchaser will [ ] **Obtain** OR [ ] **Assume a** [ ] **Fixed** OR an [ ] **Adjustable** rate First Deed of Trust loan of the following type:

   [ ] **Conventional** See Addendum Attached
   [ ] **FHA** See Addendum Attached
   [ ] **VA** See Addendum Attached

   [ ] **This Contract is not contingent on Financing.**
   [X] **Other: Owner Financing** _____

   **D. Second Deed of Trust** Purchaser will [ ] **Obtain** OR [ ] **Assume a** [ ] **Fixed** OR an [ ] **Adjustable** rate Second Deed of Trust loan.

   **E. Assumption** Assumption fee, if any, and all charges related to the assumption will be paid by the Buyer. If Buyer assumes Seller's loan(s): (i) Buyer and Seller [ ] will OR [ ] will not obtain a release of Seller's liability to the financial institution or U.S. Government for the repayment of the loan by Settlement, (ii) Buyer and Seller [ ] will OR [ ] will not obtain substitution of Seller's VA entitlement by Settlement. Balances of any assumed loans, secondary financing and cash down payments are approximate.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. Previous editions of this Form should be destroyed.

GCAAR Form # 1301 – GCAAR Sales Contract – 2/2025          1 of 7          Initial _____ _____ Buyer

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4B4264A5-4659-F011-3FF2-000D3A8A9962

**4. DEPOSIT:** Buyer's deposit ("Deposit") in the amount of ~~Two Thousand~~ **$10,000.00** shall be held by ~~FES & J Realty~~ **District Title** "Escrow Agent"). Buyer ☐ has delivered OR ☒ will deliver the Deposit within **Two (2)** days after Date of Ratification ("Deposit Deadline"). (If the Property is in Maryland and Broker is the Escrow Agent, the Deposit must be delivered to Escrow Agent within 3 days of the Date of Ratification.) Should Buyer fail to deliver Deposit to Escrow Agent by the Deposit Deadline, as provided herein, Buyer will be in Default and Seller may, at Seller's option, Deliver Notice to Buyer declaring this Contract Void. Upon Delivery to Buyer of Seller Notice to Void Contract, all respective rights and obligations of the Parties arising under this Contract will terminate. Following Deposit Deadline, but prior to Seller Delivery of Notice to Void, Buyer may cure Default by Delivering the Deposit to Escrow Agent, upon which all terms and conditions of this Contract will remain in full force and effect.

The Deposit will be placed in an escrow account of the Escrow Agent after Date of Ratification in conformance with the laws and regulations of the appropriate jurisdiction and/or, if VA financing applies, as required by Title 38 of the U.S. Code. This account may be interest bearing and all parties waive any claim to interest resulting from the Deposit. The Deposit will be held in escrow until: (i) credited toward the Sales Price at Settlement; (ii) all parties have agreed in writing as to its disposition; (iii) a court of competent jurisdiction orders disbursement and all appeal periods have expired; or, (iv) disposed of in any other manner authorized by the laws and regulations of the appropriate jurisdiction. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct.

**5. FUNDS DUE AT SETTLEMENT:** The balance of the funds due at Settlement from Buyer and/or Seller will be paid on or before the Settlement Date. Buyer and/or Seller shall verify with Settlement Agent how funds due at Settlement are to be paid. An assignment of funds shall not be used without prior written consent of all parties to the transaction.

08/29/2025

**6. SETTLEMENT:** Seller and Buyer will perform in accordance with the terms of this Contract ("Settlement") on ~~30 days after title search~~ ~~30 days after title search~~ ("Settlement Date") except as otherwise provided in this Contract. Buyer selects **TBD** *Subject to TOPA* **District Title LLC , Jeffrey Darrah  Esq.** ("Settlement Agent") to conduct the Settlement. Buyer agrees to contact the Settlement Agent within 10 Days after the Date of Ratification to schedule Settlement and to place a title order.

**7. PROPERTY MAINTENANCE AND CONDITION:** Except as otherwise specified herein, Seller will deliver the Property at Settlement vacant, free and clear of trash and debris, broom clean and in substantially the same physical condition to be determined as of ☐ **Date of Offer** OR ☒ **Date of home inspection** OR ☐ **Other:** _____. Failure to select an option in the preceding sentence shall be deemed an agreement to select the Date of Offer option. Seller will have all utilities in service through Settlement or as otherwise agreed. Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located. Buyer and Seller will not hold Broker liable for any breach of this paragraph.

Buyer acknowledges, subject to Seller acceptance, that this Contract may be contingent upon home inspection(s) and/or other inspections to ascertain the physical condition of the Property. If Buyer desires one or more inspection contingencies, such contingencies must be included in an addendum to this Contract.

☒ This Contract is contingent upon home inspection(s) and/or other inspections. (Addendum Attached)
OR
☐ Buyer declines the opportunity to make Contract contingent upon home inspection(s) and/or other inspections.

Buyer acknowledges that except as otherwise specified in this Contract, the Property, including electrical, plumbing, existing appliances, heating, air conditioning, equipment and fixtures shall convey in its **AS-IS CONDITION** as of the date specified above. Buyer further acknowledges that neither Brokers and/or their agents nor subagents are responsible for Property defects.

**8. ACCESS TO PROPERTY:** Seller will provide Broker, Buyer, inspectors representing Buyer and representatives of lending institutions for Appraisal purposes reasonable access to the Property to comply with this Contract. In addition, Buyer and/or Buyer's representative will have the right to make a final inspection within 5 days prior to Settlement and/or occupancy, unless otherwise agreed to by Buyer and Seller.

**9. INCLUSIONS/EXCLUSIONS:** The Property includes the personal property and fixtures as defined and identified in the attached Inclusions/Exclusions Disclosure and Addendum.

**10. HOME WARRANTY:** ☐ **Yes** OR ☒ **No**
Home warranty policy paid for and provided at Settlement by: ☐ **Buyer** OR ☐ **Seller**
Cost not to exceed $ _____. Warranty provider to be _____.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve

11. **BUYER'S REPRESENTATIONS:** Buyer ☐ will OR ☒ will not occupy the Property as Buyer's principal residence. **Unless specified in a written contingency, neither this Contract nor the financing is dependent or contingent on the sale and settlement or lease of other real property.** The Selling Company ☐ is OR ☐ is not authorized to disclose to the Listing Company, Seller and any lender the appropriate financial or credit information statement provided to the Selling Company by Buyer. Buyer acknowledges that Seller is relying upon all of Buyer's representations, including without limitation, the accuracy of financial or credit information given to Seller, Broker or the Lender by Buyer.

12. **WOOD-DESTROYING INSECT INSPECTION:** Buyer at Buyer's expense may choose to obtain a wood-destroying insect ("WDI") inspection of the Property by a licensed pest control firm. If Buyer elects to do so, Buyer will furnish to Seller a written report from the licensed pest control firm showing that all dwelling(s) and/or garage(s) within the Property are free of visible evidence of any live WDI, and free from visible WDI damage. Any treatment for live WDI and/or repairs for WDI damage recommended in the licensed pest control firm's report will be made at Seller's expense. Said treatment shall be completed by a licensed pest control firm and said repairs shall be completed by a contractor licensed in the appropriate jurisdiction. Seller will provide written evidence of such treatment and/or repair prior to Settlement which shall satisfy the requirements of this Paragraph.

13. **LEAD-BASED PAINT REGULATIONS:** Federal law requires sellers of properties built before 1978 to provide buyers with the required federal disclosure regarding lead paint (GCAAR form "Lead Paint--Federal Disclosure") and the EPA pamphlet "Protect Your Family from Lead in Your Home". In addition, for District of Columbia properties built before 1978, sellers are required to provide buyers the District of Columbia Lead Disclosure (GCAAR form "Lead Paint-- DC Disclosure") and for Maryland properties built before 1978, sellers are required to provide buyers the Maryland Lead Disclosure (GCAAR form "Maryland Lead Poisoning Prevention Program Disclosure"). A seller who fails to provide the required local and federal lead-based paint forms, including the EPA pamphlet, may be liable under the law for three times the amount of damages and may be subject to both civil and criminal penalties. Seller and any agent involved in the transaction are required to retain a copy of the completed lead-based paint disclosure forms for a period of six (6) years following the date of Settlement. If the dwelling(s) was built prior to 1978 or if the building date is uncertain and the Property is not exempt from the Residential Federal Lead-Based Paint Hazard Reduction Act of 1992, this Contract is voidable by Buyer until Buyer acknowledges receipt of the required federal lead- based paint form, including the EPA pamphlet, and DC Lead Disclosure or Maryland Lead Disclosure if applicable, and has either taken the opportunity to incorporate a Lead-Based Paint Inspection contingency or waived such right. Until said acknowledgement occurs, Buyer retains the right to unconditionally, and without risk of loss of Deposit or other adverse effects, declare Contract void. Seller and Buyer acknowledge by their respective initials below that they have read and understand the provisions of this Paragraph.

Seller's Initials _GN_ 07/03/25 8:33 PM EDT dotloop verified / _NW_ 07/03/25 8:37 PM EDT dotloop verified    Buyer's Initials _LC_ / _____

**Completed Lead-Based Paint forms are attached.**    ☑ Yes    ☐ No    ☐ N/A

In accordance with the Lead Renovation, Repair and Painting Rule ("RRP") as adopted by the Environmental Protection Agency ("the EPA"), effective April 22, 2010, if the improvements on the Property were built before 1978, contractor(s) engaged by Seller to renovate, repair or paint the Property must be certified by the EPA where such work will disturb more than six square feet of lead-based paint per room for interior projects, more than 20 square feet of lead-based paint for any exterior project, or includes window replacement or demolition ("Covered Work"). Before and during any Covered Work, contractor(s) must comply with all requirements of the RRP. A seller who personally performs any Covered Work on a rental property is required to be certified by the EPA prior to performing such Covered Work. No certification is required for a seller who personally performs Covered Work on a seller's principal residence. However, seller has the ultimate responsibility for the safety of seller's family or children while performing such Covered Work. For detailed information regarding the RRP, Seller should visit http://www2.epa.gov/lead/renovation-repair-and-painting-program. The Seller and Buyer acknowledge that they have read and understand the provisions of this section.

Seller's Initials _GN_ 07/03/25 8:33 PM EDT dotloop verified / _NW_ 07/03/25 8:37 PM EDT dotloop verified    Buyer's Initials _LC_ / _____

14. **FINANCING APPLICATION:** If this Contract is contingent on financing, Buyer will make written application for the Specified Financing and any Lender required property insurance no later than 7 days after the Date of Ratification. Buyer grants permission for the Selling Company and the Lender to disclose to the Listing Company and Seller general information about the progress of the loan application and loan approval process. If Buyer fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply. Seller agrees to comply with reasonable Lender requirements except as otherwise provided in the LENDER REQUIRED REPAIRS paragraph of the applicable financing contingency addendum.

15. **DAMAGE OR LOSS:** The risk of damage or loss to the Property by fire, act of God, or other casualty remains with Seller until the execution and delivery of the Deed of conveyance to Buyer at Settlement.

16. **TITLE:** The title report and survey if required, will be ordered pursuant to the terms in the Settlement Paragraph. If such report and survey are not available on the Settlement Date, and were ordered as required, Settlement may be delayed for up to 10 Business Days to obtain the title report and survey after which date this Contract, at the option of Seller, may be declared void, and the Deposit will be refunded in full to Buyer. Fee simple title to the Property, and everything that conveys with it, will be sold free of liens, except for any

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          3 of 7          Initia _GN_ 07/03/25 8:33 PM EDT / _NW_ 07/03/25 8:37 PM EDT Buyer _LC_ /_____

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

loans assumed by Buyer. Title is to be good of record, marketable, and insurable by a licensed title insurance company with no additional risk premium. Title will be subject to easements, covenants, conditions and restrictions of record in existence as of Date of Ratification ("Required Condition"). If, as determined by the Settlement Agent, title is not in the Required Condition by the Settlement Date, said date shall automatically be extended by 30 days ("Extended Settlement Date"), and Seller shall promptly take all action necessary to place title in the Required Condition prior thereto at Seller's expense. If title is not in the Required Condition by the Extended Settlement Date, then Buyer may Deliver Notice to Seller declaring this Contract void.

Broker or any agents, subagents or employees of Broker, and Settlement Agent are not advising the parties as to certain issues, including without limitation: land use; lot size and exact location; and possible restrictions of the use of the Property due to restrictive covenants, easements, zoning, subdivision, or environmental laws. Broker or any agents, subagents or employees of Broker, and Settlement Agent are hereby expressly released from all liability for damages by reason of any defect in the title.

The manner of taking title may have significant legal and tax consequences. Buyer is advised to seek the appropriate professional advice concerning the manner of taking title. Seller will convey the Property by Special Warranty Deed or by Personal Representative's Deed in the event Seller is a decedent's estate. Seller will sign such affidavits, lien waivers, tax certifications, and other documents as may be required by the Lender, title insurance company, Settlement Agent, or government authority, and authorizes the Settlement Agent to obtain payoff or assumption information from any existing lenders.

Unless otherwise agreed to in writing, Seller will pay any governmental special assessments and will comply with all orders or notices of violations of any county or local authority, condominium unit owners' association, and/or homeowners' association or actions in any court on account thereof, against or affecting the Property on the Settlement Date. The parties authorize and direct the Settlement Agent to provide a copy of the Combined Settlement Statement to Seller, Buyer, Listing Company, Selling Company, Homeowner/Condominium Association, Relocation Company and/or any third-party payees reflected on the Settlement Statement.

The parties acknowledge that, under certain circumstances, when a property is substantially renovated or modified or its usage is changed, a Certificate of Occupancy or a Final Inspection Certification may be required prior to use and occupancy of the property. Additional information on these requirements can be obtained at https://code.dccouncil.us/dc/council/code/sections/6-641.09.html for properties located in the District of Columbia and at https://codelibrary.amlegal.com/codes/montgomerycounty/latest/montgomeryco_md/0-0-0-3515#JD_8-28 for properties located in Montgomery County, MD. In the event a local authority requires the issuance of a Certificate of Occupancy or a Final Inspection Certificate, the Seller agrees to provide evidence thereof.

17. **POSSESSION DATE:** Unless otherwise agreed to in writing between Seller and Buyer, Seller will give possession of the Property at Settlement, including delivery of keys, fobs, and codes, if any. If Seller fails to do so and occupies the Property beyond Settlement, Seller will be a tenant at sufferance of Buyer and hereby expressly waives all notice to quit as provided by law. Buyer will have the right to proceed by any legal means available to obtain possession of the Property. Seller will pay any damages and costs incurred by Buyer including reasonable Legal Expenses.

18. **FEES:** Fees for the preparation of the Deed, that portion of the Settlement Agent's fee billed to Seller, costs of releasing existing encumbrances, Seller's legal fees and any other proper charges assessed to Seller will be paid by Seller. Fees for the title exam (except as otherwise provided), survey, recording (including those for any purchase money trusts) and that portion of the Settlement Agent's fee billed to Buyer, Buyer's legal fees and any other proper charges assessed to Buyer will be paid by Buyer. Fees to be charged will be reasonable and customary for the jurisdiction in which the Property is located. (Recording and Transfer Taxes are covered in the appropriate jurisdictional addendum.)

19. **BROKER'S FEE:** Seller and Buyer irrevocably instruct Settlement Agent to pay Broker compensation ("Broker's Fee") at Settlement as set forth in the parties' respective brokerage representation agreements and any other Broker compensation addenda made a part hereto.

20. **ADJUSTMENTS:** Proratable charges, including but not limited to, rents, taxes, water and sewer charges, front foot benefit and house connection charges, condominium/cooperative unit owners' association and/or homeowners' association regular periodic assessments, are to be adjusted to the Settlement Date. Any heating or cooking fuels remaining in supply tank(s) at Settlement will become the property of Buyer. Taxes are to be adjusted according to the information provided by the collector of taxes. If a loan is assumed, interest will be adjusted to the Settlement Date and Buyer will reimburse Seller for any existing escrow accounts.

21. **DISPUTES:** In the event of any dispute between Seller and Broker and/or Buyer and Broker resulting in Broker or any agents, subagents or employees of Broker being made a party to such dispute, including but not limited to, any litigation, arbitration, or complaint and claim before the applicable Real Estate Commission, whether as defendant, cross-defendant, third-party defendant or respondent, Seller and Buyer, jointly and severally, agree to indemnify and hold Broker and any agents, subagents and employees of Broker harmless from any liability, loss, cost, damage or expense (including but not limited to, filing fees, service of process fees, transcript fees and Legal Expenses), resulting therefrom, provided that such dispute does not result in a judgment or decision against Broker, Broker's agents, subagents or employees for acting improperly.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          4 of 7          Initial _GN_ _NN_ Buyer _LC_ _____
                                                                          07/03/25  07/03/25

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F041-8E7C-000D3A8A9962

22. **LEGAL EXPENSES:**

A. In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non-performance of the terms and conditions of this Contract, including but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable Legal Expenses from the other party as determined by the Court or arbitrator.

B. In the event a dispute arises resulting in Broker (as used in this paragraph to include any agent, subagent or employee of Broker) and/or Settlement Agent being made a party to any litigation by Buyer or by Seller, the parties agree that the party who brought Broker and/or Settlement Agent into litigation shall indemnify Broker and/or Settlement Agent for all reasonable Legal Expenses incurred, unless the litigation results in a judgment against Broker and/or Settlement Agent.

23. **PERFORMANCE:** Delivery of the required funds and executed documents to the Settlement Agent will constitute sufficient tender of performance. Funds from this transaction at Settlement may be used to pay off any existing liens and encumbrances, including interest, as required by lender(s) or lienholders.

24. **SELLER RESPONSIBILITY:** Seller agrees to keep existing mortgages free of default through Settlement. All violations of requirements noted or issued by any governmental authority, or actions in any court on account thereof, against or affecting the Property at Settlement, shall be complied with by Seller and the Property conveyed free thereof.

25. **DEFAULT: Buyer and Seller agree to perform at Settlement in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach hereof.** If Buyer fails to complete Settlement for any reason other than Default by Seller, at the option of Seller, the Deposit may be forfeited as liquidated damages (not as a penalty) in which event Buyer will be relieved from further liability to Seller. If Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of Buyer's liability in the event of a Default. If the Deposit is forfeited, or if there is an award of damages by a court or a compromise agreement between Seller and Buyer, Broker may accept and Seller agrees to pay Broker one-half of the Deposit in lieu of the Broker's Fee, (provided Broker's share of any forfeited Deposit will not exceed the amount due under the listing agreement).

If Seller fails to perform or comply with any of the terms and conditions of this Contract or fails to complete Settlement for any reason other than Default by Buyer, Buyer will have the right to pursue all legal or equitable remedies, including specific performance and/or damages.

If either Seller or Buyer refuses to execute a release of Deposit ("Release") when requested to do so in writing and a court finds that such party should have executed the Release, the party who so refused to execute the Release will pay the expenses, including without limitation, reasonable Legal Expenses, incurred by the other party in the litigation. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct. The parties further agree that the Escrow Agent will not be liable for the failure of any depository in which the Deposit is placed and that Seller and Buyer each will indemnify, defend and save harmless the Escrow Agent from any loss or expense arising out of the holding, disbursement or failure to disburse the Deposit, except in the case of the Escrow Agent's gross negligence or willful misconduct.

If either Buyer or Seller is in Default, then in addition to all other damages, the defaulting party will immediately pay the Broker's Fee in full, as well as the costs incurred for the title examination, Appraisal, and survey.

26. **DISCLOSURES TO THE PARTIES: Buyer and Seller should carefully read this Contract to be sure that the terms accurately express their respective understanding as to their intentions and agreements. By signing this Contract, Buyer and Seller acknowledge that they have not relied on any representations made by Brokers, or any agents, subagents or employees of Brokers, except those representations expressly set forth in this Contract. Further, Brokers or any agents, subagents or employees of Broker, and Settlement Agent do not assume any responsibility for the performance of this Contract by any or all parties hereto. Broker can counsel on real estate matters, but if legal advice is desired by either party, such party is advised to seek legal counsel. Buyer and Seller are further advised to seek appropriate professional advice concerning the condition of the Property or tax and insurance matters.** The following provisions disclose some matters which the parties may investigate further. These disclosures are not intended to create a contingency. Any contingency must be specified by adding appropriate terms to this Contract. The parties acknowledge the disclosures contained herein and that Broker or any agents, subagents or employees of Broker, and Settlement Agent make no representations nor assume any responsibility with respect to the following:

A. **PROPERTY CONDITION** Various inspection services and home warranty insurance programs are available. Broker is not advising the parties as to certain other issues, including without limitation: condition of real or personal property, water quality and quantity (including but not limited to, lead and other contaminants); sewer or On-Site Sewage Disposal System ("Septic"); public utilities; soil condition; flood hazard areas; airport or aircraft noise; roads or highways; and construction materials and/or hazardous materials, including without limitation, flame-retardant treated plywood (FRT), radon, urea formaldehyde foam insulation (UFFI), mold, polybutylene pipes, synthetic stucco (EIFS), underground storage tanks, defective Chinese drywall, asbestos and lead-based paint. Information relating to these issues may be available from appropriate government authorities.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          5 of 7          Initial _GN_ 07/03/25  _NN_ 07/03/25  Buyer _LC_ /

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A6-4659-F011-85F7-000D3A9A2962

**B.** **LEGAL REQUIREMENTS** All contracts for the sale of real property must be in writing to be enforceable. Upon ratification and Delivery, this Contract becomes a legally binding agreement. Any changes to this Contract must be made in writing, agreed to by all parties to the Contract, and Delivered to all parties for such changes to be enforceable.

**C.** **FINANCING** Mortgage rates and associated charges vary with financial institutions and the marketplace. Buyer has the opportunity to select the lender and the right to negotiate terms and conditions of the financing subject to the terms of this Contract.

**D.** **BROKER** Buyer and Seller acknowledge that Broker is being retained solely as a real estate agent and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, mold or air quality expert, home inspector or other professional service provider. Broker may from time to time engage in the general insurance, title insurance, mortgage loan, real estate settlement, home warranty and other real estate-related businesses and services. Therefore, in addition to the Broker's Fee specified herein, Broker may receive compensation related to other services provided in the course of this transaction pursuant to the terms of a separate agreement/disclosure.

**E.** **PROPERTY TAXES** Buyer is advised that the property tax bill could substantially increase following Settlement. For more information on property taxes, contact the appropriate taxing authority in the jurisdiction where the Property is located.

**F.** **PROPERTY INSURANCE** Obtaining property insurance is typically a requirement of the lender in order to secure financing. Insurance rates and availability are determined in part by the number and nature of claims and inquiries made on a property's policy as well as the number and nature of claims made by a prospective buyer. Property insurance has become difficult to secure in some cases. Seller should consult an insurance professional regarding maintaining and/or terminating insurance coverage.

**G.** **TITLE INSURANCE** Buyer may, at Buyer's expense, purchase owner's title insurance. The coverage afforded by such title insurance would be governed by the terms and conditions thereof, and the premium for obtaining such title insurance coverage will be determined by the extent of its coverage. Buyer may purchase title insurance at either "standard" or "enhanced" coverage and rates. For purposes of owner's policy premium rate disclosure by Buyer's Lender(s), if any, and Settlement Agent, Buyer and Seller require that enhanced rates be quoted. Buyer understands that nothing herein obligates Buyer to obtain any owner's title insurance coverage at any time, including at Settlement, and that the availability of enhanced coverage is subject to underwriting criteria of the title insurer.

27. **ASSIGNABILITY:** This Contract may not be assigned without the written consent of Buyer and Seller. If Buyer and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until Settlement.

28. **FOREIGN INVESTMENT TAXES – FIRPTA:** Section 1445 of the United States Internal Revenue Code of 1986 provides that a buyer of a residential real property located in the United States must withhold federal income taxes from the payment of the purchase price if (a) the purchase price exceeds Three Hundred Thousand Dollars ($300,000.00) or the purchase price is less than or equal to Three Hundred Thousand Dollars ($300,000.00) and the property will not be owner occupied, and (b) seller is a foreign person for purposes of U.S. income taxation. A foreign person includes, but is not limited to, a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined by the Internal Revenue Code and applicable regulations). In the event Seller is a foreign person (as described above), the Seller will be subject to the withholding provisions of FIRPTA. If Seller is not a foreign person, Seller agrees to execute an affidavit to this effect at Settlement.

29. **DEFINITIONS:**
    **A.** "Appraisal" means a written appraised valuation of the Property.
    **B.** "Day(s)" or "day(s)" means calendar day(s) unless otherwise specified in this Contract.
    **C.** "Business Days", whenever used, means Monday through Friday, excluding federal holidays.
    **D.** For the purpose of computing time periods, the first Day will be the Day following Delivery and the time period will end at 6 p.m. on the Day specified, except as otherwise specified in HOA/Condo/Co-op addenda.
    **E.** If the Settlement Date falls on a Saturday, Sunday, or legal holiday, then the Settlement will be on the prior Business Day.
    **F.** "Date of Ratification" This Contract shall be deemed ratified when the Contract, all addenda and any modifications thereto have been signed and initialed, where required, by all parties, and Delivered to the other party pursuant to the Notices paragraph.
    **G.** The masculine includes the feminine and the singular includes the plural. "Buyer" means "Purchaser" and vice versa.
    **H.** "Legal Expenses" means attorney fees, court costs, and litigation expenses, if any, including but not limited to, expert witness fees and court reporter fees.
    **I.** "Specified Financing" means the financing as set forth in the financing addendum attached hereto.

30. **NOTICES AND DELIVERY:** "Notice" means a unilateral communication from one party to another. All Notices required under this Contract will be in writing. Notices to Seller shall be effective when Delivered to Seller or Seller's Agent named in the Contract or that Agent's supervising manager. Notices to Buyer shall be effective when Delivered to Buyer or Buyer's Agent named in the Contract or that Agent's supervising manager.

Delivery of Condominium, Cooperative, and/or Homeowner's Association contractually required documents **MUST** be made solely to Buyer. Delivery of such documents solely to Buyer's Agent **DOES NOT** constitute Delivery from Seller to Buyer. Resale packages may be Delivered by Seller or Seller's Agent through an electronic link provided by the management association for the purposes of Delivery as may be required in a separate addendum.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025    6 of 7    Initia [*GN* 07/03/25 8:33 PM EDT] [*JW* 07/03/25 8:37 PM EDT] Buyer [*LC*] /

Produced with Lone Wolf Transactions (zipForm Edition)

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-3E7C-000D3A8A8982

31. **MISCELLANEOUS:** This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via fax or as a PDF attachment to an email will also be considered as originals. Typewritten or handwritten provisions included in this Contract will supersede all pre-printed provisions that are in conflict.

32. **VOID CONTRACT:** If this Contract becomes void and of no further force and effect, without Default by either party, both parties will immediately execute a Release directing that the Deposit be refunded in full to Buyer according to the terms of the DEPOSIT paragraph.

33. **ENTIRE AGREEMENT:** This Contract will be binding upon the parties and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions not satisfied at Settlement will survive the delivery of the Deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The interpretation of this Contract will be governed by the laws of the jurisdiction where the Property is located.

| *James Neher* | dotloop verified 07/03/25 8:33 PM EDT D20D-KKLH-GG5S-KYSI | **Larin Connor** | 07/02/25 |
|---|---|---|---|
| Seller                    Date | | Buyer                    Date | |
| James & Nancy Neher Living Trust | | **Larin Connor** | |
| *Nancy Neher* | dotloop verified 07/03/25 8:37 PM EDT N7PL-Y348-EGFF-A3P2 | | |
| Seller                    Date | | Buyer                    Date | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**For informational purposes only:**

> **Date of Ratification (see DEFINITIONS)**
>
> **07/07/2025**

Seller's Address _____     Buyer's Address _____

Seller's Email Address _____     Buyer's Email Address _____

Seller's Telephone Number _____     Buyer's Telephone Number _____

Listing Company's Name and Address:     Selling Company's Name and Address:

**Keller Williams Capitol Properties**     **FES & J Realty**

**519 C Street N.E., Washington, DC  200002**     **2 Industrial Drive STE D-6, Waldorf, Md  20602**

Office # _____     Office # **(301)877-4976**

Agent Name **Abel Gebremichael**     Agent Name **Frank Smith/Jameela Charles**

Agent Cell # **(202)601-0160**     Agent Cell # **(301)237-8676**

Agent Email Address **franksmithre@gmail.com**     Agent Email Address **franksmithre@gmail.com**

Agent License # and Jurisdiction _____     Agent License # and Jurisdiction _____

Broker License # and Jurisdiction _____     Broker License # and Jurisdiction _____

Team Leader/Agent _____     Team Leader/Agent _____

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          7 of 7          Initials

| *JN* 07/03/25 8:33 PM EDT | *NN* 07/03/25 8:37 PM EDT | Buyer *LC* |
|---|---|---|

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F041-8E7C-000D3A8A2962



 

GCAAR
GREATER CAPITAL AREA ASSOCIATION OF REALTORS®

REALTOR®    EQUAL HOUSING OPPORTUNITY

## Addendum of Clauses—A
### *(For use with GCAAR Sales Contract and MR Residential Contract of Sale)*

The Contract of Sale dated ___**June 26, 2025**___ between **Larin Connor**

_____ (Buyer) and **James & Nancy Neher Living Trust**

_____ (Seller) for the purchase of the real property located at

Address ___**2315 Green Street S.E.**___ Unit # _____

City ___**Washington**___ State **D.C.** Zip Code ___**20020**___ is hereby amended by the incorporation

of this Addendum, which shall supersede any provisions to the contrary in the Contract.

**It is agreed that only the numbered paragraphs which are checked and initialed by all parties shall be made a part of said Contract.**

☐ **1. SELLER'S CREDIT(S) TO BUYER:** In addition to any other amount(s) the Seller has agreed to pay under other provisions of this Contract, Seller shall credit Buyer at the time of Settlement with the sum of $ _____ **OR** _____ % of Sales Price towards Buyer's settlement costs. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.

☒ **2. INSPECTION CONTINGENCY:** This Contract is contingent until 6 p.m. on the ___**10**___ Day after the Date of Ratification *("Deadline")* for inspections of the Property, not including radon, lead-based paint, private water supply systems ("Well") and on-site sewage disposal systems ("Septic") inspections *(which require separate contingencies)*, by Buyer, a home inspection firm and/or other representative(s) at Buyer's discretion and expense. Seller will have all utilities in service at the time of inspection(s).

**Select options(s) A, B, OR BOTH below. Failure to select either A or B below will result in BOTH being selected.**

☒ **A. RIGHT TO NEGOTIATE:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a copy of the report(s) from the inspection(s) of the Property together with a Home Inspection Notice (GCAAR Form "Home Inspection Contingency Notice and/or Addendum") listing home inspection conditions or items that Buyer requires Seller to repair, and/or stipulating a dollar credit, as allowed by Lender, to be paid at Settlement by Seller toward Buyer's charges to buy the Property. Upon such Delivery, **2.B**, if selected below, shall **NO LONGER** be an option.

If the Seller elects not to perform in accordance with the Home Inspection Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Home Inspection Notice.

Within 3 Days after Delivery of a Notice from one party, the other party may:
1) Deliver Notice accepting the terms contained in the other party's Notice; **OR**
2) Deliver Notice continuing negotiations by making another offer; **OR**
3) Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, **UNLESS** the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

**FAILURE OF EITHER PARTY TO RESPOND WITHIN 3 DAYS AFTER DELIVERY OF NOTICE FROM THE OTHER PARTY WILL RESULT IN <u>ACCEPTANCE</u> BY BOTH PARTIES OF THE TERMS OF THE MOST RECENT NOTICE.**

☐ **B. RIGHT TO CANCEL:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a Notice declaring this Contract void.

☐ **3. ADDITIONAL "AS-IS" PROVISIONS:**
   **A.** The following terms in this Contract are hereby amended (check all that apply):
   ☐ All clauses pertaining to delivery of the Property free and clear of trash and debris and broom clean are deleted.
   ☐ All clauses pertaining to termites and wood-destroying insects are deleted.
   ☐ All clauses pertaining to Well and/or Septic systems are deleted.
   ☐ All requirements for Seller to comply with orders or notices of violations of any Condominium Unit Owners' Association, and/or Homeowners' Association related to the physical condition of the Property are deleted.
   **B.** Except as otherwise specified herein, the provisions of the Property Maintenance and Condition Paragraph will remain in full force and effect.
   **C.** Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located.

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A      1 of 3      10/2023

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774
Frank Smith    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com    Phone: 3014640044    Fax: 800-391-1975    **Buyer Agreement**

**LC**
**JN** 07/03/25
**NN** 07/03/25
8:37 PM EDT
dotloop verified

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve

Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A0982

4. **RADON INSPECTION CONTINGENCY:**

   A. This Contract is contingent until 6 p.m. on the _____ Day after the Date of Ratification ("Deadline") to allow Buyer, at Buyer's discretion and expense, to have the Property inspected for the presence of radon. Inspection to be done by a testing firm listed with the National Radon Safety Board ("NRSB") or the National Radon Proficiency Program (NRPP) using or U.S. Environmental Protection Agency ("EPA") approved testing method. Testing and retesting devices, if applicable, to be placed and retrieved by an NRSB or NRPP-listed technician or their authorized subcontractor. This contingency will terminate at the Deadline unless by the Deadline, Buyer Delivers to Seller a copy of the radon testing report which confirms the presence of radon that equals or exceeds the action level established by the EPA together with either **1** or **2**:

   1) Radon Testing Notice (GCAAR Form "Radon Testing Notice and/or Addendum/Release") requiring Seller at Seller's expense prior to Settlement to remediate the radon condition; or stipulating a dollar credit, as allowed by the Lender, to be paid at Settlement by Seller towards Buyer's charges to buy the Property. In the event that Seller agrees to remediate the radon condition, such work shall be performed by a NRSB or NRPP-listed remediation firm who will provide written verification that the required remediation has been performed, including test results demonstrating that the presence of radon is below the action level established by EPA.

   If Seller elects not to perform in accordance with the Radon Testing Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Radon Testing Notice.

   Within 3 Days after Delivery of Notice from one party, the other party may:
   - Deliver Notice accepting the terms contained in the other party's Notice; OR
   - Deliver Notice continuing negotiations by making another offer; OR
   - Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, unless the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

   Failure of either party to respond within 3 Days after Delivery of a Notice from the other party will result in acceptance by both parties of the terms of the most recent Notice.

   2) Notice declaring this Contract void.

   B. **FOR MONTGOMERY COUNTY CONTRACTS ONLY:** Buyer MUST deliver test results by Deadline or this Contingency terminates and Seller is then mandated to perform a radon test and provide results to Buyer on or before Settlement Date, unless Seller is exempt from Radon Test Disclosure.

5. **HOLDING DEPOSIT CHECK:** *NOT TO BE USED FOR A MARYLAND TRANSACTION WHEN A REAL ESTATE BROKER IS THE ESCROW AGENT.* Escrow Agent shall hold Deposit check until _____ Days after Ratification, at which time said check shall be deposited.

6. **LICENSEE RELATIONSHIP DISCLOSURE:** _____ is a licensed real estate agent associated with _____ (Company) and is (check all that apply) ☐ the Buyer, ☐ the Seller, ☐ related to one of the parties hereto in the following way: _____ and may share in the Broker's Fee.

7. **ADDITIONAL PROVISIONS:**

   Owner financing with interest only payments for five (5) years after which balance is due. _____

   Purchaser has the right to inspect payment history of present tenants. _____

   Purchaser at purchaser expense will secure insurance and pay the property taxes. _____

   District Title LLC will prepare the full set of seller-financing documents, including a Promissory Note and Deed of Trust, securing the seller's interest with a recorded lien on the property. The documents will outline the loan terms, including interest payments, amortization, late fees, default provisions, and acceleration clauses. The package will be structured to maximize the seller's legal protections in the event of non-payment or default by the buyer.

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A                    2 of 3                                         10/2023

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com          Buyer Agreement

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8E7C-000D3A8A9962

All other terms of the Contract remain in full force and effect.

PARTIES ACKNOWLEDGE THEY HAVE BEEN AFFORDED THE OPPORTUNITY TO REVIEW AND INCORPORATE THE ADDITIONAL PROVISIONS CONTAINED IN ADDENDUM OF CLAUSES-B AND HAVE AGREED TO INCORPORATE ONLY THOSE PROVISIONS ATTACHED HERETO.

| *James Neher*<br>dotloop verified<br>07/03/25 8:33 PM EDT<br>0BOP-ERGX-8I6D-5VJD | *Larin Connor*    07/02/25 |
|---|---|
| Seller **James & Nancy Neher Living Trust**    Date | Buyer **Larin Connor**    Date |
| *Nancy Neher*<br>dotloop verified<br>07/03/25 8:37 PM EDT<br>3ERG-UOR2-58BN-BZ3V | |
| Seller    Date | Buyer    Date |

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A                3 of 3                10/2023

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201    www.lwolf.com    Buyer Agreement

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8E7C-000D3A8A9962

  

# Tenancy Addendum for District of Columbia (2 to 4 Rental Units)
### *(Required for use with Form #1313 where any Tenancy exists)*

The Contract of Sale dated **03/21/2025** Address **2315** **Green St SE**

Unit # _____, City **Washington**, State **DC** Zip **20020**

Between Seller **James And Nancy Neher Living Trust**

and Buyer Larin Connor

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this contract.

**1. BUYER ACKNOWLEDGEMENT:** Buyer acknowledges that there are a number of legal issues/requirements a Lessor in the District of Columbia should be aware of, including but not limited to: rental registration requirements, Lessor/Lessee rights and obligations, business license requirements, rent control, Tenant Opportunity to Purchase Act, and the eviction process. Buyer is advised to consult the appropriate District of Columbia and/or obtain legal counsel regarding such matters.

**2. TENANCY:** As provided in GCAAR Form #1313, District of Columbia Jurisdictional Disclosure and Addendum, the Property is/was at the time the Seller decided to sell subject to existing tenancy(ies) and/or lease(s) as follows:

| Lessee Name(s) | Unit# | Current Rent | Copy of Lease Attached | | Tenancy Conveys | |
|---|---|---|---|---|---|---|
| | | | Yes | No | Yes | No |
| Michael Jackson | 1 | $1,210 | ☐ Yes | ☑ No | ☑ Yes | ☐ No |
| VACANT | 2 | - | ☐ Yes | ☑ No | ☑ Yes | ☐ No |
| Monique Peterson | 3 | $1,453 | ☐ Yes | ☑ No | ☑ Yes | ☐ No |
| Laniece Moore | 4 | $1,318 | ☐ Yes | ☑ No | ☑ Yes | ☐ No |

**A. Possession:** Buyer and Seller agree that Buyer's obligation to complete Settlement ☐ IS or ☑ IS NOT **(choose one)** contingent upon Seller delivering the Property vacant and free of tenancies at Settlement. Seller will give possession of Property at Settlement subject to existing tenancy(ies) and leases as indicated above.

**B. Adjustments:** Rents are to be adjusted to the Settlement Date. Security deposits and any accrued interest thereon are to be paid to Buyer at the time of Settlement.

**C. Seller Obligation:** Without the prior written consent of Buyer, Seller shall not modify the terms of or terminate any tenancy(ies) intended to convey. In addition, the Seller will not enter into any new leases or tenancies with respect to the Property. Seller shall keep Buyer and Brokers apprised of all tenancy-related correspondence and negotiations with Lessee(s), and any actions required to be taken by Seller shall be taken in accordance with District of Columbia law and regulations.

**3. TENANT OPPORTUNITY TO PURCHASE ("TOPA"):** TOPA provides certain lessees in the District of Columbia with an opportunity to purchase the rental accommodation and a right of first refusal pursuant to Title IV of D.C. Law 3-86, "RENTAL HOUSING CONVERSION AND SALE ACT OF 1980".

**A. Required Notice to all Lessees:** In compliance with DC Official Code §42-3404.03, Seller must send via certified mail, on the same day, to each Lessee individually and the Mayor in care of the District of Columbia Department of Housing and Community Development ("DHCD") certain required TOPA Notices on forms provided by DHCD. Seller **(choose one)**:

☐ **HAS** provided on _____ to Lessee(s) and DHCD a written **Offer of Sale and Tenant Opportunity to**
<br>Date
**Purchase Without A Third Party Sale Contract for Housing Accommodations with Two, Three or Four Rental Units** ("Form B"), a copy of which is attached hereto. Seller represents and agrees that within 5 Business Days after Date of Ratification of this Contract, Seller will send to Lessee(s) and DHCD, the 15-day **Right of First Refusal for a Two, Three or Four Rental Unit Housing Accommodation** ("Form C") together with a copy of this Contract. Seller will also post Form C with a copy of this Contract in a conspicuous place in the common area of the housing accommodation.

☑ **HAS NOT** provided Form B to Lessee(s) and DHCD. Seller represents and agrees that, within 5 Business Days after Date of Ratification of this Contract, Seller will send to Lessee(s) and DHCD a written **Offer of Sale and Tenant Opportunity to Purchase With A Third Party Sale Contract for Housing Accommodation with Two, Three or Four Rental Units**, which Notice also contains a 15-day right of first refusal ("Form A") together with a copy of this Contract. Seller will also post Form A with a copy of this Contract in a conspicuous place in the common area of the housing accommodation.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1381 - Tenancy Addendum 2-4 Units     Page 1 of 2     2/2025

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

4.  **TOPA COMPLIANCE:** Seller agrees to contact Settlement Agent within 3 Business Days of Ratification to ensure Buyer's ability to procure an owner's title insurance policy without exception to TOPA and to determine that Seller is either in compliance with both TOPA Notice requirements and title insurance underwriting requirements pertaining to TOPA ("TOPA Compliance") or to establish the necessary actions to be in compliance with such requirements.

Accomplishing TOPA Compliance requires Delivery to the Settlement Agent of specific documentation satisfactory to the title insurance underwriter, including but not limited to, copies of required TOPA Notices and evidence of Delivery of required TOPA Notices as well as collectively completed and executed TOPA Affidavits and/or Assignments for consideration executed by all Lessees (as required by the title insurance underwriter), evidencing that Lessees have elected to not exercise rights to purchase and of first refusal.

A.  **Buyer's Right to Void:** In the event that Seller has not accomplished TOPA Compliance, within _____ days following the Date of Ratification ("Deadline"), Buyer may, at any time thereafter, but prior to Seller accomplishing TOPA Compliance, Deliver Notice that this Contract will become Void at 6:00 p.m. on the 3rd Day following Delivery of Buyer's Notice, unless prior to that date and time, Seller has accomplished TOPA Compliance, in which case, this Contract will remain in full force and effect.

B.  **Settlement:** Buyer and Seller acknowledge that Seller must accomplish TOPA Compliance prior to the Settlement Date. If Settlement does not occur on the Settlement Date due to Seller not having accomplished TOPA Compliance, and Seller is not in Default, then the Settlement Date shall automatically be extended to the date which is the third Business Day following the date Seller accomplishes TOPA Compliance unless otherwise agreed by Buyer and Seller.

C.  **General Provisions:** Seller shall keep Buyer and Brokers apprised of all correspondence, contracts, and other developments with respect to any TOPA-related negotiations with Lessee(s). All actions required hereunder to be taken by Seller shall be taken in accordance with District of Columbia law and regulations.

| *James Neher* | dotloop verified 03/21/25 2:36 PM EDT 1KER-UWNV-BNGZ-9KJL | Larin Connor | *Larin Connor* | 07/04/25 |
|---|---|---|---|---|
| Seller | Date | Buyer | | Date |
| *Nancy Neher* | dotloop verified 03/21/25 2:53 PM EDT 8HXG-ECNG-ATTR-HJUU | | | |
| Seller | Date | Buyer | | Date |

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-FD11-8F7C-090D3A0A0982





## Jurisdictional Disclosure and Addendum to the Sales Contract for District of Columbia
*(Required for the Listing Agreement and required for the GCAAR Sales Contract)*

The Contract of Sale dated __06/26/2025__, between **Larin Connor**
_____(Buyer) and_____ **James & Nancy Neher Living Trust** _____(Seller)
for the purchase of the real property located at Address _____ **2315 Green Street S.E.** _____
Unit #_____City____**Washington**_____State_**D.C.** Zip Code__**20020**___, Parking Space(s) #_____
Storage Unit #_____with the legal description of Lot____**80**____Block/Square____**5753**____
Section_____Subdivision/Project Name_____**Anacostia**_____Tax Account #_____
is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this Contract.

### PART I. SELLER DISCLOSURE - AT TIME OF LISTING:
The information contained in this Disclosure was completed by Seller, is based on the Seller's actual knowledge and belief, and is current as of the date hereof.

1. **SELLER DISCLOSURE:** Pursuant to D.C. Code §42-1301, Seller is exempt from property condition disclosure.
☐ Yes ☒ No

2. **HERITAGE TREES:** Pursuant to DC Code § 8-651.02(3A), a heritage tree is a tree with a circumference of 100 inches or more. Pursuant to D.C. Code § 8-651.04a there are restrictions, penalties and/or fines that may be levied for removal of Heritage Trees. Seller discloses there ☐ **IS, OR** ☐ **IS NOT**, a Heritage Tree, or trees, on the property.

3. **TENANCY:** Seller represents that property ☑ **is/was OR** ☐ **is not/was not** subject to an existing residential lease or tenancy at the time Seller decided to sell. District of Columbia broadly defines a tenant as "a tenant, subtenant, lessee, sublessee, or other person entitled to the possession, occupancy, or the benefits of any rental unit within a housing accommodation." If applicable, the following required Addendum shall be incorporated into the Contract.
   ☐ Tenancy Addendum for District of Columbia (Single-Family Accommodation)
   ☒ Tenancy Addendum for District of Columbia (2 to 4 Rental Units)
   ☐ Multi-Unit or Non-Residential Addendum

4. **CONDOMINIUM/CO-OPERATIVE/HOMEOWNERS ASSOCIATION:** Seller represents that this Property ☐ **is** OR ☑ **is not** subject to a condominium, co-operative or homeowners association. If applicable, the following required addendum is attached:
   ☐ Condominium Seller Disclosure/Resale Addendum for District of Columbia,
   ☐ Co-operative Seller Disclosure/Resale Addendum for Maryland and District of Columbia, or
   ☐ HOA Seller Disclosure/Resale Addendum for District of Columbia

5. **UNDERGROUND STORAGE TANK DISCLOSURE:** (Applicable to single family home sales only)
In accordance with the requirements of the District of Columbia Underground Storage Tank Management Act of 1990 [D.C. Code §8-113.02(g)], as amended by the District of Columbia Underground Storage Tank Management Act of 1990 Amendment Act of 1992 (the "Act") and the regulations adopted thereunder by the District of Columbia (the "Regulations"), Seller hereby informs Buyer that Seller has no knowledge of the existence or removal during Seller's ownership of the Property of any underground storage tanks as that term is defined in the Act and the Regulations, except as follows: _____
_____.

6. **PROPERTY TAXES:** Future property taxes may change. To determine the applicable rate, see_
https://www.taxpayerservicecenter.com/RP_Search.jsp?search_type=Assessment. Additional information regarding property tax relief and tax credit information (tax reductions for seniors, homestead exemptions, property tax abatements and others) can be found at: http://otr.cfo.dc.gov/page/real-property-tax-credits-frequently-asked-questions-faqs.

Seller _James Neher_    Date    Seller _Nancy Neher_

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1313 - DC Jurisdictional Addendum    Page 1 of 2    7/2023

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F041-8F7C-0000000000002

## PART II. RESALE ADDENDUM

The Contract of Sale dated **06/26/2025** between Seller **James & Nancy Neher Living Trust** and Buyer **Larin Connor** is hereby amended by the incorporation of Parts I and II herein, which shall supersede any provisions to the contrary in the Contract.

1. **SELLER DISCLOSURE:** Pursuant to D.C. Code §42-1302, prior to the submission of the offer, Buyer is entitled to a Seller's Disclosure Statement (if Seller is not exempt) and hereby acknowledges receipt of same. ☐ **Yes** ☐ **No**
   ☐ **Not applicable**

2. **RECORDATION AND TRANSFER TAXES:** Rates vary with the sales price and based on property type. See http://otr.cfo.dc.gov/service/recorder-deeds-frequently-asked-questions-faqs. In limited circumstances, an exemption from Recordation Tax may be available to Buyer, if Buyer meets the requirements for the Lower Income Home Ownership Exemption Program ("Tax Abatement Program"). See below for additional information.
Unless otherwise negotiated, the following will apply:

   A. **Real Property:** Recordation Tax will be paid by Buyer and Transfer Tax will be paid by Seller.
   B. **Co-operatives:** The Economic Interest Deed Recordation Tax will be split equally between Buyer and Seller. There is no Transfer Tax for Co-operatives.
   C. **Tax Abatement Program:** Additional information (including the required Application Form) for the Tax Abatement Program can be obtained at: http://otr.cfo.dc.gov/sites/default/files/dc/sites/otr/publication/attachments/sharp%40dc.gov_20140909_110358.pdf. If Buyer meets the requirements of this program, Buyer will be exempt from Recordation Tax. Additionally, Seller shall credit Buyer an amount equal to what would normally be paid to the District of Columbia as Seller's Transfer Tax to be applied towards Buyer's settlement costs. This credit shall be in addition to any other amount(s) Seller has agreed to pay under the provisions of this Contract. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.
   Buyer ☐ is OR ☒ is not applying for the Tax Abatement Program.
   D. **First-Time Homebuyer Recordation Tax Credit:** Buyer ☐ is OR ☒ is not a District of Columbia First- Time Homebuyer and may be eligible for a reduced recordation tax. It is the Buyer's responsibility to confirm their eligibility (See https://otr.cfo.dc.gov/node/1272871).

3. The principals to the Contract mutually agree that the provisions hereof shall survive the execution and delivery of the Deed and shall not be merged herein.

| *James Neher* | dotloop verified 07/03/25 8:33 PM EDT KUSB-TL9C-5BJH-2IVI | *Larin Connor* | 07/02/25 |
|---|---|---|---|
| Seller *(sign only after Buyer)* | Date | Buyer Larin Connor | Date |
| *Nancy Neher* | dotloop verified 07/03/25 8:37 PM EDT DKRW-ZUEN-GSGM-EEIV | | |
| Seller *(sign only after Buyer)* | Date | Buyer | Date |

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F041-8F7C-0000000000002

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. Previous editions of this Form should be destroyed.

GCAAR Form # 1313 - DC Jurisdictional Addendum        Page 2 of 2        7/2023

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St. Suite 2200, Dallas, TX 75201  www.lwolf.com

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8E7C-000D3A8A9962

  

## Multi-Unit or Non-Residential Addendum

*(To be used for two or more-unit properties in Montgomery County, Maryland or the District of Columbia)*

The Contract of Sale dated____**June 26, 2025**____ Address_____**2315 Green Street S.E.**_____

Unit #_____, City____**Washington**____, State____**D.C.**____ Zip_____**20020**

Between Seller_____**James & Nancy Neher Living Trust**_____

and Buyer_____**Larin Connor**_____

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this contract.

**1.  TENANCY:** Buyer and Seller rights and obligations with respect to any existing tenancy(ies) and/or lease(s); possession conveyed at Settlement; rent and security deposit adjustments and transfers; and/or the rights of any Lessee(s) or government entity to purchase the Property, as provided by applicable law, shall be addressed in the appropriate GCAAR Tenancy Addendum.

**2.  FEASIBILITY STUDIES:** It is agreed that the following paragraphs which are initialed by all parties shall be made a part of said Contract.

**A.  PHYSICAL INSPECTION:** This Contract is contingent until 6:00 p.m. on the __**25**__ Day after the Date of Ratification ("Physical Inspection Deadline") for a physical inspection study to determine the feasibility of the property for Buyer's purposes by Buyer and/or any Buyer representative(s) at Buyer's discretion, expense, and ability. Buyer and/or any Buyer representative(s) shall have a license to enter the Property, subject to terms and conditions of any lease(s). At any time prior to the Physical Inspection Deadline, Buyer may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Physical Inspection Deadline, this contingency will terminate, and this Contract will remain in full force and effect.

**B.  LEASES AND RENTS:** Seller shall provide Buyer with copies of all existing Lessee leases, schedule of rents, and schedule of security deposits ("Leases and Rents") within 5 Business Days of the Date of Ratification ("Leases and Rents Deadline"). In the event Seller does not provide Leases and Rents by the Leases and Rents Deadline, Buyer Deliver Notice to Seller declaring this Contract Void. This Contract is contingent until 6:00 p.m. on the __**10**__ after receipt of Leases and Rents for Buyer's review ("Leases and Rents Contingency Deadline"). At any time prior to the Leases and Rents Contingency Deadline, Buyer in Buyer's sole discretion, may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Leases and Rents Contingency Deadline, this contingency will terminate, and this Contract will remain in full force and effect.

**C.  SERVICE CONTRACTS AND LEASED ITEMS:** Seller shall provide Buyer with copies of all existing operational leases and service contracts, including but not limited to management, trash, snow removal, laundry services, grounds maintenance, pest control, heating fuel, equipment, service, and maintenance contracts ("Service Contracts") within 5 Business Days of the Date of Ratification ("Service Contracts Deadline"). In the event Seller not provide Service Contracts by the Service Contracts Deadline, Buyer may Deliver Notice to Seller declaring this Contract Void. This Contract is contingent until 6:00 p.m. on the __**10**__ Day after receipt of Service Contracts for Buyer's review ("Service Contracts Contingency Deadline"). At any time prior to the Service Contracts Contingency Deadline, Buyer in Buyer's sole discretion, may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Service Contracts Contingency Deadline, this contingency will terminate, and this Contract will remain in full force and effect. Seller shall assign to Buyer at Settlement all existing Service Contracts.

| | |
|---|---|
| *James Neher* | *Larin Connor*  07/02/25 |
| Seller   dotloop verified 07/03/25 8:33 PM EDT TDPV-NETD-NRMI-PBXM | Buyer |
| James & Nancy Neher Living Trust           Date | **Larin Connor**                    Date |
| *Nancy Neher*  dotloop verified 07/03/25 8:37 PM EDT DCZP-RXL8-QDJL-XN84 | |
| Seller                    Date | Buyer                    Date |

©2024 The Greater Capital Area Association of REALTORS®, Inc.

This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only. Previous editions of this Form should be destroyed.

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A0962

  

# Addendum for Seller to Pay Buyer Broker Compensation
*(For use in Montgomery County, MD and Washington, DC)*

The Contract of Sale dated **06/26/2025** between **Larin Connor** ("Buyer") and **James & Nancy Neher Living Trust** (Seller) for the purchase of the real property located at Address **2315 Green Street S.E.** Unit # _____ City **Washington** State **D.C.** Zip Code **20020**, is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in the Contract.

Seller agrees to pay Buyer Broker a broker's compensation ("Buyer Broker Compensation") equal to:

[X]   **3.000** % of the sales price; **OR**

[ ]   $ _____ ; **OR**

[ ]   _____ % of the sales price **AND** $ _____ .

Payment of Buyer Broker Compensation is due at Settlement. Seller instructs the Settlement Agent to pay the Buyer Broker Compensation as set forth in the listing agreement and/or to disburse any additional Buyer Broker Compensation as stipulated by this Addendum to the Contract to the Buyer Broker at Settlement.

*James Neher*
dotloop verified
07/03/25 8:33 PM EDT
4NJB-FYZL-DURT-ELSS

Seller **James & Nancy Neher Living Trust**   Date

*Nancy Neher*
dotloop verified
07/03/25 8:37 PM EDT
KXU6-0JST-ALVA-HHSI

Seller                                              Date

— Authenti SIGN
*Larin Connor*   07/02/25

Buyer **Larin Connor**                     Date

Buyer                                              Date

© 2024, The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form #1302 - Addendum for Seller to Pay Buyer Broker Compensation     Page 1 of 1     7/2024

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774
Frank Smith     Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com     Phone: 3014640044     Fax: 800-391-1975     Buyer Agreement



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2026-CAB-002111

**Case Style:** Larin Connor  v.  James Neher et al.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 07/24/2026 | 9:30 AM | Remote Courtroom 200 |

**Please see attached instructions for remote participation.**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) Effective this date, this case has been assigned to the individual calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order.  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

4) At the time and place noted above, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this Conference.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Requests must be made not less than seven business days before the scheduling date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order, and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb200

   Meeting ID: 179 813 6225

2) When you are ready, click "Join Meeting".

3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.

2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.

3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.

4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Accessibility and Language Access Information for Superior Court**

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice.  For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፦**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access  ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

To: Defendants in Foreclosure Cases

**A court date has been set in your case.  What should you do?**

> **Answer:**  Show up to court by video, phone, or optionally in person on your hearing date – even if you do not have a lawyer and do not know how to defend your case.
>
> Your hearing is scheduled to be a virtual hearing.
>
> If you do not participate in the case, then the Court will believe you do not want to keep your home, and it will continue with the foreclosure court process.  Your house could eventually be sold at a foreclosure auction if you do not participate in the case.

**How can you get HELP?**

> **Answer: Free resources may be available to help you keep your home.**
>
> > **DC Foreclosure Prevention Hotline**
> > (202) 265-2255 or 1(855) 449-2255
>
> Housing counseling, and legal representation may be available to you free of charge.  Call now to see if you qualify.

---

Para: Demandados en casos de ejecución hipotecaria

**Se ha fijado una fecha de audiencia en su caso.  ¿Qué debe hacer?**

> **Conteste:**  Preséntese en el juzgado por vídeo, por teléfono o en la alternativa en persona en la fecha de su audiencia, incluso si no tiene abogado y no sabe cómo defender su caso.
>
> Su audiencia está programada para ser una audiencia virtual.
>
> Si usted no participa en su caso el Tribunal lo considerará como que usted no quiere conservar su casa, y continuará con el proceso judicial de ejecución hipotecaria.  Su casa podría eventualmente ser vendida en una subasta de ejecución hipotecaria si usted no participa en el caso.

**¿Cómo se puede conseguir AYUDA?**

> **Respuesta:  Puede haber recursos gratuitos para ayudarle a conservar su casa.**
>
> > **Línea directa de prevención de ejecuciones hipotecarias de DC**
> > (202) 265-2255 o 1(855) 449-2255
>
> El asesoramiento en materia de vivienda y la representación legal pueden estar a su disposición de forma gratuita. Llame ahora para ver si cumple con los requisitos.

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

📞 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

  📞 DC Foreclosure Prevention Hotline: 202-265-2255

- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!

- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.

- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.

- Say your name before you speak so the record  is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).

- Speak slowly and clearly so everyone hears what you are saying.

- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.

- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.

- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.

- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.

- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.

- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.

- Look at the camera when you speak and avoid moving around on the video.

- Wear what you would normally wear to court.

- Sit in a well-lit room with no bright lights behind you.

- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.



# District of Columbia Courts
# Tips for Using DC Courts Remote Hearing Sites



The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**



**Remote Site - 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Remote Site - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Remote Site – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

\*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call: 202-879-1900
Email:  DCCourtsRemoteSites@dcsc.gov




# Tribunales del Distrito de Columbia

## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.



**Sito Remoto - 3**
Balance and Restorative Justice Center
118 Q Street, NE

**Sito Remoto - 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Sito Remoto – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***
1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
4/6/2026 6:07:51 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Larin Connor**<br> 4455 Connecticut Ave NW #933<br>Washington DC 20008<br><br>     Plaintiff<br><br>v.<br><br>**James Neher**<br>**Nancy Neher**<br>Individually and as Trustees of the<br>James & Nancy Neher Living Trust<br>1806 Merrifields Dr<br>Silver Spring, MD 20906<br><br>**James & Nancy Neher Living Trust**<br>1806 Merrifields Dr<br>Silver Springs, MD 20906<br><br>     Defendants. | Case No.: 2026-CAB-002111<br><br>Action Involving Real Property<br><br>Next Event: 07/24/2026 at 9:30 am<br>Remote Initial Scheduling Conference<br><br>Judge Veronica M. Sanchez |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Larin Connor ("Mr. Connor"), by and through his attorney, Lucrecia P. Johnson, Esq., and LPJ Legal, PLLC, respectfully moves this Court, pursuant to Super. Ct. Civ. R. 65 for a Preliminary Injunction Enjoining the Defendants from selling, transferring, encumbering, or otherwise disposing of any interest in the Real property located at 2315 Green Street SE, Washington, DC (the "property") pending the final resolution of this Action.  In support, Plaintiff states as follows:

**STATEMENT OF FACTS**

On or about July 3, 2025, Plaintiff and Defendants executed a written sales contract for the purchase and sale of the Property located at 2315 Green Street SE, Washington, DC 20020. *See Exhibit A*.  The Property is an income-producing four-unit building. At the time of contracting,

three of the four units were occupied by tenants generating approximately $4,000 per month in rent. The agreed purchase price was $660,000. Plaintiff paid the required earnest-money deposit of $2,000 and agreed to make a 25% down payment at closing. The contract called for settlement on August 29, 2025. It also contains a District of Columbia jurisdictional addendum, a prevailing-party fee provision, and a clause stating that the agreement is governed by the law of the jurisdiction where the Property is located.

A Seller Financing Addendum was executed as part of the parties' agreement. The addendum provided that only the paragraphs that were checked and initialed will be made part of the sales contract. The only checked and initialed paragraph in the Seller Financing Addendum is Paragraph 1, which states that the Seller will take back a deferred purchase money loan in the amount of $495,000, which shall bear interest at the rate of five (5) % per annum and be payable no later than five (5) years. The loan was to be evidenced and secured by a standard Fannie Mae and Freddie Mac (hereinafter "FNMA/FHLMC") note and a deed of trust encumbering the property, which shall provide for a 5% late charge of any monthly installment not received within 15 days after the same is due, and a 50% commission payable to the trustees in the event of foreclosure. The monthly installments will be $2,062.50.

After executing the contract and addendum, Defendants provided Plaintiff with a promissory note (the "Note") in August 2025. The promissory note materially departed from the financing terms the parties agreed to in writing. The Note was not a standard FNMA/FHLMC note, as standard FNMA/FHLMC notes do not include confessed judgment provisions. The Note also imposed a 10% late charge after 5 days, in direct contradiction to the written financial addendum's 5% charge after 15 days. Lastly, the note included a Maryland choice-of-law provision, which was inconsistent with the parties' jurisdiction addendum for D.C.

2

Plaintiff promptly objected to the Note and asked Defendants to revise the Note so it conformed to the contract and applicable District of Columbia law. Defendants refused. Settlement therefore did not occur as scheduled, not because Plaintiff was unwilling to close, but because Defendants refused to perform on the financing terms they had agreed to provide.

Plaintiff remains ready, willing, and able to perform. He has the required down payment set aside, he has paid the deposit, and he is prepared to proceed to closing upon delivery of lawful and conforming financing documents.

## LEGAL STANDARD

Pursuant to Super. Ct. Civ. R. 65 covers the issuance of Preliminary Injunctions. 65(a) states that the Court may issue a preliminary injunction upon notice to the opposing party. The decision to grant a preliminary injunction is at the discretion of the trial court. *Stamenich v. Markovic*, 462 A.2d 452, 456 (D.C. 1983)

> "A proper exercise of discretion requires the trial court to consider whether the moving party has clearly demonstrated (1) that there is a substantial likelihood he [or she] will prevail on the merits; (2) that he [or she] is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him [or her] from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order."

*In re Estate of Reilly*, 933 A.2d 830, 834 (D.C. 2007).

## ARGUMENT

### 1) Plaintiff Is Substantially Likely To Prevail On The Merits

Plaintiff filed a complaint seeking specific performance by Defendants, among other requested relief, for their breach of contract, and other improper actions taken against Plaintiff. Defendants have violated both their promises to Plaintiff and the District of Columbia law in several ways. First, the complaint alleges that Defendants breached a valid and enforceable

3

contract that was supported by consideration. The Contract is attached to the complaint, identifies the parties, the property, the purchase price, the terms, and the consideration. The Seller Financing Addendum expressly states that checked and initialed provisions become part of the sales contract and supersede inconsistent provisions. The only checked and initialed paragraph sets out the operative financing terms in detail.

Defendants materially breached the contract by refusing to honor the seller financing addendum as written and by conditioning performance upon Plaintiff's acceptance of a promissory note containing materially different and predatory terms.

Plaintiff performed according to the Contract and remains ready, willing, and able to perform. Plaintiff has paid the deposit and has the required down payment ready for closing once the Defendants provide documents that comply with the sales agreement.   Due to the nature and subject of the contract, money damages will be inadequate or impracticable because land is the subject matter of the agreement. *Flack v. Laster*, 417 A.2d 393, 40 (D.C. 1980). The court in *Flack* affirmed specific performance of a land sales contract where the purchaser was ready, willing, and able to perform and the seller sought to avoid the agreed sale. Flack v. Laster, 417 A. 2d 393, 400-01 (D.C. 1980).   Here, Plaintiff has shown a substantial case on the merits for a breach of contract and specific performance.

Plaintiff has also shown a substantial case on the merits for the claim of promissory estoppel. Under District of Columbia law, to hold a party liable under promissory estoppel, there must be a promise which reasonably induces reliance to the promise's detriment, and injustice is avoidable only by enforcement. *Howard Univ. v. Good Food Servs., Inc.*, 608 A.2d 116, 121 (D.C. 1992). Here, Plaintiff has alleged that, if the court finds that the sales contract was not valid, then alternatively Defendants promised to sell the property to Plaintiff. Plaintiff reasonably relied on

4

this promise and refrained from purchasing other property and submitted a deposit. Plaintiff suffered a detriment on the reliance, and injustice can only be avoided by enforcing the Defendant's promise to sell the property to Plaintiff.  Plaintiff has substantially also pleaded violations of the D.C. Consumer Protection Act in a manner that is likely to prevail on the merits.

### 2) Plaintiff Is In Danger Of Suffering Irreparable Harm During The Pendency Of The Action And Have No Adequate Remedy At Law

"An injunction should not be issued unless the threat of injury is imminent and well-founded, and unless the injury itself would be incapable of being redressed after a final hearing on the merits." *Wieck v. Sterenbuch*, 350 A.2d 384, 388 (D.C. 1976). Here, if Defendants are not enjoined from selling, transferring, encumbering, or otherwise disposing of any interest in the property pending final resolution, Plaintiff will suffer irreparable harm because Plaintiff's right to specific performance will be rendered moot or nearly impossible at the conclusion of the trial. This is the exact type of harm that an injunction is intended to prevent.

### 3) More Harm Will Result to the Plaintiff From The Denial Of The Injunction Than Will Result To The Defendant From Its Grant

"Before granting a preliminary injunction, the trial court must determine that *more* harm will result to the movant from the denial of the injunction than will result to the nonmoving party from its grant." *In re Estate of Reilly*, 933 A.2d 830, 840 (D.C. 2007). Here, the balance of harm weighs strongly in favor of Plaintiff. If the injunction is not granted, Plaintiff risks losing the property altogether and rendering his requested specific performance moot or nearly impossible. By contrast, the requested injunction merely imposes a limited and temporary restraint on Defendants.  It will merely preserve the status quo so that the court is able to fully decide this case on its merits.

### 4) The Public Interest Will Not Be Disserved By The Issuance Of The Requested Order

5

Granting Plaintiff's requested relief would not be adverse to the public interest because the public is interested in ensuring that valid contractual obligations are enforced and that predatory contractual obligations are not enforced. This is the reason why breach of contract claims are permitted to proceed when there is a valid contract and predatory contractual clauses are rendered unenforceable. Granting the requested injunction will also promote the public interest by ensuring the Court can render a meaningful relief if Plaintiff prevails by preserving the property while the parties litigate the merits of the case.

### 5) Plaintiff Requests that the Court Waive the Security Bond

Super. Ct. R. 65(c) states that "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, *L 'Enfant Plaza Props., Inc.* clarifies that while the security requirement is phased as mandatory, the exact amount of "security" is at the trial court's discretion.  While the security requirement is phrased in mandatory terms, the exact amount of security is left to the trial court's discretion. *L 'Enfant Plaza Props., Inc. v. Fitness Sys., Inc.*, 354 A.2d 233, 237 (D.C. 1976). Plaintiff respectfully requests that the Court waive the security bond requirement. Defendants will suffer no financial prejudice while the injunction is in effect; they will continue to collect $4,000 in monthly rental income and will otherwise face no significant restraint on their operations. Moreover, the Court may look to Plaintiff's earnest money deposit, which remains in escrow, as sufficient security. In the alternative, should the Court require a bond, Plaintiff requests that it be set at a nominal amount.

### CONCLUSION

6

For the following reasons, Plaintiff respectfully requests that this Court grant the Motion for preliminary injunction and enter the attached proposed order.

Dated: April 6, 2026

Respectfully Submitted,

/s/Lucrecia P. Johnson
Lucrecia Johnson, Esq. (D.C. Bar No. 1015623)
LPJ Legal PLLC
853 New Jersey Ave, S.E., Suite 200
Washington, D.C. 20003
(202) 643-6211
lucrecia@lpjlegal.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April 2026, a true and correct copy of the foregoing, by e-service, was delivered to Defendants via USPS, first class mail, postage prepaid to

James Neher and Nancy Neher
James & Nancy Neher Living Trust
1806 Merrifields Dr
Silver Spring, MD 20906

/s/Lucrecia P. Johnson
Lucrecia P. Johnson, Esq.

7

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Larin Connor**<br> 4455 Connecticut Ave NW #933<br>Washington DC 20008<br><br>      Plaintiff<br><br>v.<br><br>**James Neher**<br>**Nancy Neher**<br>Individually and as Trustees of the<br>James & Nancy Neher Living Trust<br>1806 Merrifields Dr<br>Silver Spring, MD 20906<br><br>**James & Nancy Neher Living Trust**<br>1806 Merrifields Dr<br>Silver Springs, MD 20906<br><br>      Defendants. | Case No.: 2026-CAB-002111<br><br>Action Involving Real Property<br><br>Next Event: 07/24/2026 at 9:30 am<br>Remote Initial Scheduling Conference<br><br><br>Judge Veronica M. Sanchez |

**ORDER (PROPOSED)**

Upon consideration of the Plaintiff's Motion for a Preliminary Injunction and any

opposition or reply thereto, it is by the Court this ____ day of _____, 2026 hereby;

**ORDERED** that Motion is **GRANTED**; and further

**ORDERED** that Defendants are enjoined from selling, transferring, encumbering, or otherwise

disposing of any interest in the Real property located at 2315 Green Street SE, Washington, DC.


_____

Judge Veronica M. Sanchez

8



**GCAAR**
GREATER CAPITAL AREA ASSOCIATION OF REALTORS

REALTOR® / EQUAL HOUSING OPPORTUNITY

## Financial Information Sheet

This information is presented with the understanding that it may be used as a basis for the acceptance of a contract by the seller. The undersigned hereby authorizes the agent to disclose to the seller, seller's agents, dual agents, cooperating agents and any lender all or any portion of the information sheet. Any misrepresentations, fraudulent entries and/or omissions on this form, which may adversely affect the Buyer's ability to qualify for a loan, may be used as a basis for legal action.

Buyer (Full Name) _Larin Ashly Connor_

Residence Phone _(202) 546-9866_    Business Phone _____    Other _____

Present Address _4455 Connecticut Ave NW_    PITI or Rent $ _2800_    Per Month

Years at Present Address _3_    Own $ _____

Previous Address _____

Occupation (Position & Title) _Financial Institution Examiner_    # of Years _8_

Place of Employment (Name & Address) _Consumer Financial Protection Bureau_

Previous Employer (Name & Address) _____    # of Years _____

Co-Buyer (Full Name) _____

Residence Phone _____    Business Phone _____    Other _____

Present Address _____

Years at Present Address _____    Own $ _____    PITI or Rent $ _____    Per month

Previous Address _____

Occupation (Position & Title) _____    # of Years _____

Place of Employment (Name & Address) _____

Previous Employer (Name & Address) _____    # of Years _____

### GROSS ANNUAL INCOME:

| | Buyer | Co-Buyer |
|---|---|---|
| Base Salary: | $ 150,000 | $ |
| Overtime: | $ | $ |
| Bonuses: | $ 10,000 | $ |
| Commissions: | $ | $ |
| Dividends: | $ | $ |
| Net Rental Income: | $ | $ |
| Other: _Law Practice_ | $ 140,000 | $ |
| | $ | $ |
| TOTAL | $ 300,000 | $ |

Buyer self-employed? ☐ Yes ☑ No    Co-Buyer self-employed? ☐ Yes ☐ No
Are all buyers First Time MD Home Buyers?
*See Below for details
☐ Yes ☑ No
Do all Buyers intend to occupy this property?
☐ Yes ☑ No  Details: _____
# of Dependents _0_
Details: _____

### ASSETS:

Present Residence (if owned):  Mkt. Value $ _230,000_    Mtg. Balance(s) $ _____    Lender(s) _Chase_

| | | Bank | |
|---|---|---|---|
| Checking | $ 30,000 | Bank | _Capital One, BOA_ |
| | $ | Bank | |
| Savings | $ 10,000 | Bank | _Capital One_ |
| | $ | Bank | |
| Credit Union | $ | Bank | |

Stocks $ _1.2 million_    Bonds $ _____    Life Insurance-Cash $ _____    Face Value $ _____

Other Assets: (Specify) _____

©2005 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1337 - MC & DC    Page 1 of 2
(Previously Form #1504)

RE/MAX Allegiance 220 Seventh Street SE Washington, DC 20003
Phone: (202)255-5554    Fax:    Thomas Faison    draft do

LIABILITIES: (Outstanding obligations including auto, mortgage(s), credit card(s), personal loan(s) and/or cosigned loans and all other obligations.)

| Type | Creditor's Name | Unpaid Balance | Payoff Date | # of Payments Remaining | Monthly Payment |
|---|---|---|---|---|---|
| | | $ | | | $ |
| | | $ | | | $ |
| | | $ | | | $ |
| | | $ | | | $ |
| | TOTAL | $ | | | |

Additional Monthly Obligations:    Alimony $ _____    Child Support $ _____    Child Care $ _____

### USE REVERSE SIDE FOR DETAILS OR ADDITIONS

Has any buyer ever declared bankruptcy?    ☐ Yes  ☑ No    If yes, explain on reverse side.

Are there any outstanding judgments, lawsuits or tax liens current:    ☐ Yes  ☑ No    Amount $ _____
(If yes, use reverse side for details.)

Are you aware of any factors or conditions that could adversely affect any buyers ability to obtain a mortgage loan?    ☐ Yes  ☑ No
(If yes, use reverse side for details.)

Is any part of the down payment or settlement costs being obtained from a source other than from assets listed above?    ☐ Yes  ☑ No
(If yes, use reverse side for details.)

I (we) certify that I (we) are over the age of majority and that the above information is true and accurate to the best of my (our) knowledge and by my (our) signature(s) acknowledge receipt of this financial information sheet.

_____    Co-Buyer _____
Buyer

6/30/25 _____    Date _____
Date

First-time Maryland home buyer means an individual who has never owned in the State, residential real property that has been the individual's principal residence, which will be occupied by the buyer as the buyer's principal residence. The buyer can also be a co-maker or guarantor of a purchase money mortgage or deed of trust so long as the co-maker or guarantor will not occupy the residence.

©2005 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

11/05

GCAAR Form # 1337 - MC & DC
(Previously Form #1504)

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com    draft docs for

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8E7C-000D3A8A9962





# GCAAR Sales Contract
## TIME IS OF THE ESSENCE AS TO ALL TERMS OF THIS CONTRACT.

The SALES CONTRACT ("Contract") is made on _____ **June 26, 2025** _____ ("Date of Offer") between _____ **Larin Connor** _____ ("Buyer") and _____ **James & Nancy Neher Living Trust** _____ ("Seller") who, among other things, hereby confirm and acknowledge by their initials and signatures herein that by prior disclosure in this real estate transaction _____ **Keller Williams Capitol Properties** _____ ("Listing Company") represents Seller, and _____ **FES & J Realty** _____ ("Selling Company") represents [X] **Buyer** OR [ ] **Seller.** The Listing Company and Selling Company are collectively referred to as "Broker." (If Broker is acting as a dual representative for both Seller and Buyer, then the appropriate disclosure form is attached to and made a part of this Contract.) In consideration of the mutual promises and covenants set forth below, and other good and valuable consideration the receipt and sufficiency of which is acknowledged, the parties agree as follows:

1. **REAL PROPERTY:** Buyer will buy and Seller will sell for the sales price ("Sales Price"), Seller's entire interest in the real property (with all improvements, rights and appurtenances) described as follows ("Property"):

   Street Address _____ **2315 Green Street S.E.** _____
   Unit # _____ City _____ **Washington** _____ State _____ **D.C.** _____ Zip Code _____ **20020** _____
   Condominium/Cooperative Project Name _____
   Parking Space(s) # _____ Storage Unit(s) # _____
   Legal Description: Lot(s) _____ **80** _____ Block/Square _____ **5753** _____ Section _____
   Subdivision _____ **Anacostia** _____ Tax Account # _____

2. **JURISDICTIONAL ADDENDUM:** The following Jurisdictional Addendum, if ratified and attached, is made a part of this Contract. Jurisdictional Addendum for [X] **District of Columbia** [ ] **Montgomery County, MD**

3. **PRICE AND FINANCING:** (All percentages refer to percent of Sales Price.)

   **A.** **Down Payment**
   **B.** **Financing**

   | | | |
   |---|---|---|
   | 1. First Trust (if applicable) | 25.000 % |
   | 2. Second Trust (if applicable) | % |
   | 3. Seller Held Trust (if applicable, addendum attached) | 4 95,00 487,500.000 % |
   | **TOTAL FINANCING** | 495,000 487,500.000 % |
   | **SALES PRICE** | $650,000.00 669,000.00 660,000 |

   **C.** **First Deed of Trust** Purchaser will [ ] **Obtain** OR [ ] **Assume a** [ ] **Fixed** OR an [ ] **Adjustable** rate First Deed of Trust loan of the following type:

   [ ] **Conventional** See Addendum Attached
   [ ] **FHA** See Addendum Attached
   [ ] **VA** See Addendum Attached

   [ ] **This Contract is not contingent on Financing.**
   [X] **Other: Owner Financing**

   **D.** **Second Deed of Trust** Purchaser will [ ] **Obtain** OR [ ] **Assume a** [ ] **Fixed** OR an [ ] **Adjustable** rate Second Deed of Trust loan.

   **E.** **Assumption** Assumption fee, if any, and all charges related to the assumption will be paid by the Buyer. If Buyer assumes Seller's loan(s): (i) Buyer and Seller [ ] will OR [ ] will not obtain a release of Seller's liability to the financial institution or U.S. Government for the repayment of the loan by Settlement, (ii) Buyer and Seller [ ] will OR [ ] will not obtain substitution of Seller's VA entitlement by Settlement. Balances of any assumed loans, secondary financing and cash down payments are approximate.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1301 – GCAAR Sales Contract – 2/2025    1 of 7    Initial _____ _____ Buyer _____



dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F001-8F72-000D3A8A9962

4. **DEPOSIT:** Buyer's deposit ("Deposit") in the amount of ~~Two Thousand~~ **$10,000.00** shall be held by ~~FES & J Realty~~ **District Title** "Escrow Agent"). Buyer ☐ has delivered OR ☑ will deliver the Deposit within **Two (2)** days after Date of Ratification ("Deposit Deadline"). (If the Property is in Maryland and Broker is the Escrow Agent, the Deposit must be delivered to Escrow Agent within 3 days of the Date of Ratification.) Should Buyer fail to deliver Deposit to Escrow Agent by the Deposit Deadline, as provided herein, Buyer will be in Default and Seller may, at Seller's option, Deliver Notice to Buyer declaring this Contract Void. Upon Delivery to Buyer of Seller Notice to Void Contract, all respective rights and obligations of the Parties arising under this Contract will terminate. Following Deposit Deadline, but prior to Seller Delivery of Notice to Void, Buyer may cure Default by Delivering the Deposit to Escrow Agent, upon which all terms and conditions of this Contract will remain in full force and effect.

The Deposit will be placed in an escrow account of the Escrow Agent after Date of Ratification in conformance with the laws and regulations of the appropriate jurisdiction and/or, if VA financing applies, as required by Title 38 of the U.S. Code. This account may be interest bearing and all parties waive any claim to interest resulting from the Deposit. The Deposit will be held in escrow until: (i) credited toward the Sales Price at Settlement; (ii) all parties have agreed in writing as to its disposition; (iii) a court of competent jurisdiction orders disbursement and all appeal periods have expired; or, (iv) disposed of in any other manner authorized by the laws and regulations of the appropriate jurisdiction. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct.

5. **FUNDS DUE AT SETTLEMENT:** The balance of the funds due at Settlement from Buyer and/or Seller will be paid on or before the Settlement Date. Buyer and/or Seller shall verify with Settlement Agent how funds due at Settlement are to be paid. An assignment of funds shall not be used without prior written consent of all parties to the transaction.

**08/29/2025**

6. **SETTLEMENT:** Seller and Buyer will perform in accordance with the terms of this Contract ("Settlement") on ~~30 days after title search~~ ~~30 days after title search~~ ("Settlement Date") except as otherwise provided in this Contract. Buyer selects **TBD** *Subject to TOPA* **District Title LLC , Jeffrey Darrah Esq.** ("Settlement Agent") to conduct the Settlement. Buyer agrees to contact the Settlement Agent within 10 Days after the Date of Ratification to schedule Settlement and to place a title order.

7. **PROPERTY MAINTENANCE AND CONDITION:** Except as otherwise specified herein, Seller will deliver the Property at Settlement vacant, free and clear of trash and debris, broom clean and in substantially the same physical condition to be determined as of ☐ **Date of Offer** OR ☒ **Date of home inspection** OR ☐ **Other:** _____ . Failure to select an option in the preceding sentence shall be deemed an agreement to select the Date of Offer option. Seller will have all utilities in service through Settlement or as otherwise agreed. Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located. Buyer and Seller will not hold Broker liable for any breach of this paragraph.

Buyer acknowledges, subject to Seller acceptance, that this Contract may be contingent upon home inspection(s) and/or other inspections to ascertain the physical condition of the Property. If Buyer desires one or more inspection contingencies, such contingencies must be included in an addendum to this Contract.

☒ This Contract is contingent upon home inspection(s) and/or other inspections. (Addendum Attached)
    OR
☐ Buyer declines the opportunity to make Contract contingent upon home inspection(s) and/or other inspections.

Buyer acknowledges that except as otherwise specified in this Contract, the Property, including electrical, plumbing, existing appliances, heating, air conditioning, equipment and fixtures shall convey in its **AS-IS CONDITION** as of the date specified above. Buyer further acknowledges that neither Brokers and/or their agents nor subagents are responsible for Property defects.

8. **ACCESS TO PROPERTY:** Seller will provide Broker, Buyer, inspectors representing Buyer and representatives of lending institutions for Appraisal purposes reasonable access to the Property to comply with this Contract. In addition, Buyer and/or Buyer's representative will have the right to make a final inspection within 5 days prior to Settlement and/or occupancy, unless otherwise agreed to by Buyer and Seller.

9. **INCLUSIONS/EXCLUSIONS:** The Property includes the personal property and fixtures as defined and identified in the attached Inclusions/Exclusions Disclosure and Addendum.

10. **HOME WARRANTY:** ☐ Yes OR ☒ No
Home warranty policy paid for and provided at Settlement by: ☐ **Buyer** OR ☐ **Seller**
Cost not to exceed $ _____ . Warranty provider to be _____ .

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          2 of 7          Initia _____ / _____ Buyer  / _____

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authenticisign ID: 4D4269A5-4669-F001-857C-000D3A8A9962

11. **BUYER'S REPRESENTATIONS:** Buyer ☐ will OR ☒ will not occupy the Property as Buyer's principal residence. **Unless specified in a written contingency, neither this Contract nor the financing is dependent or contingent on the sale and settlement or lease of other real property.** The Selling Company ☐ is OR ☐ is not authorized to disclose to the Listing Company, Seller and any lender the appropriate financial or credit information statement provided to the Selling Company by Buyer. Buyer acknowledges that Seller is relying upon all of Buyer's representations, including without limitation, the accuracy of financial or credit information given to Seller, Broker or the Lender by Buyer.

12. **WOOD-DESTROYING INSECT INSPECTION:** Buyer at Buyer's expense may choose to obtain a wood-destroying insect ("WDI") inspection of the Property by a licensed pest control firm. If Buyer elects to do so, Buyer will furnish to Seller a written report from the licensed pest control firm showing that all dwelling(s) and/or garage(s) within the Property are free of visible evidence of any live WDI, and free from visible WDI damage. Any treatment for live WDI and/or repairs for WDI damage recommended in the licensed pest control firm's report will be made at Seller's expense. Said treatment shall be completed by a licensed pest control firm and said repairs shall be completed by a contractor licensed in the appropriate jurisdiction. Seller will provide written evidence of such treatment and/or repair prior to Settlement which shall satisfy the requirements of this Paragraph.

13. **LEAD-BASED PAINT REGULATIONS:** Federal law requires sellers of properties built before 1978 to provide buyers with the required federal disclosure regarding lead paint (GCAAR form "Lead Paint--Federal Disclosure") and the EPA pamphlet "Protect Your Family from Lead in Your Home". In addition, for District of Columbia properties built before 1978, sellers are required to provide buyers the District of Columbia Lead Disclosure (GCAAR form "Lead Paint-- DC Disclosure") and for Maryland properties built before 1978, sellers are required to provide buyers the Maryland Lead Disclosure (GCAAR form "Maryland Lead Poisoning Prevention Program Disclosure"). A seller who fails to provide the required local and federal lead-based paint forms, including the EPA pamphlet, may be liable under the law for three times the amount of damages and may be subject to both civil and criminal penalties. Seller and any agent involved in the transaction are required to retain a copy of the completed lead-based paint disclosure forms for a period of six (6) years following the date of Settlement. If the dwelling(s) was built prior to 1978 or if the building date is uncertain and the Property is not exempt from the Residential Federal Lead-Based Paint Hazard Reduction Act of 1992, this Contract is voidable by Buyer until Buyer acknowledges receipt of the required federal lead- based paint form, including the EPA pamphlet, and DC Lead Disclosure or Maryland Lead Disclosure if applicable, and has either taken the opportunity to incorporate a Lead-Based Paint Inspection contingency or waived such right. Until said acknowledgement occurs, Buyer retains the right to unconditionally, and without risk of loss of Deposit or other adverse effects, declare Contract void. Seller and Buyer acknowledge by their respective initials below that they have read and understand the provisions of this Paragraph.

Seller's Initials _____ / _____    Buyer's Initials _LC_ / _____
07/03/25     07/03/25
8:33 PM EDT  8:37 PM EDT
dotloop verified  dotloop verified

**Completed Lead-Based Paint forms are attached.**    ☒ Yes    ☐ No    ☐ N/A

In accordance with the Lead Renovation, Repair and Painting Rule ("RRP") as adopted by the Environmental Protection Agency ("the EPA"), effective April 22, 2010, if the improvements on the Property were built before 1978, contractor(s) engaged by Seller to renovate, repair or paint the Property must be certified by the EPA where such work will disturb more than six square feet of lead-based paint per room for interior projects, more than 20 square feet of lead-based paint for any exterior project, or includes window replacement or demolition ("Covered Work"). Before and during any Covered Work, contractor(s) must comply with all requirements of the RRP. A seller who personally performs any Covered Work on a rental property is required to be certified by the EPA prior to performing such Covered Work. No certification is required for a seller who personally performs Covered Work on a seller's principal residence. However, seller has the ultimate responsibility for the safety of seller's family or children while performing such Covered Work. For detailed information regarding the RRP, Seller should visit http://www2.epa.gov/lead/renovation-repair-and-painting-program. The Seller and Buyer acknowledge that they have read and understand the provisions of this section.

Seller's Initials _____ / _____    Buyer's Initials _LC_ / _____
8:33 PM EDT  8:37 PM EDT
07/03/25     07/03/25
dotloop verified  dotloop verified

14. **FINANCING APPLICATION:** If this Contract is contingent on financing, Buyer will make written application for the Specified Financing and any Lender required property insurance no later than 7 days after the Date of Ratification. Buyer grants permission for the Selling Company and the Lender to disclose to the Listing Company and Seller general information about the progress of the loan application and loan approval process. If Buyer fails to settle except due to any Default by Seller, then the provisions of the DEFAULT paragraph shall apply. Seller agrees to comply with reasonable Lender requirements except as otherwise provided in the LENDER REQUIRED REPAIRS paragraph of the applicable financing contingency addendum.

15. **DAMAGE OR LOSS:** The risk of damage or loss to the Property by fire, act of God, or other casualty remains with Seller until the execution and delivery of the Deed of conveyance to Buyer at Settlement.

16. **TITLE:** The title report and survey if required, will be ordered pursuant to the terms in the Settlement Paragraph. If such report and survey are not available on the Settlement Date, and were ordered as required, Settlement may be delayed for up to 10 Business Days to obtain the title report and survey after which date this Contract, at the option of Seller, may be declared void, and the Deposit will be refunded in full to Buyer. Fee simple title to the Property, and everything that conveys with it, will be sold free of liens, except for any

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025        3 of 7        Initial _____ / _____ Buyer _LC_ / _____
07/03/25  07/03/25
8:33 PM EDT  8:37 PM EDT

Produced with Lone Wolf Transactions (zipForm Edition) 717 N. Harwood

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

loans assumed by Buyer. Title is to be good of record, marketable, and insurable by a licensed title insurance company with no additional risk premium. Title will be subject to easements, covenants, conditions and restrictions of record in existence as of Date of Ratification ("Required Condition"). If, as determined by the Settlement Agent, title is not in the Required Condition by the Settlement Date, said date shall automatically be extended by 30 days ("Extended Settlement Date"), and Seller shall promptly take all action necessary to place title in the Required Condition prior thereto at Seller's expense. If title is not in the Required Condition by the Extended Settlement Date, then Buyer may Deliver Notice to Seller declaring this Contract void.

Broker or any agents, subagents or employees of Broker, and Settlement Agent are not advising the parties as to certain issues, including without limitation: land use; lot size and exact location; and possible restrictions of the use of the Property due to restrictive covenants, easements, zoning, subdivision, or environmental laws. Broker or any agents, subagents or employees of Broker, and Settlement Agent are hereby expressly released from all liability for damages by reason of any defect in the title.

The manner of taking title may have significant legal and tax consequences. Buyer is advised to seek the appropriate professional advice concerning the manner of taking title. Seller will convey the Property by Special Warranty Deed or by Personal Representative's Deed in the event Seller is a decedent's estate. Seller will sign such affidavits, lien waivers, tax certifications, and other documents as may be required by the Lender, title insurance company, Settlement Agent, or government authority, and authorizes the Settlement Agent to obtain payoff or assumption information from any existing lenders.

Unless otherwise agreed to in writing, Seller will pay any governmental special assessments and will comply with all orders or notices of violations of any county or local authority, condominium unit owners' association, and/or homeowners' association or actions in any court on account thereof, against or affecting the Property on the Settlement Date. The parties authorize and direct the Settlement Agent to provide a copy of the Combined Settlement Statement to Seller, Buyer, Listing Company, Selling Company, Homeowner/Condominium Association, Relocation Company and/or any third-party payees reflected on the Settlement Statement.

The parties acknowledge that, under certain circumstances, when a property is substantially renovated or modified or its usage is changed, a Certificate of Occupancy or a Final Inspection Certification may be required prior to use and occupancy of the property. Additional information on these requirements can be obtained at https://code.dccouncil.us/dc/council/code/sections/6-641.09.html for properties located in the District of Columbia and at https://codelibrary.amlegal.com/codes/montgomerycounty/latest/montgomeryco_md/0-0-0-3515#JD_8-28 for properties located in Montgomery County, MD. In the event a local authority requires the issuance of a Certificate of Occupancy or a Final Inspection Certificate, the Seller agrees to provide evidence thereof.

17. **POSSESSION DATE:** Unless otherwise agreed to in writing between Seller and Buyer, Seller will give possession of the Property at Settlement, including delivery of keys, fobs, and codes, if any. If Seller fails to do so and occupies the Property beyond Settlement, Seller will be a tenant at sufferance of Buyer and hereby expressly waives all notice to quit as provided by law. Buyer will have the right to proceed by any legal means available to obtain possession of the Property. Seller will pay any damages and costs incurred by Buyer including reasonable Legal Expenses.

18. **FEES:** Fees for the preparation of the Deed, that portion of the Settlement Agent's fee billed to Seller, costs of releasing existing encumbrances, Seller's legal fees and any other proper charges assessed to Seller will be paid by Seller. Fees for the title exam (except as otherwise provided), survey, recording (including those for any purchase money trusts) and that portion of the Settlement Agent's fee billed to Buyer, Buyer's legal fees and any other proper charges assessed to Buyer will be paid by Buyer. Fees to be charged will be reasonable and customary for the jurisdiction in which the Property is located. (Recording and Transfer Taxes are covered in the appropriate jurisdictional addendum.)

19. **BROKER'S FEE:** Seller and Buyer irrevocably instruct Settlement Agent to pay Broker compensation ("Broker's Fee") at Settlement as set forth in the parties' respective brokerage representation agreements and any other Broker compensation addenda made a part hereto.

20. **ADJUSTMENTS:** Proratable charges, including but not limited to, rents, taxes, water and sewer charges, front foot benefit and house connection charges, condominium/cooperative unit owners' association and/or homeowners' association regular periodic assessments, are to be adjusted to the Settlement Date. Any heating or cooking fuels remaining in supply tank(s) at Settlement will become the property of Buyer. Taxes are to be adjusted according to the information provided by the collector of taxes. If a loan is assumed, interest will be adjusted to the Settlement Date and Buyer will reimburse Seller for any existing escrow accounts.

21. **DISPUTES:** In the event of any dispute between Seller and Broker and/or Buyer and Broker resulting in Broker or any agents, subagents or employees of Broker being made a party to such dispute, including but not limited to, any litigation, arbitration, or complaint and claim before the applicable Real Estate Commission, whether as defendant, cross-defendant, third-party defendant or respondent, Seller and Buyer, jointly and severally, agree to indemnify and hold Broker and any agents, subagents and employees of Broker harmless from any liability, loss, cost, damage or expense (including but not limited to, filing fees, service of process fees, transcript fees and Legal Expenses), resulting therefrom, provided that such dispute does not result in a judgment or decision against Broker, Broker's agents, subagents or employees for acting improperly.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025      4 of 7      Initial ___ 07/03/25 ___ 07/03/25 Buyer _LC_ ___

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve

Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

22. **LEGAL EXPENSES:**

    A.    In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non-performance of the terms and conditions of this Contract, including but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable Legal Expenses from the other party as determined by the Court or arbitrator.

    B.    In the event a dispute arises resulting in Broker (as used in this paragraph to include any agent, subagent or employee of Broker) and/or Settlement Agent being made a party to any litigation by Buyer or by Seller, the parties agree that the party who brought Broker and/or Settlement Agent into litigation shall indemnify Broker and/or Settlement Agent for all reasonable Legal Expenses incurred, unless the litigation results in a judgment against Broker and/or Settlement Agent.

23. **PERFORMANCE:** Delivery of the required funds and executed documents to the Settlement Agent will constitute sufficient tender of performance. Funds from this transaction at Settlement may be used to pay off any existing liens and encumbrances, including interest, as required by lender(s) or lienholders.

24. **SELLER RESPONSIBILITY:** Seller agrees to keep existing mortgages free of default through Settlement. All violations of requirements noted or issued by any governmental authority, or actions in any court on account thereof, against or affecting the Property at Settlement, shall be complied with by Seller and the Property conveyed free thereof.

25. **DEFAULT: Buyer and Seller agree to perform at Settlement in accordance with the terms of this Contract and acknowledge that failure to do so constitutes a breach hereof.** If Buyer fails to complete Settlement for any reason other than Default by Seller, at the option of Seller, the Deposit may be forfeited as liquidated damages (not as a penalty) in which event Buyer will be relieved from further liability to Seller. If Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of Buyer's liability in the event of a Default. If the Deposit is forfeited, or if there is an award of damages by a court or a compromise agreement between Seller and Buyer, Broker may accept and Seller agrees to pay Broker one-half of the Deposit in lieu of the Broker's Fee, (provided Broker's share of any forfeited Deposit will not exceed the amount due under the listing agreement).

If Seller fails to perform or comply with any of the terms and conditions of this Contract or fails to complete Settlement for any reason other than Default by Buyer, Buyer will have the right to pursue all legal or equitable remedies, including specific performance and/or damages.

If either Seller or Buyer refuses to execute a release of Deposit ("Release") when requested to do so in writing and a court finds that such party should have executed the Release, the party who so refused to execute the Release will pay the expenses, including without limitation, reasonable Legal Expenses, incurred by the other party in the litigation. Seller and Buyer agree that Escrow Agent will have no liability to any party on account of disbursement of the Deposit or on account of failure to disburse the Deposit, except in the event of the Escrow Agent's gross negligence or willful misconduct. The parties further agree that the Escrow Agent will not be liable for the failure of any depository in which the Deposit is placed and that Seller and Buyer each will indemnify, defend and save harmless the Escrow Agent from any loss or expense arising out of the holding, disbursement or failure to disburse the Deposit, except in the case of the Escrow Agent's gross negligence or willful misconduct.

If either Buyer or Seller is in Default, then in addition to all other damages, the defaulting party will immediately pay the Broker's Fee in full, as well as the costs incurred for the title examination, Appraisal, and survey.

26. **DISCLOSURES TO THE PARTIES: Buyer and Seller should carefully read this Contract to be sure that the terms accurately express their respective understanding as to their intentions and agreements. By signing this Contract, Buyer and Seller acknowledge that they have not relied on any representations made by Brokers, or any agents, subagents or employees of Brokers, except those representations expressly set forth in this Contract. Further, Brokers or any agents, subagents or employees of Broker, and Settlement Agent do not assume any responsibility for the performance of this Contract by any or all parties hereto. Broker can counsel on real estate matters, but if legal advice is desired by either party, such party is advised to seek legal counsel. Buyer and Seller are further advised to seek appropriate professional advice concerning the condition of the Property or tax and insurance matters.** The following provisions disclose some matters which the parties may investigate further. These disclosures are not intended to create a contingency. Any contingency must be specified by adding appropriate terms to this Contract. The parties acknowledge the disclosures contained herein and that Broker or any agents, subagents or employees of Broker, and Settlement Agent make no representations nor assume any responsibility with respect to the following:

    A.    **PROPERTY CONDITION** Various inspection services and home warranty insurance programs are available. Broker is not advising the parties as to certain other issues, including without limitation: condition of real or personal property, water quality and quantity (including but not limited to, lead and other contaminants); sewer or On-Site Sewage Disposal System ("Septic"); public utilities; soil condition; flood hazard areas; airport or aircraft noise; roads or highways; and construction materials and/or hazardous materials, including without limitation, flame-retardant treated plywood (FRT), radon, urea formaldehyde foam insulation (UFFI), mold, polybutylene pipes, synthetic stucco (EIFS), underground storage tanks, defective Chinese drywall, asbestos and lead-based paint. Information relating to these issues may be available from appropriate government authorities.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-857C-000D3A8A9962

B. **LEGAL REQUIREMENTS** All contracts for the sale of real property must be in writing to be enforceable. Upon ratification and Delivery, this Contract becomes a legally binding agreement. Any changes to this Contract must be made in writing, agreed to by all parties to the Contract, and Delivered to all parties for such changes to be enforceable.

C. **FINANCING** Mortgage rates and associated charges vary with financial institutions and the marketplace. Buyer has the opportunity to select the lender and the right to negotiate terms and conditions of the financing subject to the terms of this Contract.

D. **BROKER** Buyer and Seller acknowledge that Broker is being retained solely as a real estate agent and not as an attorney, tax advisor, lender, appraiser, surveyor, structural engineer, mold or air quality expert, home inspector or other professional service provider. Broker may from time to time engage in the general insurance, title insurance, mortgage loan, real estate settlement, home warranty and other real estate-related businesses and services. Therefore, in addition to the Broker's Fee specified herein, Broker may receive compensation related to other services provided in the course of this transaction pursuant to the terms of a separate agreement/disclosure.

E. **PROPERTY TAXES** Buyer is advised that the property tax bill could substantially increase following Settlement. For more information on property taxes, contact the appropriate taxing authority in the jurisdiction where the Property is located.

F. **PROPERTY INSURANCE** Obtaining property insurance is typically a requirement of the lender in order to secure financing. Insurance rates and availability are determined in part by the number and nature of claims and inquiries made on a property's policy as well as the number and nature of claims made by a prospective buyer. Property insurance has become difficult to secure in some cases. Seller should consult an insurance professional regarding maintaining and/or terminating insurance coverage.

G. **TITLE INSURANCE** Buyer may, at Buyer's expense, purchase owner's title insurance. The coverage afforded by such title insurance would be governed by the terms and conditions thereof, and the premium for obtaining such title insurance coverage will be determined by the extent of its coverage. Buyer may purchase title insurance at either "standard" or "enhanced" coverage and rates. For purposes of owner's policy premium rate disclosure by Buyer's Lender(s), if any, and Settlement Agent, Buyer and Seller require that enhanced rates be quoted. Buyer understands that nothing herein obligates Buyer to obtain any owner's title insurance coverage at any time, including at Settlement, and that the availability of enhanced coverage is subject to underwriting criteria of the title insurer.

27. **ASSIGNABILITY:** This Contract may not be assigned without the written consent of Buyer and Seller. If Buyer and Seller agree in writing to an assignment of this Contract, the original parties to this Contract remain obligated hereunder until Settlement.

28. **FOREIGN INVESTMENT TAXES – FIRPTA:** Section 1445 of the United States Internal Revenue Code of 1986 provides that a buyer of a residential real property located in the United States must withhold federal income taxes from the payment of the purchase price if (a) the purchase price exceeds Three Hundred Thousand Dollars ($300,000.00) or the purchase price is less than or equal to Three Hundred Thousand Dollars ($300,000.00) and the property will not be owner occupied, and (b) seller is a foreign person for purposes of U.S. income taxation. A foreign person includes, but is not limited to, a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined by the Internal Revenue Code and applicable regulations). In the event Seller is a foreign person (as described above), the Seller will be subject to the withholding provisions of FIRPTA. If Seller is not a foreign person, Seller agrees to execute an affidavit to this effect at Settlement.

29. **DEFINITIONS:**

A. "Appraisal" means a written appraised valuation of the Property.

B. "Day(s)" or "day(s)" means calendar day(s) unless otherwise specified in this Contract.

C. "Business Days", whenever used, means Monday through Friday, excluding federal holidays.

D. For the purpose of computing time periods, the first Day will be the Day following Delivery and the time period will end at 6 p.m. on the Day specified, except as otherwise specified in HOA/Condo/Co-op addenda.

E. If the Settlement Date falls on a Saturday, Sunday, or legal holiday, then the Settlement will be on the prior Business Day.

F. "Date of Ratification" This Contract shall be deemed ratified when the Contract, all addenda and any modifications thereto have been signed and initialed, where required, by all parties, and Delivered to the other party pursuant to the Notices paragraph.

G. The masculine includes the feminine and the singular includes the plural. "Buyer" means "Purchaser" and vice versa.

H. "Legal Expenses" means attorney fees, court costs, and litigation expenses, if any, including but not limited to, expert witness fees and court reporter fees.

I. "Specified Financing" means the financing as set forth in the financing addendum attached hereto.

30. **NOTICES AND DELIVERY:** "Notice" means a unilateral communication from one party to another. All Notices required under this Contract will be in writing. Notices to Seller shall be effective when Delivered to Seller or Seller's Agent named in the Contract or that Agent's supervising manager. Notices to Buyer shall be effective when Delivered to Buyer or Buyer's Agent named in the Contract or that Agent's supervising manager.

Delivery of Condominium, Cooperative, and/or Homeowner's Association contractually required documents **MUST** be made solely to Buyer. Delivery of such documents solely to Buyer's Agent **DOES NOT** constitute Delivery from Seller to Buyer. Resale packages may be Delivered by Seller or Seller's Agent through an electronic link provided by the management association for the purposes of Delivery as may be required in a separate addendum.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          6 of 7          Initia...   Buyer

Produced with Lone Wolf Transactions (zipForm Edition)...

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-3E7C-000D3A8A8962

31. **MISCELLANEOUS:** This Contract may be signed in one or more counterparts, each of which is deemed to be an original, and all of which together constitute one and the same instrument. Documents obtained via fax or as a PDF attachment to an email will also be considered as originals. Typewritten or handwritten provisions included in this Contract will supersede all pre-printed provisions that are in conflict.

32. **VOID CONTRACT:** If this Contract becomes void and of no further force and effect, without Default by either party, both parties will immediately execute a Release directing that the Deposit be refunded in full to Buyer according to the terms of the DEPOSIT paragraph.

33. **ENTIRE AGREEMENT:** This Contract will be binding upon the parties and each of their respective heirs, executors, administrators, successors and permitted assigns. The provisions not satisfied at Settlement will survive the delivery of the Deed and will not be merged therein. This Contract, unless amended in writing, contains the final and entire agreement of the parties and the parties will not be bound by any terms, conditions, oral statements, warranties or representations not herein contained. The interpretation of this Contract will be governed by the laws of the jurisdiction where the Property is located.

| | |
|---|---|
| _James Neher_ <br> dotloop verified <br> 07/03/25 8:33 PM EDT <br> D20D-KKLH-GG5S-KYSI | — AuthentiSIGN <br> _Larin Connor_   07/02/25 |
| Seller _____ Date <br> James & Nancy Neher Living Trust | Buyer _____ Date <br> **Larin Connor** |
| _Nancy Neher_ <br> dotloop verified <br> 07/03/25 8:37 PM EDT <br> N7PL-Y348-EGFF-A3P2 | |
| Seller _____ Date | Buyer _____ Date |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**For informational purposes only:**

| Date of Ratification (see DEFINITIONS) |
|---|
| **07/07/2025** |

Seller's Address _____   Buyer's Address _____

Seller's Email Address _____   Buyer's Email Address _____

Seller's Telephone Number _____   Buyer's Telephone Number _____

Listing Company's Name and Address:   Selling Company's Name and Address:

**Keller Williams Capitol Properties** _____   **FES & J Realty** _____

**519 C Street N.E., Washington, DC  200002** _____   **2 Industrial Drive STE D-6, Waldorf, Md  20602** _____

Office # _____   Office # **(301)877-4976** _____

Agent Name **Abel Gebremichael** _____   Agent Name **Frank Smith/Jameela Charles** _____

Agent Cell # **(202)601-0160** _____   Agent Cell # **(301)237-8676** _____

Agent Email Address **franksmithre@gmail.com** _____   Agent Email Address **franksmithre@gmail.com** _____

Agent License # and Jurisdiction _____   Agent License # and Jurisdiction _____

Broker License # and Jurisdiction _____   Broker License # and Jurisdiction _____

Team Leader/Agent _____   Team Leader/Agent _____

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

CAAR Form # 1301 – GCAAR Sales Contract – 2/2025          7 of 7          Initial _JN_ 07/03/25 8:33 PM EDT  _NN_ 07/03/25 8:37 PM EDT  Buyer _LC_ _____

Produced with Lone Wolf Transactions (zipForm Edition)

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4669-F011-8F7C-000D3A8A9962

   

**GCAAR**
GREATER CAPITAL AREA ASSOCIATION OF REALTORS

## Addendum of Clauses—A
### *(For use with GCAAR Sales Contract and MR Residential Contract of Sale)*

The Contract of Sale dated _____ **June 26, 2025** _____ between **Larin Connor**

_____ (Buyer) and **James & Nancy Neher Living Trust** _____

_____ (Seller) for the purchase of the real property located at

Address _____ **2315 Green Street S.E.** _____ Unit # _____

City _____ **Washington** _____ State **D.C.** Zip Code _____ **20020** _____ is hereby amended by the incorporation

of this Addendum, which shall supersede any provisions to the contrary in the Contract.

**It is agreed that only the numbered paragraphs which are checked and initialed by all parties shall be made a part of said Contract.**

☐ **1. SELLER'S CREDIT(S) TO BUYER:** In addition to any other amount(s) the Seller has agreed to pay under other provisions of this Contract, Seller shall credit Buyer at the time of Settlement with the sum of $ _____ **OR** _____ % of Sales Price towards Buyer's settlement costs. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.

☒ **2. INSPECTION CONTINGENCY:** This Contract is contingent until 6 p.m. on the _____ **10** _____ Day after the Date of Ratification *("Deadline")* for inspections of the Property, not including radon, lead-based paint, private water supply systems ("Well") and on-site sewage disposal systems ("Septic") inspections *(which require separate contingencies)*, by Buyer, a home inspection firm and/or other representative(s) at Buyer's discretion and expense. Seller will have all utilities in service at the time of inspection(s).

**Select options(s) A, B, OR BOTH below. Failure to select either A or B below will result in BOTH being selected.**

☒ **A. RIGHT TO NEGOTIATE:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a copy of the report(s) from the inspection(s) of the Property together with a Home Inspection Notice (GCAAR Form "Home Inspection Contingency Notice and/or Addendum") listing home inspection conditions or items that Buyer requires Seller to repair, and/or stipulating a dollar credit, as allowed by Lender, to be paid at Settlement by Seller toward Buyer's charges to buy the Property. Upon such Delivery, **2.B**, if selected below, shall **NO LONGER** be an option.

If the Seller elects not to perform in accordance with the Home Inspection Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Home Inspection Notice.

Within 3 Days after Delivery of a Notice from one party, the other party may:
1) Deliver Notice accepting the terms contained in the other party's Notice; **OR**
2) Deliver Notice continuing negotiations by making another offer; **OR**
3) Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, **UNLESS** the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

**FAILURE OF EITHER PARTY TO RESPOND WITHIN 3 DAYS AFTER DELIVERY OF NOTICE FROM THE OTHER PARTY WILL RESULT IN <u>ACCEPTANCE</u> BY BOTH PARTIES OF THE TERMS OF THE MOST RECENT NOTICE.**

☐ **B. RIGHT TO CANCEL:** This right will terminate at the Deadline unless by the Deadline Buyer Delivers to Seller a Notice declaring this Contract void.

☐ **3. ADDITIONAL "AS-IS" PROVISIONS:**
**A.** The following terms in this Contract are hereby amended (check all that apply):
☐ All clauses pertaining to delivery of the Property free and clear of trash and debris and broom clean are deleted.
☐ All clauses pertaining to termites and wood-destroying insects are deleted.
☐ All clauses pertaining to Well and/or Septic systems are deleted.
☐ All requirements for Seller to comply with orders or notices of violations of any Condominium Unit Owners' Association, and/or Homeowners' Association related to the physical condition of the Property are deleted.
**B.** Except as otherwise specified herein, the provisions of the Property Maintenance and Condition Paragraph will remain in full force and effect.
**C.** Seller will have smoke detectors and carbon monoxide detectors installed and operational prior to Settlement in accordance with the requirements of the jurisdiction in which the Property is located.

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A                    1 of 3                                                10/2023

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774
Frank Smith
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com
Phone: 3014640044     Fax: 800-391-1975     **Buyer Agreement**

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9982

## 4. RADON INSPECTION CONTINGENCY:

A. This Contract is contingent until 6 p.m. on the _____ Day after the Date of Ratification ("Deadline") to allow Buyer, at Buyer's discretion and expense, to have the Property inspected for the presence of radon. Inspection to be done by a testing firm listed with the National Radon Safety Board ("NRSB") or the National Radon Proficiency Program (NRPP) using or U.S. Environmental Protection Agency ("EPA") approved testing method. Testing and retesting devices, if applicable, to be placed and retrieved by an NRSB or NRPP-listed technician or their authorized subcontractor. This contingency will terminate at the Deadline unless by the Deadline, Buyer Delivers to Seller a copy of the radon testing report which confirms the presence of radon that equals or exceeds the action level established by the EPA together with either 1 or 2:

1) Radon Testing Notice (GCAAR Form "Radon Testing Notice and/or Addendum/Release") requiring Seller at Seller's expense prior to Settlement to remediate the radon condition; or stipulating a dollar credit, as allowed by the Lender, to be paid at Settlement by Seller towards Buyer's charges to buy the Property. In the event that Seller agrees to remediate the radon condition, such work shall be performed by a NRSB or NRPP-listed remediation firm who will provide written verification that the required remediation has been performed, including test results demonstrating that the presence of radon is below the action level established by EPA.

If Seller elects not to perform in accordance with the Radon Testing Notice or makes another offer, Seller will Deliver Notice to Buyer of such decision within 3 Days after Delivery of the Radon Testing Notice.

Within 3 Days after Delivery of Notice from one party, the other party may:
- Deliver Notice accepting the terms contained in the other party's Notice; OR
- Deliver Notice continuing negotiations by making another offer; OR
- Deliver Notice that this Contract will become void at 6 p.m. on the 3rd Day following Delivery, unless the recipient Delivers to the other party Notice of the acceptance of the last Delivered offer prior to that date and time, in which case this Contract will remain in full force and effect. Seller may not exercise this option as the first response to Buyer.

Failure of either party to respond within 3 Days after Delivery of a Notice from the other party will result in acceptance by both parties of the terms of the most recent Notice.

2) Notice declaring this Contract void.

B. **FOR MONTGOMERY COUNTY CONTRACTS ONLY:** Buyer MUST deliver test results by Deadline or this Contingency terminates and Seller is then mandated to perform a radon test and provide results to Buyer on or before Settlement Date, unless Seller is exempt from Radon Test Disclosure.

## 5. HOLDING DEPOSIT CHECK: *NOT TO BE USED FOR A MARYLAND TRANSACTION WHEN A REAL ESTATE BROKER IS THE ESCROW AGENT.* Escrow Agent shall hold Deposit check until _____ Days after Ratification, at which time said check shall be deposited.

## 6. LICENSEE RELATIONSHIP DISCLOSURE: _____ is a licensed real estate agent associated with _____ (Company) and is (check all that apply) ☐ the Buyer, ☐ the Seller, ☐ related to one of the parties hereto in the following way: _____ and may share in the Broker's Fee.

## 7. ADDITIONAL PROVISIONS:

Owner financing with interest only payments for five (5) years after which balance is due.

Purchaser has the right to inspect payment history of present tenants.

Purchaser at purchaser expense will secure insurance and pay the property taxes.

District Title LLC will prepare the full set of seller-financing documents, including a Promissory Note and Deed of Trust, securing the seller's interest with a recorded lien on the property. The documents will outline the loan terms, including interest payments, amortization, late fees, default provisions, and acceleration clauses. The package will be structured to maximize the seller's legal protections in the event of non-payment or default by the buyer.

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

All other terms of the Contract remain in full force and effect.

PARTIES ACKNOWLEDGE THEY HAVE BEEN AFFORDED THE OPPORTUNITY TO REVIEW AND INCORPORATE THE ADDITIONAL PROVISIONS CONTAINED IN ADDENDUM OF CLAUSES-B AND HAVE AGREED TO INCORPORATE ONLY THOSE PROVISIONS ATTACHED HERETO.

| *James Neher* | dotloop verified<br>07/03/25 8:33 PM EDT<br>0BOP-ERGX-8I6D-5VJD | *Larin Connor* | 07/02/25 |
|---|---|---|---|
| Seller **James & Nancy Neher Living Trust** | Date | Buyer **Larin Connor** | Date |
| *Nancy Neher* | dotloop verified<br>07/03/25 8:37 PM EDT<br>3ERG-UOR2-58BN-BZ3V | | |
| Seller | Date | Buyer | Date |

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of The Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1332 - Addendum of Clauses — A               3 of 3

10/2023

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com

Buyer Agreement

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve

Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962





# Tenancy Addendum for District of Columbia (2 to 4 Rental Units)
*(Required for use with Form #1313 where any Tenancy exists)*

| | | | | | | |
|---|---|---|---|---|---|---|
| The Contract of Sale dated | **03/21/2025** | Address | **2315** | | | **Green St SE** |
| Unit # | , City | **Washington** | , State | **DC** | Zip | **20020** |
| Between Seller | | **James And Nancy Neher Living Trust** | | | | |
| and Buyer | | Larin Connor | | | | |

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this contract.

**1. BUYER ACKNOWLEDGEMENT:** Buyer acknowledges that there are a number of legal issues/requirements a Lessor in the District of Columbia should be aware of, including but not limited to: rental registration requirements, Lessor/Lessee rights and obligations, business license requirements, rent control, Tenant Opportunity to Purchase Act, and the eviction process. Buyer is advised to consult the appropriate District of Columbia and/or obtain legal counsel regarding such matters.

**2. TENANCY:** As provided in GCAAR Form #1313, District of Columbia Jurisdictional Disclosure and Addendum, the Property is/was at the time the Seller decided to sell subject to existing tenancy(ies) and/or lease(s) as follows:

| Lessee Name(s) | Unit# | Current Rent | Copy of Lease Attached | Tenancy Conveys |
|---|---|---|---|---|
| Michael Jackson | 1 | $1,210 | ☐ Yes ☑ No | ☑ Yes ☐ No |
| VACANT | 2 | - | ☐ Yes ☑ No | ☑ Yes ☐ No |
| Monique Peterson | 3 | $1,453 | ☐ Yes ☑ No | ☑ Yes ☐ No |
| Laniece Moore | 4 | $1,318 | ☐ Yes ☑ No | ☑ Yes ☐ No |

**A. Possession:** Buyer and Seller agree that Buyer's obligation to complete Settlement ☐ IS or ☑ IS NOT **(choose one)** contingent upon Seller delivering the Property vacant and free of tenancies at Settlement. Seller will give possession of Property at Settlement subject to existing tenancy(ies) and leases as indicated above.

**B. Adjustments:** Rents are to be adjusted to the Settlement Date. Security deposits and any accrued interest thereon are to be paid to Buyer at the time of Settlement.

**C. Seller Obligation:** Without the prior written consent of Buyer, Seller shall not modify the terms of or terminate any tenancy(ies) intended to convey. In addition, the Seller will not enter into any new leases or tenancies with respect to the Property. Seller shall keep Buyer and Brokers apprised of all tenancy-related correspondence and negotiations with Lessee(s), and any actions required to be taken by Seller shall be taken in accordance with District of Columbia law and regulations.

**3. TENANT OPPORTUNITY TO PURCHASE ("TOPA"):** TOPA provides certain lessees in the District of Columbia with an opportunity to purchase the rental accommodation and a right of first refusal pursuant to Title IV of D.C. Law 3-86, "RENTAL HOUSING CONVERSION AND SALE ACT OF 1980".

**A. Required Notice to all Lessees:** In compliance with DC Official Code §42-3404.03, Seller must send via certified mail, on the same day, to each Lessee individually and the Mayor in care of the District of Columbia Department of Housing and Community Development ("DHCD") certain required TOPA Notices on forms provided by DHCD. Seller **(choose one)**:

☐ **HAS** provided on _____ to Lessee(s) and DHCD a written **Offer of Sale and Tenant Opportunity to**
　　　　　　　　　　　Date
Purchase **Without A Third Party Sale Contract for Housing Accommodations with Two, Three or Four Rental Units** ("Form B"), a copy of which is attached hereto. Seller represents and agrees that within 5 Business Days after Date of Ratification of this Contract, Seller will send to Lessee(s) and DHCD, the 15-day **Right of First Refusal for a Two, Three or Four Rental Unit Housing Accommodation** ("Form C") together with a copy of this Contract. Seller will also post Form C with a copy of this Contract in a conspicuous place in the common area of the housing accommodation.

☑ **HAS NOT** provided Form B to Lessee(s) and DHCD. Seller represents and agrees that, within 5 Business Days after Date of Ratification of this Contract, Seller will send to Lessee(s) and DHCD a written **Offer of Sale and Tenant Opportunity to Purchase** **With A Third Party Sale Contract for Housing Accommodation with Two, Three or Four Rental Units**, which Notice also contains a 15-day right of first refusal ("Form A") together with a copy of this Contract. Seller will also post Form A with a copy of this Contract in a conspicuous place in the common area of the housing accommodation.

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve

Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9962

**4.    TOPA COMPLIANCE:** Seller agrees to contact Settlement Agent within 3 Business Days of Ratification to ensure Buyer's ability to procure an owner's title insurance policy without exception to TOPA and to determine that Seller is either in compliance with both TOPA Notice requirements and title insurance underwriting requirements pertaining to TOPA ("TOPA Compliance") or to establish the necessary actions to be in compliance with such requirements.

Accomplishing TOPA Compliance requires Delivery to the Settlement Agent of specific documentation satisfactory to the title insurance underwriter, including but not limited to, copies of required TOPA Notices and evidence of Delivery of required TOPA Notices as well as collectively completed and executed TOPA Affidavits and/or Assignments for consideration executed by all Lessees (as required by the title insurance underwriter), evidencing that Lessees have elected to not exercise rights to purchase and of first refusal.

**A.    Buyer's Right to Void:** In the event that Seller has not accomplished TOPA Compliance, within          days following the Date of Ratification ("Deadline"), Buyer may, at any time thereafter, but prior to Seller accomplishing TOPA Compliance, Deliver Notice that this Contract will become Void at 6:00 p.m. on the 3rd Day following Delivery of Buyer's Notice, unless prior to that date and time, Seller has accomplished TOPA Compliance, in which case, this Contract will remain in full force and effect.

**B.    Settlement:** Buyer and Seller acknowledge that Seller must accomplish TOPA Compliance prior to the Settlement Date. If Settlement does not occur on the Settlement Date due to Seller not having accomplished TOPA Compliance, and Seller is not in Default, then the Settlement Date shall automatically be extended to the date which is the third Business Day following the date Seller accomplishes TOPA Compliance unless otherwise agreed by Buyer and Seller.

**C.    General Provisions:** Seller shall keep Buyer and Brokers apprised of all correspondence, contracts, and other developments with respect to any TOPA-related negotiations with Lessee(s). All actions required hereunder to be taken by Seller shall be taken in accordance with District of Columbia law and regulations.

| | | | |
|---|---|---|---|
| *James Neher* | dotloop verified<br>03/21/25 2:36 PM EDT<br>1KER-UWNV-BNGZ-9KJL | Larin Connor   *Larin Connor* | 07/04/25 |
| Seller | Date | Buyer | Date |
| *Nancy Neher* | dotloop verified<br>03/21/25 2:53 PM EDT<br>8HXG-ECNG-ATTR-HJUU | | |
| Seller | Date | Buyer | Date |

©2025 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1381 - Tenancy Addendum 2-4 Units          Page 2 of 2          2/2025

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D3A8A9982

  

# Jurisdictional Disclosure and Addendum to the Sales Contract for District of Columbia
### (Required for the Listing Agreement and required for the GCAAR Sales Contract)

The Contract of Sale dated __06/26/2025__ , between **Larin Connor** _____
_____(Buyer) and_____ **James & Nancy Neher Living Trust** _____ (Seller)
for the purchase of the real property located at Address _____ **2315 Green Street S.E.** _____
Unit #_____City_____ **Washington** _____State_ **D.C.** Zip Code__ **20020** ___, Parking Space(s) # _____
Storage Unit #_____with the legal description of Lot____ **80** _____Block/Square_____ **5753** _____
Section_____Subdivision/Project Name_____ **Anacostia** _____Tax Account # _____
is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this Contract.

## PART I. SELLER DISCLOSURE - AT TIME OF LISTING:
The information contained in this Disclosure was completed by Seller, is based on the Seller's actual knowledge and belief, and is current as of the date hereof.

1. **SELLER DISCLOSURE:** Pursuant to D.C. Code §42-1301, Seller is exempt from property condition disclosure.
☐ Yes ☒ No

2. **HERITAGE TREES:** Pursuant to DC Code § 8-651.02(3A), a heritage tree is a tree with a circumference of 100 inches or more. Pursuant to D.C. Code § 8-651.04a there are restrictions, penalties and/or fines that may be levied for removal of Heritage Trees. Seller discloses there ☐ **IS, OR** ☐ **IS NOT**, a Heritage Tree, or trees, on the property.

3. **TENANCY:** Seller represents that property ☑ **is/was OR** ☐ **is not/was not** subject to an existing residential lease or tenancy at the time Seller decided to sell. District of Columbia broadly defines a tenant as "a tenant, subtenant, lessee, sublessee, or other person entitled to the possession, occupancy, or the benefits of any rental unit within a housing accommodation." If applicable, the following required Addendum shall be incorporated into the Contract.
   ☐ Tenancy Addendum for District of Columbia (Single-Family Accommodation)
   ☒ Tenancy Addendum for District of Columbia (2 to 4 Rental Units)
   ☐ Multi-Unit or Non-Residential Addendum

4. **CONDOMINIUM/CO-OPERATIVE/HOMEOWNERS ASSOCIATION:** Seller represents that this Property ☐ **is** OR ☑ **is not** subject to a condominium, co-operative or homeowners association. If applicable, the following required addendum is attached:
   ☐ Condominium Seller Disclosure/Resale Addendum for District of Columbia,
   ☐ Co-operative Seller Disclosure/Resale Addendum for Maryland and District of Columbia, or
   ☐ HOA Seller Disclosure/Resale Addendum for District of Columbia

5. **UNDERGROUND STORAGE TANK DISCLOSURE: (Applicable to single family home sales only)**
In accordance with the requirements of the District of Columbia Underground Storage Tank Management Act of 1990 [D.C. Code §8-113.02(g)], as amended by the District of Columbia Underground Storage Tank Management Act of 1990 Amendment Act of 1992 (the "Act") and the regulations adopted thereunder by the District of Columbia (the "Regulations"), Seller hereby informs Buyer that Seller has no knowledge of the existence or removal during Seller's ownership of the Property of any underground storage tanks as that term is defined in the Act and the Regulations, except as follows: _____
_____
_____.

6. **PROPERTY TAXES:** Future property taxes may change. To determine the applicable rate, see_ https://www.taxpayerservicecenter.com/RP_Search.jsp?search_type=Assessment. Additional information regarding property tax relief and tax credit information (tax reductions for seniors, homestead exemptions, property tax abatements and others) can be found at: http://otr.cfo.dc.gov/page/real-property-tax-credits-frequently-asked-questions-faqs.

Seller _James Neher_    (dotloop verified 07/03/25 8:33 PM EDT 4GOT-ZNYU-NR67-WHBO)    Date _____    Seller _Nancy Neher_    (dotloop verified 07/03/25 8:37 PM EDT XDBW-CYQN-JSRG-C7MV)

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1313 - DC Jurisdictional Addendum    Page 1 of 2    7/2023

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774
Frank Smith    Phone: 3014640044    Fax: 800-391-1975    Buyer Agreement
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

## PART II. RESALE ADDENDUM

The Contract of Sale dated __06/26/2025__ between Seller __James & Nancy Neher Living Trust__
and Buyer__ Larin Connor _____ is hereby amended by the incorporation of
Parts I and II herein, which shall supersede any provisions to the contrary in the Contract.

1. **SELLER DISCLOSURE:** Pursuant to D.C. Code §42-1302, prior to the submission of the offer, Buyer is entitled to a Seller's Disclosure Statement (if Seller is not exempt) and hereby acknowledges receipt of same.    ☐ **Yes**   ☐ **No**
        ☐ **Not applicable**

2. **RECORDATION AND TRANSFER TAXES:** Rates vary with the sales price and based on property type. See http://otr.cfo.dc.gov/service/recorder-deeds-frequently-asked-questions-faqs. In limited circumstances, an exemption from Recordation Tax may be available to Buyer, if Buyer meets the requirements for the Lower Income Home Ownership Exemption Program ("Tax Abatement Program"). See below for additional information.
Unless otherwise negotiated, the following will apply:

    A. **Real Property:** Recordation Tax will be paid by Buyer and Transfer Tax will be paid by Seller.
    B. **Co-operatives:** The Economic Interest Deed Recordation Tax will be split equally between Buyer and Seller. There is no Transfer Tax for Co-operatives.
    C. **Tax Abatement Program:** Additional information (including the required Application Form) for the Tax Abatement Program can be obtained at: http://otr.cfo.dc.gov/sites/default/files/dc/sites/otr/publication/ attachments/sharp%40dc.gov_20140909_110358.pdf. If Buyer meets the requirements of this program, Buyer will be exempt from Recordation Tax. Additionally, Seller shall credit Buyer an amount equal to what would normally be paid to the District of Columbia as Seller's Transfer Tax to be applied towards Buyer's settlement costs. This credit shall be in addition to any other amount(s) Seller has agreed to pay under the provisions of this Contract. It is Buyer's responsibility to confirm with Lender, if applicable, that the entire credit provided for herein may be utilized. If Lender prohibits Seller from payment of any portion of this credit, then said credit shall be reduced to the amount allowed by Lender.
    Buyer ☐ is OR ☒ is not applying for the Tax Abatement Program.
    D. **First-Time Homebuyer Recordation Tax Credit:** Buyer ☐ is OR ☒ **is not** a District of Columbia First- Time Homebuyer and may be eligible for a reduced recordation tax. It is the Buyer's responsibility to confirm their eligibility (See https://otr.cfo.dc.gov/node/1272871).

3. The principals to the Contract mutually agree that the provisions hereof shall survive the execution and delivery of the Deed and shall not be merged herein.

| _James Neher_ | dotloop verified 07/03/25 8:33 PM EDT KUSB-TL9C-5BJH-2IVI | Authentisign _Larin Connor_ | 07/02/25 |
|---|---|---|---|
| Seller *(sign only after Buyer)* | Date | Buyer Larin Connor | Date |
| _Nancy Neher_ | dotloop verified 07/03/25 8:37 PM EDT DKRW-ZUEN-GSGM-EEIV | | |
| Seller *(sign only after Buyer)* | Date | Buyer | Date |

©2023 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D426A5-4659-F011-8E7C-000D3A8A9962





## Multi-Unit or Non-Residential Addendum

*(To be used for two or more-unit properties in Montgomery County, Maryland or the District of Columbia)*

The Contract of Sale dated **June 26, 2025** Address **2315 Green Street S.E.**

Unit #_____, City **Washington**, State **D.C.** Zip **20020**

Between Seller **James & Nancy Neher Living Trust**

and Buyer **Larin Connor**

is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in this contract.

1. **TENANCY:** Buyer and Seller rights and obligations with respect to any existing tenancy(ies) and/or lease(s); possession conveyed at Settlement; rent and security deposit adjustments and transfers; and/or the rights of any Lessee(s) or government entity to purchase the Property, as provided by applicable law, shall be addressed in the appropriate GCAAR Tenancy Addendum.

2. **FEASIBILITY STUDIES:** It is agreed that the following paragraphs which are initialed by all parties shall be made a part of said Contract.

A. **PHYSICAL INSPECTION:** This Contract is contingent until 6:00 p.m. on the __25__ Day after the Date of Ratification ("Physical Inspection Deadline") for a physical inspection study to determine the feasibility of the property for Buyer's purposes by Buyer and/or any Buyer representative(s) at Buyer's discretion, expense, and ability. Buyer and/or any Buyer representative(s) shall have a license to enter the Property, subject to terms and conditions of any lease(s). At any time prior to the Physical Inspection Deadline, Buyer may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Physical Inspection Deadline, this contingency will terminate, and this Contract will remain in full force and effect.

B. **LEASES AND RENTS:** Seller shall provide Buyer with copies of all existing Lessee leases, schedule of rents, and schedule of security deposits ("Leases and Rents") within 5 Business Days of the Date of Ratification ("Leases and Rents Deadline"). In the event Seller does not provide Leases and Rents by the Leases and Rents Deadline, Buyer Deliver Notice to Seller declaring this Contract Void. This Contract is contingent until 6:00 p.m. on the __10__ after receipt of Leases and Rents for Buyer's review ("Leases and Rents Contingency Deadline"). At any time prior to the Leases and Rents Contingency Deadline, Buyer in Buyer's sole discretion, may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Leases and Rents Contingency Deadline, this contingency will terminate, and this Contract will remain in full force and effect.

C. **SERVICE CONTRACTS AND LEASED ITEMS:** Seller shall provide Buyer with copies of all existing operational leases and service contracts, including but not limited to management, trash, snow removal, laundry services, grounds maintenance, pest control, heating fuel, equipment, service, and maintenance contracts ("Service Contracts") within 5 Business Days of the Date of Ratification ("Service Contracts Deadline"). In the event Seller not provide Service Contracts by the Service Contracts Deadline, Buyer may Deliver Notice to Seller declaring this Contract Void. This Contract is contingent until 6:00 p.m. on the __10__ Day after receipt of Service Contracts for Buyer's review ("Service Contracts Contingency Deadline"). At any time prior to the Service Contracts Contingency Deadline, Buyer in Buyer's sole discretion, may Deliver Notice to Seller declaring this Contract Void. In the event Buyer does not declare this Contract Void by the Service Contracts Contingency Deadline, this contingency will terminate, and this Contract will remain in full force and effect. Seller shall assign to Buyer at Settlement all existing Service Contracts.

| *James Neher* | dotloop verified 07/03/25 8:33 PM EDT TDPV-NETD-NRMI-PBXM | *Larin Connor* | 07/02/25 |
|---|---|---|---|
| Seller | Date | Buyer | Date |
| James & Nancy Neher Living Trust | | Larin Connor | |
| *Nancy Neher* | dotloop verified 07/03/25 8:37 PM EDT DCZP-RXL8-QDJL-XN84 | | |
| Seller | Date | Buyer | Date |

©2024 The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form # 1350 – MC & DC – Multi Unit Sales Addendum     Page 1 of 1     7/2024

dotloop signature verification: dtlp.us/uf2G-BYAY-s2ve
Authentisign ID: 4D4264A5-4659-F011-8F7C-000D9A8A0962





# Addendum for Seller to Pay Buyer Broker Compensation
### (For use in Montgomery County, MD and Washington, DC)

The Contract of Sale dated __06/26/2025__ between __Larin Connor__ ("Buyer") and __James & Nancy Neher Living Trust__ (Seller) for the purchase of the real property located at Address __2315 Green Street S.E.__ Unit # _____ City __Washington__ State __D.C.__ Zip Code __20020__ , is hereby amended by the incorporation of this Addendum, which shall supersede any provisions to the contrary in the Contract.

Seller agrees to pay Buyer Broker a broker's compensation ("Buyer Broker Compensation") equal to:

[X] __3.000__ % of the sales price; **OR**

[ ] $ _____ ; **OR**

[ ] _____ % of the sales price **AND** $ _____ .

Payment of Buyer Broker Compensation is due at Settlement. Seller instructs the Settlement Agent to pay the Buyer Broker Compensation as set forth in the listing agreement and/or to disburse any additional Buyer Broker Compensation as stipulated by this Addendum to the Contract to the Buyer Broker at Settlement.

| | |
|---|---|
| *James Neher* | dotloop verified 07/03/25 8:33 PM EDT 4NJB-FYZL-DURT-ELSS |
| **Seller James & Nancy Neher Living Trust** Date | |
| *Nancy Neher* | dotloop verified 07/03/25 8:37 PM EDT KXU6-0JST-ALVA-HHSI |
| Seller                                    Date | |

AuthentiSIGN
*Larin Connor*    07/02/25
Buyer **Larin Connor**                Date

Buyer                                   Date

© 2024, The Greater Capital Area Association of REALTORS®, Inc.
This Recommended Form is the property of the Greater Capital Area Association of REALTORS®, Inc. and is for use by members only.
Previous editions of this Form should be destroyed.

GCAAR Form #1302 - Addendum for Seller to Pay Buyer Broker Compensation          Page 1 of 1          7/2024

Frank E Smith, 1300 Mercantile Lane, Ste 129-61 Largo MD 20774
Frank Smith          Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com   Phone: 3014640044   Fax: 800-391-1975   **Buyer Agreement**

eFiled
5/1/2026 12:16:33 PM
Superior Court
of the District of Columbia

# AFFIDAVIT OF SERVICE

**District of Columbia**                    **Civil Division**                    **Superior Court**

Case Number: 2026-CAB-002111   Court Date: 7/24/2026  9:30 am

Plaintiff:
**Larin Connor**

vs.

Defendant:
**James & Nancy Neher Living Trust**

Received by Kaundre Judicial Services to be served on **James & Nancy Neher Living Trust, 1806 Merrifields Drive, Silver Spring, MD 20906**.

I, Bethany Ephrem, being duly sworn, depose and say that on the **10th day of April, 2026** at **8:48 pm, I:**

am age 18 or older, residing or working at  16701 Melford Boulevard, Suite 400, Bowie, MD 20715, am not a party and have no interest in this case. On  **4/10/2026** at **8:48 pm.**

**1)**  I  served a copy of the **Summons, Complaint, Initial Hearing Order, Case Information Sheet, and Supporting Exhibits** and any attachments as follows on defendant **James & Nancy Neher Living Trust**.

By leaving a copy with James Neher at **1806 Merrifields Drive, Silver Spring, MD 20906.** He/she stated that they are authorized to accept service on behalf of the above defendant by statute or law and his/her official capacity is **Authorized Person**

**2)** You must set forth specific facts from which the Court can determine that process was served as indicated above and in compliance with SCR SC 4, including a physical description (approximate age, height, weight) of any person on whom service was made:

**James Neher** stated that he/she is authorized to accept service as the:  **Authorized Person**

**Description** of Person Served: Age: 60, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 180, Hair: White, Glasses: N

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

**Bethany Ephrem**

**Kaundre Judicial Services**
service@kaundre.com
**16701 Melford Boulevard, Suite 400**
**Bowie, MD 20715-4411**
**(301) 265-1234**

Our Job Serial Number: KJS-2026001041
Ref: Connor

Subscribed and Sworn to before me on
____April 14,____ 2026 by the affiant who is present before me.

NOTARY PUBLIC

BRUCE A. HOWARD
Notary Public-Maryland
Prince George's County
My Commission Expires
October 28, 2027

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

eFiled
5/1/2026 12:16:33 PM
Superior Court
of the District of Columbia

# AFFIDAVIT OF SERVICE

**District of Columbia**                    **Civil Division**                    **Superior Court**

Case Number: 2026-CAB-002111   Court Date: 6/24/2026  9:30 am

Plaintiff:
**Larin Connor**

vs.

Defendant:
**Nancy Neher**

Received by Kaundre Judicial Services to be served on **Nancy Neher, 1806 Merrifields Drive, Silver Spring, MD 20906**.

I, Bethany Ephrem, being duly sworn, depose and say that on the **10th day of April, 2026** at **8:48 pm, I:**

am age 18 or older, residing or working at 16701 Melford Boulevard, Ste 400, Bowie, MD 20715, am not a party and have no interest in this case. On **4/10/2026** at **8:48 pm.**

**1)** I served a copy of the **Summons, Complaints, Initial Hearing Order, Case Information Sheet, and Supporting Exhibits** and any attachments as follows on defendant **Nancy Neher**.

By leaving a copy with **James Neher** who is the **Husband,** a person of suitable age and discretion, who stated that he/she resides with the defendant at **1806 Merrifields Drive, Silver Spring, MD 20906.**

**2)** You must set forth specific facts from which the Court can determine that process was served as indicated above and in compliance with SCR SC 4, including a physical description (approximate age, height, weight) of any person on whom service was made:

**James Neher** stated that they both reside within. Relationship: **Husband**

**Description** of Person Served: Age: 60, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 180, Hair: White, Glasses: N

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

_____
**Bethany Ephrem**

Subscribed and Sworn to before me on
____April 14,____ 2026 by the affiant who is
present before me.

_____
NOTARY PUBLIC

BRUCE A. HOWARD
Notary Public-Maryland
Prince George's County
My Commission Expires
October 28, 2027

**Kaundre Judicial Services**
service@kaundre.com
**16701 Melford Boulevard, Suite 400**
**Bowie, MD 20715-4411**
**(301) 265-1234**

Our Job Serial Number: KJS-2026001040
Ref: Connor

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V



eFiled
5/1/2026 12:16:33 PM
Superior Court
of the District of Columbia

# AFFIDAVIT OF SERVICE

**District of Columbia**                    **Civil Division**                    **Superior Court**

Case Number: 2026-CAB-002111   Court Date: 7/24/2026  9:30 am

Plaintiff:
**Larin Connor**

vs.

Defendant:
**James Neher**

Received by Kaundre Judicial Services to be served on **James Neher, 1806 Merrifields Drive, Silver Spring, MD 20906**.

I, Bethany Ephrem, being duly sworn, depose and say that on the **10th day of April, 2026** at **8:48 pm, I:** am age 18 or older, residing or working at 16701 Melford Boulevard Suite 400, Bowie Maryland 20715, am not a party and have no interest in this case. On **4/10/2026** at **8:48 pm.**

**1)** I served a copy of the **Summons, Complaints, Initial Hearing Order, Case Information Sheet, and Supporting Exhibits** and any attachments as follows on defendant **James Neher**.

Personally at **1806 Merrifields Drive, Silver Spring, MD 20906**

**2)** You must set forth specific facts from which the Court can determine that process was served as indicated above and in compliance with SCR SC 4, including a physical description (approximate age, height, weight) of any person on whom service was made:

**Description** of Person Served: Age: 60, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 180, Hair: White, Glasses: N

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief and do further affirm I am a competent person over 18 years of age and not party to the case.

_____
**Bethany Ephrem**

Subscribed and Sworn to before me on
__April 14,__ 2026 by the affiant who is present before me.

_____
NOTARY PUBLIC

**BRUCE A. HOWARD**
Notary Public-Maryland
Prince George's County
My Commission Expires
October 28, 2027

**Kaundre Judicial Services**
service@kaundre.com
**16701 Melford Boulevard, Suite 400**
**Bowie, MD 20715-4411**
**(301) 265-1234**

Our Job Serial Number: KJS-2026001039
Ref: Connor

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V

